UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| APEX GROUP CAPITAL ADVISORS LLC F/K/A SANDSPOINT CAPITAL ADVISORS LLC,<br><br>               Plaintiff,<br><br>    v.<br><br>RELATED FUND MANAGEMENT, LLC; JAMES KRAUS; LUCAS BELINKIE; PRESTON CALLEN; WILLIAM C. CHANEY; and RYAN HOPE,<br><br>               Defendants. | Case No.  25-CV-08892 (VEC) |

## JOINT MONTHLY DISCOVERY REPORT

Pursuant to the Civil Case Management Plan and Scheduling Order ("Case Management Order") [Dkt. 112], Plaintiff Apex Group Capital Advisors LLC ("Apex Capital") and Defendants Related Fund Management, LLC ("RFM"), James Kraus (together with RFM, the "Related Defendants"), Lucas Belinkie, Preston Callen, William C. Chaney, and Ryan Hope (the "Employee Defendants", and with the Related Defendants the "Defendants," and together with Apex, the "Parties") submit the following Joint Monthly Discovery Report:

    **A.**    **Actions Completed in the Last Month by the Parties**

Since the prior Joint Monthly Discovery Report, filed February 16, 2026, the Parties have undertaken the following actions:

        1.    On March 2, 2026, Plaintiff responded to the Related Defendants' First Set of Requests for Production of Documents and First Set of Interrogatories.

2. On March 9, 2026, Plaintiff responded to the First Set of Interrogatories and First Set of Document Requests served by Belinkie, Callen, Chaney, and Hope.

3. Also on March 9, 2026, Defendants responded to the First Set of Requests for Production served by the Plaintiff.

4. On March 10, 2026, the Related Defendants sent a deficiency letter to Plaintiff outlining points of disagreement with Plaintiff's Responses and Objections to the Related Defendants' First Set of Requests for Production.

5. On March 13, 2026, the Employee Defendants sent a deficiency letter arguing that Plaintiff failed to identify trade secrets with reasonable particularity in Interrogatory Responses, and raising other deficiencies with their Responses and Objections to the Employee Defendants' First Set of Interrogatories and Requests for Production.

6. The Parties have continued to meet, confer, and exchange drafts of an agreed Protective Order and an ESI Protocol.

**B.  Actions to be Completed in the Next Month by the Parties**

Consistent with the Case Management Order and the discovery schedule outlined in the Parties' Joint Monthly Discovery Report filed on February 16, 2026, the Parties anticipate serving responsive documents on a rolling basis over the next month.

**C.  Disputes between the Parties**

On March 10, 2026, the Related Defendants sent a deficiency letter to Plaintiff regarding Plaintiff's discovery responses, and Plaintiff anticipates responding to that letter by March 17, 2026. The issues outlined in the Related Defendants' letter include:

1. The Related Defendants' request that Apex search all communications, including those via text and messaging applications, which it failed to confirm in its Responses and Objections or Initial Disclosures;

2. The Related Defendants' request for documents concerning complaints from clients other than RFM in light of Apex Capital's stated intention to seek enterprise value damages;

3. The Related Defendants' request for documents concerning the action Apex filed in January 2025 against the Former Employees and IQ-EQ, which

        alleged essentially the same conspiracy alleged in this case, but with IQ-EQ in place of the Related Defendants;

4.     The Related Defendants' request for documents sufficient to show the organizational structure and leadership of Apex given documents showing Apex employees servicing RFM from email addresses bearing a variety email domains.

Apex Capital is not required to reply to Related Defendants' letter until March 17, 2026; however, Apex Capital does not believe there will be any remaining dispute for the Court to resolve for the following reasons:

1.     Apex Capital will comply with the ESI Protocol and has already disclosed document sources in its Initial Disclosures;

2.     To the extent that the Related Defendants can explain the relevancy of complaints from Apex Capital clients other than RFM and can work with Apex Capital to comply with any such client's relevant confidentiality requirements, Apex Capital will consider disclosing any relevant information consistent with the Federal Rules of Civil Procedure;

3.     To the extent that the Related Defendants can explain the relevancy of information sought concerning a different lawsuit filed against different parties by a different law firm, and to the extent that the Related Defendants can narrow the scope of the document requests to information that is relevant, Apex Capital will consider disclosing any relevant, non-privileged documents in its possession, custody, or control;

4.     To the extent that Apex Capital has documents sufficient to show to its own organizational structure, Apex Capital is not opposed to disclosing such documents.

The Related Defendants and Apex continue to negotiate and hope to resolve these issues without the Court's intervention.

    On March 13, the Employee Defendants sent a letter to Plaintiffs regarding their failure to identify trade secrets with "reasonable particularity" as required before the commencement of discovery and regarding other deficiencies in Plaintiffs response and objections to the Employee

3

Defendants Interrogatories. The Employee Defendants requested a response from Plaintiff by March 20, 2026. The issues outlined in the Employee Defendants' letter include:

1. Apex's response to interrogatories seeking the identification of the trade secrets it alleges were misappropriated consists solely of objections that the interrogatory is a "contention interrogatory" and "fails to comport with Local Rule 33.3," and provides no substantive answer or identification of any trade secrets. Additionally, Apex has not provided the Employee Defendants with a trade secret disclosure that sets forth the trade secrets it contends were misappropriated;

2. Apex's response to interrogatories seeking identification of the Apex employees that the Employee Defendants allegedly solicited or attempted to solicit contains only objections and does not identify any current or former Apex employees;

3. The document sources from which productions will be made;

4. Confirmation of whether Apex Capital will produce organizational charts, documents concerning materials returned by the Employee Defendants pursuant to the TRO, documents concerning Apex Capital's efforts to fill the Employee Defendants' positions, and documents showing the location from which Apex contends its documents were downloaded or accessed; and

5. Apex Capital's assertion that no documents exist supporting the allegations in paragraph 105 of the Amended Complaint that Mr. Callen accessed an external USB device and used a non-Apex-issued computer while downloading Apex documents, which Apex cited in its Opposition Brief as an allegation that *Mr. Hope* used an external USB device and used a non-Apex issued computer while downloading documents.

Apex Capital is not required to reply to the Employee Defendants' letter until March 20, 2026; however, Apex Capital is hopeful that any dispute can be resolved for the following reasons:

1. As Apex Capital explained in its responses to the Employee Defendants' discovery requests, Apex Capital will comply with the Local Rules of the Southern District of New York, and the Employee Defendants' requests were improper under Local Rule 33.3. However, Apex Capital will supplement its responses as required by the Local Rules by identifying the trade secrets with reasonable particularity.

2. Apex Capital has already agreed to produce information related to the Employee Defendants' solicitation of other Apex Capital employees in response to Employee Defendants' Request for Production No. 26.

3. Apex Capital will comply with the ESI Protocol and has already disclosed document sources in its Initial Disclosures.

4. Apex Capital has already agreed to produce relevant documents on all of the Employee Defendants' cited topics in issue number 4 above; however, Employee Defendants First Set of Request for Production contain 83 requests, many of which are overbroad, duplicative, or objectionable on other grounds. Apex Capital assumes that the Employee Defendants will agree to eliminate duplication and narrow their requests appropriately.

5. Apex Capital is confused as to why the Employee Defendants want documents relating to a typographical error in the First Amended Complaint and assumes that the Employee Defendants do not intend to move to compel production of attorney drafts of the First Amended Complaint, which are protected by attorney-client privilege and the attorney work product doctrine. Otherwise, Apex Capital stands on its reasonable response that non-privileged documents relating to this typographical error do not exist.

The Employee Defendants and Apex Capital hope to resolve these issues without the Court's intervention.

Finally, the parties continue to negotiate a Protective Order and ESI Protocol. The outstanding issues in those documents are:

1. RFM's request to allow two members of the in-house counsel teams at RFM and Apex, respectively, to review AEO documents.

2. Apex's preference for the ESI Protocol to be a stipulation, as opposed to an Order of the Court.

3. Apex's intent to use technology assisted review ("TAR") and what kind of disclosures it is willing to make to allow Defendants to assess the sufficiency of its productions.

Again, the parties hope to resolve these issues without the Court's intervention.

Date: March 16, 2026      /s/ *Abigail Griffith*
                 Amy L. Ruhland
                 Texas Bar No. 24043561
                 amy.ruhland@pillsburylaw.com

Abigail Griffith
Texas Bar No. 24113585
abby.griffith@pillsburylaw.com
401 W 4th Street, Suite 3200
Austin, TX 78701
(512) 580-9600

Patricia Rothenberg
Patricia.rothenberg@pillsburylaw.com
31 W. 52nd Street
New York, New York 10019
(212) 858-10000

PILLSBURY WINTHROP SHAW PITTMAN LLP

*Attorneys for Apex Group Capital Advisors LLC*


*/s/ Nicole Gueron*
Nicole Gueron
David Kimball-Stanley
Elizabeth R. Baggott
CLARICK GUERON REISBAUM LLP
41 Madison Avenue, 23rd Floor
New York, NY 10010
Phone: (212) 633-4310
Fax: (646) 478-9484
ngueron@cgr-law.com
dkimballstanley@cgr-law.com
ebaggott@cgr-law.com
*Attorneys for Defendants Related Fund Management, LLC and James Kraus*

*/s/ Stephanie J. Lieberman*
Samuel J. Lieberman
Jennifer Rossan
Scott C. Ferrier
SADIS & GOLDBERG LLP
551 Fifth Avenue, 21st Floor
New York, NY 10176
(212) 573-6675
*Counsel for Defendant Ryan Hope*

*/s/ Wilson E. Wray, Jr.*
Wilson E. Wray (pro hac)
Texas State Bar No. 00797700

wwray@atwoodmccall.com
ATWOOD & MCCALL, PLLC
8150 N. Central Expressway, Suite 1100
Dallas, Texas 75206
T: (972) 665-9600
F: (214) 736-2960
Samuel J. Lieberman
Jennifer Rossan
Scott C. Ferrier
SADIS & GOLDBERG LLP
551 Fifth Avenue, 21st Floor
New York, NY 10176
(212) 573-6675
*Attorneys for Defendant Preston Callen*

*/s/ Laurie Patton*
Laurie N. Patton (admitted pro hac vice)
5700 Granite Parkway, Suite 650
Plano, Texas 75024
(972) 324-0300
lpatton@spencerfane.com
Kunal Shah
SPENCER FANE LLP
43 West 43rd Street, Suite 268
New York, NY 10036-7424
(972) 324-0334
kshah@spencerfane.com
*Attorneys for Defendant William C. Chaney*

*/s/ Stephanie Osteen*
Stephanie K. Osteen (admitted *pro hac vice*)
Caylin Cierra Craig (admitted *pro hac vice*)
FARROW-GILLESPIE HEATH WILMOTH LLP
1900 North St. Paul Street, Suite 2100
Dallas, TX 75201
(214) 361-5600
Samuel J. Lieberman
Jennifer Rossan
Scott C. Ferrier
SADIS & GOLDBERG LLP
551 Fifth Avenue, 21st Floor
New York, NY 10176
(212) 573-6675
*Counsel for Defendant Lucas Belinkie*

7

## **CERTIFICATE OF SERVICE**

  I hereby certify that, on March 11, 2026, a copy of the foregoing was served on all counsel of record electronically via ecf.

                */s/ Abigail Griffith*
                Abigail Griffith