# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

<table>
<tr>
<td>

APEX GROUP CAPITAL ADVISORS LLC
F/K/A SANDSPOINT CAPITAL ADVISORS
LLC,

     Plaintiff,

v.

RELATED FUND MANAGEMENT, LLC;
JAMES KRAUS; LUCAS BELINKIE; PRESTON
CALLEN; WILLIAM C. CHANEY; and RYAN
HOPE,

     Defendants.

</td>
<td>

Case No. 1:25-cv-08892-VEC


**STIPULATED**
**CONFIDENTIALITY AGREEMENT**
**AND PROTECTIVE ORDER**

</td>
</tr>
</table>

    **WHEREAS**, the Parties having agreed, through counsel, to the following terms to protect the confidentiality of certain nonpublic and confidential material the Parties may need to disclose in connection with discovery in this case, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure governing the pretrial phase of this action; and

    **WHEREAS**, the Parties each possess materials that are potentially relevant to this dispute but protected from disclosure by privilege or other protections (including the work-product doctrine), and the Parties seek to prevent any waiver of privileges or other protections during the course of these proceedings, except for intentional waivers made with the producing Party's explicit knowledge and affirmative consent,

    **IT IS HEREBY ORDERED** that the following restrictions and procedures shall apply to any person subject to this Order—including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order:

## DEFINITIONS

    1.    The term "Discovery Material" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom produced by any Party or subpoenaed non-party to which it belongs.

    2.    The term "materials" will include, but is not limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material

that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3.      The term "counsel" will mean (a) outside counsel (including other attorneys, paralegals, secretaries, and other support staff employed by the law firms identified herein: Pillsbury Winthrop Shaw Pittman LLP, Clarick Gueron Reisbaum LLP, Atwood & McCall PLLC, Spencer Fane LLP, Sadis & Goldberg LLP, and Farrow-Gillespie Heath Wilmoth LLP; and (b) in-house counsel.

## GENERAL RULES

1.      The person or entity producing any given Discovery Material (hereinafter, the "Producing Party") may designate the same as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

(a)      Designation as "CONFIDENTIAL": Any Producing Party may designate non-public information as "CONFIDENTIAL" only if, in the good faith belief of such Producing Party and its counsel, the disclosure of such information beyond the persons and entities listed in Paragraph 6 of this Order, including public disclosure, could be prejudicial to the business or operations of such designating party; the information is of a personal or intimate nature regarding any individual; or any other category of information hereinafter given confidential status by the Court.

(b)      Designation as "ATTORNEYS' EYES ONLY": Any Producing Party may designate non-public information as "ATTORNEYS' EYES ONLY" only if, in the good faith belief of such Producing Party and its counsel, the information is highly sensitive, proprietary, or such other trade secret, the disclosure of such information beyond the persons and entities listed in Paragraph 7 of this Order, including disclosure to a Receiving Party, and its directors, officers, and employees (including its in-house counsel), could reasonably result in commercial, financial, or business harm to the Producing Party.

2.      If a Producing Party chooses to designate material "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," it must mark those documents provisionally with that designation to give the receiving party (hereinafter, the "Receiving Party") a reasonable opportunity to review and evaluate whether the Receiving Party agrees with the designation. If the Receiving Party has questions about and/or objections to any of the provisional designations, it may address any such questions and/or objections according to Paragraph 13 hereof. In the absence of notice by the Receiving Party of questions about and/or objections to the designations "CONFIDENTIAL" or

2

"ATTORNEYS' EYES ONLY," the designation will be considered final for purposes of any use of such documents in the matter.

3.      A Producing Party or its counsel may designate the confidential portion of any Discovery Material other than deposition transcripts and exhibits as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by stamping or otherwise clearly marking as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" the protected portion in a manner that will not interfere with legibility or audibility.

4.      A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" either by: (a) indicating on the record during the deposition that a question calls for "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information, in which case the reporter will bind the transcript of the designated testimony (consisting of question(s) and answer(s)) in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Attorneys' Eyes Only Governed by Protective Order" as appropriate or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition transcript has concluded, of the specific pages and lines of the transcript and/or the specific exhibit(s) that are to be designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript and/or exhibit(s) in their possession or under their control as directed by the Producing Party or that person's counsel. Unless otherwise agreed by the Parties, during the 30-day period following the conclusion of a deposition, all Parties will treat the entire deposition transcript as if it had been designated CONFIDENTIAL.

5.      If at any time before the trial of this action, a Producing Party realizes that it should have designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as appropriate.

6.      No person subject to this Order other than the Producing Party may disclose Discovery Material designated as "CONFIDENTIAL" to any other person whatsoever, except to the following persons (each, a "Receiving Person"):

(a)  the Parties and any of their directors, officers, and employees (including in-house counsel);

(b)  outside counsel who represent Parties in this litigation, and any of their partners, counsel, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors (including outside copying, discovery, and litigation support services) who are assisting with this action;

(c)  any document's author, addressee, custodian, and any other person indicated on the face of the document as having received a copy;

(d) testifying and consulting experts retained by a Party, and any of their, or their firms', partners, counsel, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors (including outside copying and litigation support services) who are assisting with the litigation, so long as the Receiving Person (i) signs a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, and (ii) if the Receiving Person is a Competitor or an employee of a Competitor, receives prior written consent from the Producing Party;[1]

(e) the Parties' co-insurers and reinsurers;

(f) witnesses, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony, so long as the Receiving Person signs a Non-Disclosure Agreement in the form annexed as an Exhibit hereto (unless such witness is the document's author, addressee, or custodian, or a person indicated on the face of the document as having received a copy);

(g) the Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this litigation or any appeal;

(h) any mediator, arbitrator or other similar party engaged by the Parties in connection with the litigation and any persons employed by such mediator or arbitrator; and

(i) any other person only upon (i) order of the Court entered after notice to the Parties and the Producing Party, or (ii) written stipulation of, or statement on the record by, the Producing Party, so long as the Receiving Person signs a Non-Disclosure Agreement in the form annexed as an Exhibit hereto.

7.      Where a Producing Party has designated Discovery Material as "ATTORNEYS' EYES ONLY," other persons subject to this Order may disclose such information only to the following persons:

(a)      outside counsel of record who represent Parties in this litigation, and any of their partners, counsel, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors (including outside copying and litigation support services) who are assisting with the litigation;

(b)      two (2) in-house legal counsel, with signed Non-Disclosure Agreements, of each Party who is responsible for assisting outside counsel in this litigation;

(c)      testifying and consulting experts, and any of their, or their firms', partners, counsel, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors (including outside copying and litigation support services) who are assisting with the litigation, so long as the Receiving Person first signs a Non-

---

[1] Nothing in this provision shall be construed as waiving a Party's right not to disclose the identity of its non-testifying, consulting expert provided that no Discovery Material designated by another Party as "CONFIDENTIAL" is shared with the expert.

Disclosure Agreement in the form annexed as an Exhibit hereto, and (ii) if the Receiving Person is a Competitor or an employee of a Competitor, receives prior written consent from the Producing Party;[2]

(d)     the Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this litigation or any appeal;

(e)     any mediator, arbitrator, or other similar party engaged by the Parties or appointed by the Court in connection with this action and any persons employed by such mediator or arbitrator who are assisting with this action, so long as the Receiving Person first signs a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and

(f)     any other person only upon (i) order of the Court entered after notice to the Parties and the Producing Party, or (ii) written stipulation of, or statement on the record by, the Producing Party, so long as the Receiving Person first signs a Non-Disclosure Agreement in the form annexed as an Exhibit hereto.

8.     Before disclosing any Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to any Receiving Person that must sign a Non-Disclosure Agreement (*see* subparagraphs 10(d), 10(f), 10(i), 10(j)), the disclosing Party must retain each signed Non-Disclosure Agreement, the disclosing Party must produce any signed Non-Disclosure Agreement to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9.     All Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose any Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", shall be filed under seal with the Clerk of the Court and served pursuant to the United States District Court of the Southern District of New York's June 6, 2025, Notice to the Bar and Standing Order 21-mc-00006 and September 24, 2025, Notice to the Bar and Standing Order M10-468 (or any applicable rules and standing orders as later revised by the Court), Section 3(B) of Judge Caproni's Individual Practices in Civil Cases, or such applicable individual practices of any Magistrate Judge assigned to preside over any such dispute, and the applicable provisions of the Federal Rules of Civil Procedure. The Parties will use their reasonable best efforts to minimize the filing of Discovery Materials under seal. For any document filed under seal, (1) a version of the document that redacts only the Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" (and not Discovery Material that in no material way reveals such designated Discovery Material), shall be filed on the

---

[2] Nothing in this provision shall be construed as waiving a Party's right not to disclose the identity of its non-testifying, consulting expert provided that no Discovery Material designated by another Party as "ATTORNEYS' EYES ONLY" is shared with the expert.

5

public docket on the same day, and (2) a letter shall be filed on the public docket indicating what has been filed under seal.

10.      If a Party objects to any designation of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at any time before the trial of this action, the following procedure shall apply:

(a)      Counsel for the objecting party shall serve on the Producing Party a written objection to such designation, which shall describe with particularity (i) the documents or information in question and (ii) the grounds for the objection. Counsel for the Producing Party shall respond in writing to such objection within 14 days and shall state with particularity the grounds for asserting the confidentiality designation for that document or information. Counsel shall then confer in good faith in an effort to resolve the dispute;

(b)      If the Parties cannot reach an agreement promptly, counsel for the Parties will address their dispute to this Court in accordance with Section 3(B) of Judge Caproni's Individual Practices in Civil Cases, or such applicable individual practices of any Magistrate Judge assigned to preside over any such dispute. The document or information that is the subject of the filing shall be treated as originally designated pending the Court's resolution of the dispute; and

(c)      At all times, the burden of proving that a document or information should be treated as Confidential shall remain on the Producing Party.

11.      Recipients of Discovery Material, whether or not designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Order, may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitation) may not use such material for any business, commercial, or competitive purpose or in any other litigation proceeding. Notwithstanding the foregoing, the Parties may use Discovery Material exchanged in this action for the prosecution and defense of the action captioned *Related Fund Management LLC v. Apex Group Capital Advisors LLC, et al.*, Index No. 653354-2025 (N.Y. Sup.), and any appeals thereto, and the terms of this Order shall apply to any such use. Nothing contained in this Order will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this action.

12.      Nothing in this Order will prevent any person subject to it from producing any Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any such disclosure. Upon receiving such

6

notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

13.    Each person who has access to Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. If a Receiving Party provides Discovery Material to any person other than as permitted by this Stipulation, or if a Receiving Party learns about a potential loss of confidentiality, including unauthorized access to Discovery Material, then the Receiving Party must immediately notify the Producing Party in writing of all pertinent facts, including, if known, the name, address, and employer of each person to whom the disclosure was made. The Receiving Party responsible for the disclosure or loss of confidentiality must make reasonable efforts to prevent further disclosure of Discovery Material, and must reasonably cooperate with efforts of the Producing Party to mitigate the harm resulting from the unauthorized disclosure.

14.    Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving persons in a manner that is secure and confidential. In the event that the person or entity receiving PII experiences a data breach, she, he, or it immediately shall notify the Producing Party of the same and cooperate with the Producing Party to address and remedy the data breach. Nothing herein shall preclude the Producing Party from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

15.    Within 60 days of the final disposition of this action – including all appeals – all recipients of Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" must either return it – including all copies thereof – to the Producing Party, or, upon written permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any such Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all discovery documents, pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"; any such archival copies remain subject to this Order.

For the avoidance of doubt and notwithstanding anything else in this agreement, the Parties agree, and the Court orders, that the production of privileged or work-product protected materials, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other state or federal proceeding, and that this Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B). The Producing Party must notify the Receiving Party, in writing, promptly upon discovery that a protected document has been produced. Upon receiving written notice from the Producing Party that privileged and/or work-product material has been produced, all such Discovery Materials, and all copies thereof, shall be returned to the Producing Party, or

7

destroyed, and a written certification of destruction provided to the Producing Party, within ten (10) business days of receipt of such notice. The Receiving Party shall also attempt, in good faith, to retrieve and return or destroy all copies of the documents in electronic format. After receiving notice of an inadvertent production, the Receiving Party shall not further review or use such information for any purpose, until and unless the Court orders otherwise. The Receiving Party may contest the privilege or work-product designation by the Producing Party; however, the Receiving Party may not reveal the contents of the protected document in its contestation and may not challenge the privilege or immunity claim by arguing that the disclosure itself is a waiver of any applicable privilege. In the event of a contest, any analyses, memoranda, or notes that were internally generated based upon such produced information shall immediately be sequestered by the Receiving Party. They shall be destroyed if the Court rules that the information is privileged, or they may be returned to their intended purpose in the event that (i) the Producing Party agrees in writing that the information is not privileged or (ii) the Court rules that the information is not privileged. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or any other information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. For the avoidance of doubt, if anything in this Order conflicts with Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B), the Federal Rules control.

16.     Nothing contained in this Stipulated Confidentiality Agreement and Protective Order shall be construed as (a) an admission by any Party that any Discovery Material or other evidence is discoverable, relevant, or admissible; (b) a waiver of any right to object to the discoverability, relevance, or admissibility of any Discovery Material or other evidence; or (c) a waiver of any privilege or protection.

17.     There are no intended beneficiaries of this Stipulated Confidentiality Agreement and Protective Order other than the Parties to this action and the Court, and no other person shall acquire any right hereunder.

18.     This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" is produced or disclosed. All persons subject to this Order acknowledge that willful violation of this Order could subject them to punishment for contempt of Court. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

/s/ Amy L. Ruhland

PILLSBURY WINTHROP SHAW PITTMAN LLP
Amy L. Ruhland (admitted *pro hac vice*)
Abigail L. Griffith (admitted *pro hac vice*)
401 West 4th Street, Suite 3200
Austin, TX 78701
(512) 580-9600
amy.ruhland@pillsburylaw.com
abby.griffith@pillsburylaw.com

Patricia Rothenberg
31 West 52nd Street
New York, NY 10019
(212) 858-1000
patricia.rothenberg@pillsburylaw.com

*Attorneys for Plaintiff Apex Group Capital
Advisors LLC*

/s/ Nicole Gueron

CLARICK GUERON REISBAUM LLP
Nicole Gueron
David C. Kimball-Stanley
Elizabeth R. Baggott
41 Madison Avenue, 23rd Floor
New York, NY 10010
ngueron@cgr-law.com
dkimballstanley@cgr-law.com
ebaggott@cgr-law.com

*Attorneys for Defendants Related Fund
Management LLC and James Kraus*

/s/ Laurie N. Patton

SPENCER FANE LLP
Laurie N. Patton (admitted *pro hac vice*)
5700 Granite Parkway, Suite 650
Plano, Texas 75024
(972) 324-0300
lpatton@spencerfane.com

Kunal Shah
Elizabeth Conway
43 West 43rd Street, Suite 268
New York, NY 10036-7424
(972) 324-0334
kshah@spencerfane.com
econway@spencerfane.com

*Attorneys for Defendant William C. Chaney*

/s/ Wilson E. Wray, Jr.

ATWOOD & MCCALL PLLC
Wilson E. Wray, Jr. (admitted *pro hac vice*)
Austin F. Pennington (*pro hac forthcoming*)
8150 North Central Expressway, Suite 1100
Dallas, TX 75206
(972) 665-9600
wwray@atwoodmccall.com
apennington@atwoodmccall.com

SADIS & GOLDBERG LLP
Samuel J. Lieberman
Jennifer Rossan
Scott Ferrier
551 Fifth Avenue, 21st Floor
New York, NY 10176
(212) 573-8164
slieberman@sadis.com
sferrier@sadis.com
jrossan@sadis.com

*Attorneys for Defendant Preston Callen*

9

*/s/* Samuel J. Lieberman

SADIS & GOLDBERG LLP
Samuel J. Lieberman
Jennifer Rossan
Scott Ferrier
551 Fifth Avenue, 21st Floor
New York, NY 10176
(212) 573-8164
slieberman@sadis.com
sferrier@sadis.com
jrossan@sadis.com

*Attorneys for Defendant Ryan Hope*

*/s/* Stephanie K. Osteen

FARROW-GILLESPIE HEATH WILMOTH LLP
Stephanie K. Osteen (admitted *pro hac vice*)
Caylin Cierra Craig (admitted *pro hac vice*)
1900 North St. Paul Street, Suite 2100
Dallas, TX 75201
(214) 361-5600
stephanie.osteen@fghwlaw.com
caylin.craig@fghwlaw.com

SADIS & GOLDBERG LLP
Samuel J. Lieberman
Jennifer Rossan
Scott Ferrier
551 Fifth Avenue, 21st Floor
New York, NY 10176
(212) 573-8164
slieberman@sadis.com
sferrier@sadis.com
jrossan@sadis.com

*Attorneys for Defendant Lucas Belinkie*

**SO ORDERED.**

SIGNED on _____

_____
Honorable Valerie E. Caproni
United States District Judge

10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| APEX GROUP CAPITAL ADVISORS LLC F/K/A SANDSPOINT CAPITAL ADVISORS LLC, <br><br> Plaintiff, <br><br> v. <br><br> RELATED FUND MANAGEMENT, LLC; JAMES KRAUS; LUCAS BELINKIE; PRESTON CALLEN; WILLIAM C. CHANEY; and RYAN HOPE, <br><br> Defendants. | Case No. 1:25-cv-08892-VEC <br><br><br> **NON-DISCLOSURE AGREEMENT** |

I, _____, acknowledge that I have read and understand the Stipulated Confidentiality Agreement and Protective Order (the "Protective Order") in this action governing the non- disclosure of those portions of Discovery Material that have been designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." I agree that I will not disclose such Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the Party or attorney from whom I received it, or, upon written permission of the Party or attorney from whom I received it, destroy such Discovery Material. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____

Name:

_____

Dated: