# EXHIBIT 1

CONFIDENTIAL

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| APEX GROUP CAPITAL ADVISORS LLC F/K/A SANDSPOINT CAPITAL ADVISORS LLC, <br><br> Plaintiff, <br><br> v. <br><br> RELATED FUND MANAGEMENT, LLC; JAMES KRAUS; LUCAS BELINKIE; PRESTON CALLEN; WILLIAM C. CHANEY; and RYAN HOPE, <br><br> Defendants. | Case No.  25-CV-08892 (VEC) |

**PLAINTIFF APEX GROUP CAPITAL ADVISORS LLC'S THIRD AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT PRESTON CALLEN'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Civil Rule 33.3 for the United States District Court for the Southern District of New York, Plaintiff Apex Group Capital Advisors LLC ("Plaintiff" or "Apex"), by and through its undersigned counsel, hereby submits its third amended responses and objections to the First Set of Interrogatories to Plaintiff (the "Interrogatories," and each an "Interrogatory") served by Defendant Preston Callen ("Defendant" or "Callen"), as follows:

**GENERAL OBJECTIONS AND RESERVATION OF RIGHTS**

Plaintiff responds to the Interrogatories, including the Definitions and Instructions referenced therein, subject to the General Objections and Reservation of Rights set forth below (the "General Objections").  All General Objections set forth herein are incorporated into each of the Specific Responses and Objections below.  Plaintiff may also refer to the General Objections

1

CONFIDENTIAL

11.     Plaintiff objects to the Interrogatories to the extent that they, including their subparts which constitute separate Interrogatories, exceed the numerical limit of 25 under Federal Rule of Civil Procedure 33.

12.     Plaintiff objects to the Interrogatories to the extent that they exceed the scope of Interrogatories expressly acceptable pursuant to Local Civil Rule 33.3 for the United States District Court for the Southern District of New York.

13.     The following Specific Responses and Objections fully incorporate, and are subject to and without waiver of, the foregoing General Objections and Reservation of Rights.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Plaintiff objects to the definitions of "Describe" and "Identify" to the extent that they impose obligations on Plaintiff beyond the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York, would subject Plaintiff to unreasonable and undue burden and expense, or seek information already in Defendant's possession, custody, or control, readily accessible to Defendant, or obtainable from some other source that is more convenient, less burdensome, or less expensive. Plaintiff will interpret these terms according to their plain and ordinary meaning.

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

Plaintiff submits the following Specific Responses and Objections to the Interrogatories.

**INTERROGATORY NO. 1: Identify each file Mr. Callen improperly downloaded while employed by Apex, including: (i) the file name; (ii) the designated name of the database, server, or computer from which the file was downloaded, (iii) the method by which Mr. Callen downloaded the file, (iv) the date upon which Mr. Callen downloaded the file; (v) the type of computer or device to which Mr. Callen downloaded the file; (vi) the model number of the computer or device to which Mr. Callen downloaded the file; (vii) all serial numbers, computer/device names, and other individual identifying designations of the computer or device to which Mr. Callen downloaded the file; (viii) whether the file is a Trade Secret; (ix) whether the file is confidential; and (x) the bates number of the file in Apex's production.**

4

**CONFIDENTIAL**

**RESPONSE TO INTERROGATORY NO. 1:** Plaintiff objects to Interrogatory No. 1 because it is a contention interrogatory and fails to comport with Local Rule 33.3. Specifically, Plaintiff objects because the information sought by this Interrogatory is better addressed by a request for production in accordance with Local Rule 33.3 and is the subject of multiple requests for production already served on Apex by the Employee Defendants. Plaintiff will supplement this Response if and when additional information becomes available.

Subject to and without waiving the General Objections or above Specific Objections, Plaintiff responds as follows:

- Plaintiff contends that its Client List containing client contact information, pricing, and services is a trade secret.
- Plaintiff contends all information contained in the proprietary workbooks and reports it produces for its clients, other than the client's raw data, constitutes its trade secret information. The specific tabs included in each workbook is trade secret information. The specific formatting, including how the workbooks are laid out and presented, and content contained in the workbooks is trade secret information. These workbooks include but are not limited to Chaney00000944.
- Plaintiff contends that all processes and formulas used to create the proprietary workbooks is trade secret information. That includes all of the formulas populating the ultimate values in the workbooks and the processes for developing those formulas. As an example, Plaintiff's trade secrets include formulas and processes related to loans payable, sweep accounts, insurance amortization, ITD cap activity, prepaid expenses, valuation, investment proceeds, recallable distributions, match formulas, and waterfall formulas. These processes include but are not limited to Chaney00000009-10, Chaney 00000072-79, Chaney00000660, Chaney00002020, and Chaney00002066. These formulas include but are not limited to the formula reflected in Chaney00000025 and the formulas embedded in Chaney00000944.
- Plaintiff contends that the information contained in the Investran database,[1] other than the client's raw data, is trade secret information. Specifically, this includes all of the information that Plaintiff inputs into the database based on its trade-secreted formulas, processes, and calculations referred to above.
- Plaintiff contends that all training material regarding the processes that employees must use to create the proprietary workbooks described above is trade secret information. These trainings include but are not limited to Chaney 00000065-68, Chaney00000641, and Chaney00001555.
- Plaintiff contends that its pricing data, including but not limited to Chaney00001713, Chaney00001845, Chaney00001847, and Chaney00001853-55 is trade secret information.
- Plaintiff contends that its Profit and Loss analysis for acquiring companies is trade secret information.

---

[1] Although information contained in the Investran database includes Apex's trade secrets, Apex does not allege that the coding used to create the Investran database or the application of the database itself is an Apex trade secret.

CONFIDENTIAL

- Plaintiff contends that its employee pay and integration award information is trade secret information, including but not limited to Chaney00001930.
- Plaintiff contends that its revenue projections are trade secret information.
- Plaintiff contends that its prospective client list and pitch materials are trade secret information.

**INTERROGATORY NO. 2: Identify the USB device to which Mr. Callen connected his Apex-Capital-issued computer between September 11, 2023 and December 19, 2024 as referenced in paragraph 105 of the Amended Complaint, including: (i) the type of USB device; (ii) the model number of the device; and (iii) all serial numbers, device names, and other individual identifying designations of the device.**

**RESPONSE TO INTERROGATORY NO. 2:** Plaintiff objects to Interrogatory No. 2 because it is a contention interrogatory and fails to comport with Local Rule 33.3. Specifically, Plaintiff objects because the information sought by this Interrogatory is better addressed by a request for production in accordance with Local Rule 33.3 and is the subject of at least one request for production already served on Apex by the Employee Defendants. Plaintiff further objects to this Interrogatory to the extent that it seeks information equally available to Defendant or within Defendant's possession, custody, and control. Plaintiff also objects to this Interrogatory as premature, because discovery is ongoing, and because the information sought is the province of expert testimony yet to be developed. Plaintiff will supplement this Response if and when additional information becomes available.

**INTERROGATORY NO. 3: Identify the non-Apex-issued computer which Mr. Callen accessed from the Apex internal network on December 19, 2024 as referenced in paragraph 105 of the Amended Complaint, including: (i) the type of computer; (ii) the model number of the computer; (iii) all serial numbers, computer names, and other individual identifying designations of the computer.**

**RESPONSE TO INTERROGATORY NO. 3:** Plaintiff objects to Interrogatory No. 3 because it is a contention interrogatory and fails to comport with Local Rule 33.3. Specifically, Plaintiff objects because the information sought by this Interrogatory is better addressed by a request for production in accordance with Local Rule 33.3 and is the subject of at least one request for production already served on Apex by the Employee Defendants. Plaintiff further objects to the Interrogatory to the extent that it seeks information equally available to Defendant or within Defendant's possession, custody, and control. Plaintiff also objects to this Interrogatory as premature, because discovery is ongoing, and because the Interrogatory seeks information that is the province of expert testimony yet to be developed. Plaintiff will supplement this Response if and when additional information becomes available.

Date:   April 20, 2026                    /s/ Amy L. Ruhland
                                          Amy L. Ruhland
                                          Texas Bar No. 24043561
                                          amy.ruhland@pillsburylaw.com
                                          Abigail Griffith

CONFIDENTIAL

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| APEX GROUP CAPITAL ADVISORS LLC F/K/A SANDSPOINT CAPITAL ADVISORS LLC,<br><br>Plaintiff,<br><br>v.<br><br>RELATED FUND MANAGEMENT, LLC; JAMES KRAUS; LUCAS BELINKIE; PRESTON CALLEN; WILLIAM C. CHANEY; and RYAN HOPE,<br><br>Defendants. | Case No.  25-CV-08892 (VEC) |

**PLAINTIFF APEX GROUP CAPITAL ADVISORS LLC'S THIRD AMENDED
RESPONSES AND OBJECTIONS TO DEFENDANT LUCAS BELINKIE'S FIRST SET OF
INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Civil Rule 33.3 for the United States District Court for the Southern District of New York, Plaintiff Apex Group Capital Advisors LLC ("Plaintiff" or "Apex"), by and through its undersigned counsel, hereby submits its third amended responses and objections to the First Set of Interrogatories to Plaintiff (the "Interrogatories," and each an "Interrogatory") served by Defendant Lucas Belinkie ("Defendant" or "Belinkie"), as follows:

**GENERAL OBJECTIONS AND RESERVATION OF RIGHTS**

Plaintiff responds to the Interrogatories, including the Definitions and Instructions referenced therein, subject to the General Objections and Reservation of Rights set forth below (the "General Objections"). All General Objections set forth herein are incorporated into each of the Specific Responses and Objections below. Plaintiff may also refer to the General Objections

1

CONFIDENTIAL

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

Plaintiff submits the following Specific Responses and Objections to the Interrogatories.

**INTERROGATORY NO. 1: Identify each file or document containing Apex Confidential Information or Trade Secrets that Belinkie divulged, furnished, or made available to any person or entity other than Apex.**

**RESPONSE TO INTERROGATORY NO. 1:** Plaintiff objects to Interrogatory No. 1 because it is a contention interrogatory and fails to comport with Local Rule 33.3. Specifically, Plaintiff objects because the information sought by this Interrogatory is better addressed by a request for production in accordance with Local Rule 33.3 and is the subject of multiple requests for production already served on Apex by the Employee Defendants. Plaintiff further objects to this Interrogatory to the extent that it seeks information not within the Plaintiff's possession, custody, or control. Plaintiff will supplement this Response if and when additional information becomes available.

**INTERROGATORY NO. 2: Identify each file Belinkie improperly downloaded while employed by Apex, including: (i) the file name; (ii) the designated name of the database, server, or computer from which the file was downloaded, (iii) the method by which Belinkie downloaded the file, (iv) the date upon which Belinkie downloaded the file; (v) the type of computer or device to which Belinkie downloaded the file; (vi) the model number of the computer or device to which Belinkie downloaded the file; (vii) all serial numbers, computer/device names, and other individual identifying designations of the computer or device to which Belinkie downloaded the file; (viii) whether the file is a Trade Secret; (ix) whether the file contains Apex Confidential Information; and (x) the bates number of the file in Apex's production.**

**RESPONSE TO INTERROGATORY NO. 2:** Plaintiff objects to Interrogatory No. 2 because it is a contention interrogatory and fails to comport with Local Rule 33.3. Specifically, Plaintiff objects because the information sought by this Interrogatory is better addressed by a request for production in accordance with Local Rule 33.3 and is the subject of multiple requests for production already served on Apex by the Employee Defendants. Plaintiff will supplement this Response if and when additional information becomes available.

Subject to and without waiving the General Objections or above Specific Objections, Plaintiff responds as follows:

1. Plaintiff contends that its Client List containing client contact information, pricing, and services is a trade secret.
2. Plaintiff contends all information contained in the proprietary workbooks and reports it produces for its clients, other than the client's raw data, constitutes its trade secret information. The specific tabs included in each workbook is trade secret information. The specific formatting, including how the workbooks are laid out and presented, and content contained in the workbooks is trade secret information. These workbooks include but are not limited to Chaney00000944.

5

**CONFIDENTIAL**

3. Plaintiff contends that all processes and formulas used to create the proprietary workbooks is trade secret information. That includes all of the formulas populating the ultimate values in the workbooks and the processes for developing those formulas. As an example, Plaintiff's trade secrets include formulas and processes related to loans payable, sweep accounts, insurance amortization, ITD cap activity, prepaid expenses, valuation, investment proceeds, recallable distributions, match formulas, and waterfall formulas. These processes include but are not limited to Chaney00000009-10, Chaney 00000072-79, Chaney00000660, Chaney00002020, and Chaney00002066. These formulas include but are not limited to the formula reflected in Chaney00000025 and the formulas embedded in Chaney00000944.

4. Plaintiff contends that the information contained in the Investran database,[1] other than the client's raw data, is trade secret information. Specifically, this includes all of the information that Plaintiff inputs into the database based on its trade-secreted formulas, processes, and calculations referred to above.

5. Plaintiff contends that all training material regarding the processes that employees must use to create the proprietary workbooks described above is trade secret information. These trainings include but are not limited to Chaney 00000065-68, Chaney00000641, and Chaney00001555.

6. Plaintiff contends that its pricing data, including but not limited to Chaney00001713, Chaney00001845, Chaney00001847, and Chaney00001853-55 is trade secret information.

7. Plaintiff contends that its Profit and Loss analysis for acquiring companies is trade secret information.

8. Plaintiff contends that its employee pay and integration award information is trade secret information, including but not limited to Chaney00001930.

9. Plaintiff contends that its revenue projections are trade secret information.

10. Plaintiff contends that its prospective client list and pitch materials are trade secret information.

**INTERROGATORY NO. 3: Identify each current or former employee, consultant, or contractor of Apex who Belinkie induced or attempted to induce to leave the employ of or stop providing services to Apex, or who Belinkie solicited for hire, hired, or attempted to hire away from Apex.**

**RESPONSE TO INTERROGATORY NO. 3:** Plaintiff objects to Interrogatory No. 3 because is a contention interrogatory and fails to comport with Local Rule 33.3. Specifically, Plaintiff objects because the information sought by this Interrogatory is better addressed by a request for production in accordance with Local Rule 33.3 and is the subject of at least one request for production already served on Apex by the Employee Defendants. Plaintiff further objects to this Interrogatory because it seeks information that is either equally available to or within the possession, custody, or control of Defendant. Subject to and without waiving the foregoing,

---

[1] Although information contained in the Investran database includes Apex's trade secrets, Apex does not allege that the coding used to create the Investran database or the application of the database itself is an Apex trade secret.

CONFIDENTIAL

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| APEX GROUP CAPITAL ADVISORS LLC F/K/A SANDSPOINT CAPITAL ADVISORS LLC, <br><br> Plaintiff, <br><br> v. <br><br> RELATED FUND MANAGEMENT, LLC; JAMES KRAUS; LUCAS BELINKIE; PRESTON CALLEN; WILLIAM C. CHANEY; and RYAN HOPE, <br><br> Defendants. | Case No.  25-CV-08892 (VEC) |

**PLAINTIFF APEX GROUP CAPITAL ADVISORS LLC'S THIRD AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT RYAN HOPE'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Civil Rule 33.3 for the United States District Court for the Southern District of New York, Plaintiff Apex Group Capital Advisors LLC ("Plaintiff" or "Apex"), by and through its undersigned counsel, hereby submits its third amended responses and objections to the First Set of Interrogatories to Plaintiff (the "Interrogatories," and each an "Interrogatory") served by Defendant Ryan Hope ("Defendant" or "Hope"), as follows:

**GENERAL OBJECTIONS AND RESERVATION OF RIGHTS**

Plaintiff responds to the Interrogatories, including the Definitions and Instructions referenced therein, subject to the General Objections and Reservation of Rights set forth below (the "General Objections").  All General Objections set forth herein are incorporated into each of the Specific Responses and Objections below.  Plaintiff may also refer to the General Objections

1

CONFIDENTIAL

11.     Plaintiff objects to the Interrogatories to the extent that they, including their subparts which constitute separate Interrogatories, exceed the numerical limit of 25 under Federal Rule of Civil Procedure 33.

12.     Plaintiff objects to the Interrogatories to the extent that they exceed the scope of Interrogatories expressly acceptable pursuant to Local Civil Rule 33.3 for the United States District Court for the Southern District of New York.

13.     The following Specific Responses and Objections fully incorporate, and are subject to and without waiver of, the foregoing General Objections and Reservation of Rights.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Plaintiff objects to the definitions of "Describe" and "Identify" to the extent that they impose obligations on Plaintiff beyond the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York, would subject Plaintiff to unreasonable and undue burden and expense, or seek information already in Defendant's possession, custody, or control, readily accessible to Defendant, or obtainable from some other source that is more convenient, less burdensome, or less expensive.  Plaintiff will interpret these terms according to their plain and ordinary meaning.

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

Plaintiff submits the following Specific Responses and Objections to the Interrogatories.

**INTERROGATORY NO. 1: Identify each Trade Secret any Employee Defendant misappropriated from Apex, including (i) the nature, scope, and contents of each Trade Secret (ii) the value that the Trade Secret derives from not being generally known; (iii) the amount of money and effort spent to develop each Trade Secret; (iv) the competitive advantage provided to Apex by each Trade Secret; (v) the steps Apex took to maintain the secrecy of each Trade Secret; (vi) which Former Employee used, disclosed or improperly acquired each Trade Secret and how he did so.**

4

CONFIDENTIAL

**RESPONSE TO INTERROGATORY NO. 1:** Plaintiff objects to Interrogatory No. 1 because it is a contention interrogatory and fails to comport with Local Rule 33.3.

Subject to and without waiving the General Objections or above Specific Objections, Plaintiff responds as follows:

1.  Plaintiff contends that its Client List containing client contact information, pricing, and services is a trade secret.
2.  Plaintiff contends all information contained in the proprietary workbooks and reports it produces for its clients, other than the client's raw data, constitutes its trade secret information. The specific tabs included in each workbook is trade secret information. The specific formatting, including how the workbooks are laid out and presented, and content contained in the workbooks is trade secret information. These workbooks include but are not limited to Chaney00000944.
3.  Plaintiff contends that all processes and formulas used to create the proprietary workbooks is trade secret information.  That includes all of the formulas populating the ultimate values in the workbooks and the processes for developing those formulas.  As an example, Plaintiff's trade secrets include formulas and processes related to loans payable, sweep accounts, insurance amortization, ITD cap activity, prepaid expenses, valuation, investment proceeds, recallable distributions, match formulas, and waterfall formulas.  These processes include but are not limited to Chaney00000009-10, Chaney 00000072-79, Chaney00000660, Chaney00002020, and Chaney00002066.  These formulas include but are not limited to the formula reflected in Chaney00000025 and the formulas embedded in Chaney00000944.
4.  Plaintiff contends that the information contained in the Investran database,[1] other than the client's raw data, is trade secret information.  Specifically, this includes all of the information that Plaintiff inputs into the database based on its trade-secreted formulas, processes, and calculations referred to above.
5.  Plaintiff contends that all training material regarding the processes that employees must use to create the proprietary workbooks described above is trade secret information.  These trainings include but are not limited to Chaney 00000065-68, Chaney00000641, and Chaney00001555.
6.  Plaintiff contends that its pricing data, including but not limited to Chaney00001713, Chaney00001845, Chaney00001847, and Chaney00001853-55 is trade secret information.
7.  Plaintiff contends that its Profit and Loss analysis for acquiring companies is trade secret information.
8.  Plaintiff contends that its employee pay and integration award information is trade secret information, including but not limited to Chaney00001930.
9.  Plaintiff contends that its revenue projections are trade secret information.
10. Plaintiff contends that its prospective client list and pitch materials are trade secret information.

---

[1] Although information contained in the Investran database includes Apex's trade secrets, Apex does not allege that the coding used to create the Investran database or the application of the database itself is an Apex trade secret.

CONFIDENTIAL

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| APEX GROUP CAPITAL ADVISORS LLC F/K/A SANDSPOINT CAPITAL ADVISORS LLC, <br><br> Plaintiff, <br><br> v. <br><br> RELATED FUND MANAGEMENT, LLC; JAMES KRAUS; LUCAS BELINKIE; PRESTON CALLEN; WILLIAM C. CHANEY; and RYAN HOPE, <br><br> Defendants. | Case No.  25-CV-08892 (VEC) |

**PLAINTIFF APEX GROUP CAPITAL ADVISORS LLC'S THIRD AMENDED
RESPONSES AND OBJECTIONS TO DEFENDANT WILLIAM CLARK CHANEY'S
FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Civil Rule 33.3 for the United States District Court for the Southern District of New York, Plaintiff Apex Group Capital Advisors LLC ("Plaintiff" or "Apex"), by and through its undersigned counsel, hereby submits its third amended responses and objections to the First Set of Interrogatories to Plaintiff (the "Interrogatories," and each an "Interrogatory") served by Defendant William Clark Chaney ("Defendant" or "Chaney"), as follows:

**GENERAL OBJECTIONS AND RESERVATION OF RIGHTS**

Plaintiff responds to the Interrogatories, including the Definitions and Instructions referenced therein, subject to the General Objections and Reservation of Rights set forth below (the "General Objections").  All General Objections set forth herein are incorporated into each of the Specific Responses and Objections below.  Plaintiff may also refer to the General Objections

1

CONFIDENTIAL

11.    Plaintiff objects to the Interrogatories to the extent that they, including their subparts which constitute separate Interrogatories, exceed the numerical limit of 25 under Federal Rule of Civil Procedure 33.

12.    Plaintiff objects to the Interrogatories to the extent that they exceed the scope of Interrogatories expressly acceptable pursuant to Local Civil Rule 33.3 for the United States District Court for the Southern District of New York.

13.    The following Specific Responses and Objections fully incorporate, and are subject to and without waiver of, the foregoing General Objections and Reservation of Rights.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    Plaintiff objects to the definitions of "Describe" and "Identify" to the extent that they impose obligations on Plaintiff beyond the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York, would subject Plaintiff to unreasonable and undue burden and expense, or seek information already in Defendant's possession, custody, or control, readily accessible to Defendant, or obtainable from some other source that is more convenient, less burdensome, or less expensive. Plaintiff will interpret these terms according to their plain and ordinary meaning.

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

Plaintiff submits the following Specific Responses and Objections to the Interrogatories.

**INTERROGATORY NO. 1: Identify each file Mr. Chaney improperly downloaded while employed by Apex, including: (i) the file name; (ii) the designated name of the database, server, or computer from which the file was downloaded, (iii) the method by which Mr. Chaney downloaded the file, (iv) the date upon which Mr. Chaney downloaded the file; (v) the type of computer or device to which Mr. Chaney downloaded the file; (vi) the model number of the computer or device to which Mr. Chaney downloaded the file; (vii) all serial numbers, computer/device names, and other individual identifying designations of the computer or device to which Mr. Chaney downloaded the file; (viii) whether the file is a**

4

CONFIDENTIAL

**Trade Secret; (ix) whether the file contains Apex Confidential Information; and (x) the bates number of the file in Apex's production.**

   **RESPONSE TO INTERROGATORY NO. 1:** Plaintiff objects to Interrogatory No. 1 because it is a contention interrogatory and fails to comport with Local Rule 33.3. Specifically, Plaintiff objects because the information sought by this Interrogatory is better addressed by a request for production in accordance with Local Rule 33.3 and is the subject of multiple requests for production already served on Apex by the Employee Defendants. Plaintiff will supplement this Response if and when additional information becomes available.

   Subject to and without waiving the General Objections or above Specific Objections, Plaintiff responds as follows:

1. Plaintiff contends that its Client List containing client contact information, pricing, and services is a trade secret.
2. Plaintiff contends all information contained in the proprietary workbooks and reports it produces for its clients, other than the client's raw data, constitutes its trade secret information. The specific tabs included in each workbook is trade secret information. The specific formatting, including how the workbooks are laid out and presented, and content contained in the workbooks is trade secret information. These workbooks include but are not limited to Chaney00000944.
3. Plaintiff contends that all processes and formulas used to create the proprietary workbooks is trade secret information. That includes all of the formulas populating the ultimate values in the workbooks and the processes for developing those formulas. As an example, Plaintiff's trade secrets include formulas and processes related to loans payable, sweep accounts, insurance amortization, ITD cap activity, prepaid expenses, valuation, investment proceeds, recallable distributions, match formulas, and waterfall formulas. These processes include but are not limited to Chaney00000009-10, Chaney 00000072-79, Chaney00000660, Chaney00002020, and Chaney00002066. These formulas include but are not limited to the formula reflected in Chaney00000025 and the formulas embedded in Chaney00000944.
4. Plaintiff contends that the information contained in the Investran database,[1] other than the client's raw data, is trade secret information. Specifically, this includes all of the information that Plaintiff inputs into the database based on its trade-secreted formulas, processes, and calculations referred to above.
5. Plaintiff contends that all training material regarding the processes that employees must use to create the proprietary workbooks described above is trade secret information. These trainings include but are not limited to Chaney 00000065-68, Chaney00000641, and Chaney00001555.
6. Plaintiff contends that its pricing data, including but not limited to Chaney00001713, Chaney00001845, Chaney00001847, and Chaney00001853-55 is trade secret information.
7. Plaintiff contends that its Profit and Loss analysis for acquiring companies is trade secret information.

---

[1] Although information contained in the Investran database includes Apex's trade secrets, Apex does not allege that the coding used to create the Investran database or the application of the database itself is an Apex trade secret.

**CONFIDENTIAL**

8. Plaintiff contends that its employee pay and integration award information is trade secret information, including but not limited to Chaney00001930.
9. Plaintiff contends that its revenue projections are trade secret information.
10. Plaintiff contends that its prospective client list and pitch materials are trade secret information.

**INTERROGATORY NO. 2: Identify the non-Apex-issued device to which Mr. Chaney downloaded Apex documents as referenced in paragraph 83 of the Amended Complaint, including: (i) the type of device; (ii) the model number of the device; (iii) all serial numbers, computer names, and other individual identifying designations of the device.**

**RESPONSE TO INTERROGATORY NO. 2:** Plaintiff objects to Interrogatory No. 2 because it is a contention interrogatory and fails to comport with Local Rule 33.3. Specifically, Plaintiff objects because the information sought by this Interrogatory is better addressed by a request for production in accordance with Local Rule 33.3 and is the subject of at least one request for production already served on Apex by the Employee Defendants. Plaintiff further objects to the Interrogatory to the extent the information sought is either equally available to or within the possession, custody, and control of Defendant. Plaintiff also objects to this Interrogatory as premature, because discovery is ongoing and because the Interrogatory seeks information that is the province of expert testimony yet to be developed. Plaintiff will supplement this Response if and when additional information becomes available.

**INTERROGATORY NO. 3: Identify all actions that Mr. Chaney engaged in to solicit any employee of Apex.**

**RESPONSE TO INTERROGATORY NO. 3:** Plaintiff objects to Interrogatory No. 3 because it is a contention interrogatory and fails to comport with Local Rule 33.3. Specifically, Plaintiff objects because the information sought by this Interrogatory is better addressed by a request for production in accordance with Local Rule 33.3 and is the subject of at least one request for production already served on Apex by the Employee Defendants. Plaintiff further objects to this Interrogatory because it seeks information that is either equally available to or within the possession, custody, or control of Defendant.

Date:    April 20, 2026

/s/ *Amy L. Ruhland*
Amy L. Ruhland
Texas Bar No. 24043561
amy.ruhland@pillsburylaw.com
Abigail Griffith
Texas Bar No. 24113585
abby.griffith@pillsburylaw.com
401 W 4th Street Suite 3200
Austin, TX 78701
(512) 580-9600

6