**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| APEX GROUP CAPITAL ADVISORS LLC F/K/A SANDSPOINT CAPITAL ADVISORS LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>RELATED FUND MANAGEMENT, LLC; JAMES KRAUS; LUCAS BELINKIE; PRESTON CALLEN; WILLIAM C. CHANEY; and RYAN HOPE,<br><br>                Defendants. | Case No. 25-CV-08892 (VEC) |

**JOINT MONTHLY DISCOVERY REPORT**

Pursuant to the Civil Case Management Plan and Scheduling Order [Dkt. 112], Plaintiff Apex Group Capital Advisors LLC ("Apex") and Defendants Related Fund Management, LLC ("RFM"), James Kraus ("Kraus," and together with RFM, the "Related Defendants"), Lucas Belinkie, Preston Callen, William C. Chaney, and Ryan Hope (the "Employee Defendants," and with the Related Defendants the "Defendants," and together with Apex, the "Parties") submit the following Joint Monthly Discovery Report:

**A.     Actions Completed in the Last Month by the Parties:**

1. The Parties have continued to produce documents on a rolling basis. Defendant Belinkie advised he substantially completed his document production on June 22, 2026.

2. On June 17, 2026, the Employee Defendants served subpoenas to testify on Maria Von Horvath and Michael D'Ignazio.

3. On June 17, 2026, counsel for Defendant Belinkie advised that he did not, as a matter of practice, retain all text messages on his mobile device predating January 17, 2025.

4. On June 22, 2026, Apex served its First Set of Interrogatories on Employee Defendants and Defendant Kraus. Additionally, Employee Defendants responded to Apex's First Set of Requests for Inspection.

5. On June 24, 2026, counsel for Defendant Callen advised that potentially responsive text messages "may have been auto-deleted by a function on Mr. Callen's phone and/or deleted by Mr. Callen as part of his purging of data on his phone to avoid increased iCloud storage charges prior to receipt of Apex's cease and desist letter in January

2025, though Mr. Callen does not have a specific memory of doing so."

6. On June 26, 2026, Apex sent a deficiency letter regarding the Employee Defendants' responses and objections to Apex's First Set of Requests for Inspection. On July 6, 2026, the Employee Defendants responded to Apex's letter.

7. On July 2, 2026, Apex provided Defendants with a hit report for custodian Georges Archibald's mobile device, personal email, and cloud storage sites. Apex further agreed to review the hits and produce all responsive, non-privileged documents.

8. On July 3, 2026, counsel for Defendant Hope advised that he did not disable an auto-deleting setting on his phone that has affected his ability to retrieve text messages predating mid-February 2025. On July 3, 2026, Hope subpoenaed his carrier, Verizon Communications, to obtain more data for those text messages.

9. On June 30 and July 10, 2026, the Parties met and conferred about the above issues and additional discovery disputes raised by the Employee Defendants.

**B.    Actions to be Completed in the Next Month by the Parties:**

The Parties anticipate continuing to produce responsive documents on a rolling basis through July. The Parties anticipate beginning depositions in August.

**C.    Disputes Between the Parties**

The Parties respectfully request a conference with the Court regarding several discovery disputes identified below. The Parties are available Tuesday, July 21.

1. **Forensic Imaging of the Employee Defendants' Devices and Accounts.** Apex contends that, in light of (i) the Employee Defendants' download activity to their Apex-issued devices and use of personal emails, external drives, and cloud storage sites preceding their departures from Apex, and (ii) Defendants Belinkie, Hope, and Callen's failure to preserve text messages, Apex should be allowed to forensically examine the Employee Defendants' personal computers, mobile phones, and personal email accounts, cloud storage sites, and external hard drives used from October 2024 to Present. The Employee Defendants assert that Apex has not met its burden for any such forensic imaging, and that the burden and expense of a forensic review is not justified, because Apex cannot show widespread destruction or withholding of information, and any such examination would be duplicative, disproportionate, and an unwarranted invasion of privacy. The Employee Defendants also contend that the requested examination is not warranted while Apex refuses to make available for examination Messrs. Clingerman and Moats (see below). Nevertheless, Defendants Belinkie, Hope and Callen agreed to the imaging of their mobile phones pursuant to a protocol that is being negotiated amongst Apex and the Employee Defendants but for the reasons stated above do not agree to allow any other personal devices to be imaged.

2. **Deposition of Experts John Clingerman and Bruce Moats.** The Parties dispute whether the Employee Defendants may depose Messrs. Moats and Clingerman, who Apex contends are its consulting experts. Apex contends that Messrs. Moats and Clingerman are protected from

discovery under Federal Rule of Civil Procedure 26(b)(4)(D). The Employee Defendants assert that Clingerman and Moats are *fact witnesses*, who filed declarations, in part, about a forensic review of the Employee Defendants' Apex devices to support Apex's preliminary injunction motion.

3. **Departure Information for Apex's Related Team, Dallas Office, and Sanne Group:** The Parties dispute whether Apex must provide employee and client departure information for its Related Team, Sanne Group and broader Dallas Office. Defendants contend that departure information for its Related Team for the full relevant period (June 2023-June 2025), and for the Sanne Group and Dallas Office, is relevant to prove that employees and clients left Apex for reasons independent of solicitation and to disprove any damages. Apex contends that the requested information extends beyond the Plaintiff entity in this case and the relevant team, and thus is neither proportional to the needs of the case nor relevant to the claims and defenses.

4. **Defendants' Request for Additional Deposition Time for Key Witnesses.** Defendants seek an extra 3.5 hours of deposition time for key witnesses (Ms. Von Horvath and Messrs. D'Ignazio, Archibald, Fullerton), because this case involves ten different claims and six different Defendants. Apex refuses to make any witness available for more than one day (seven hours).

5. **Search of Mr. Kraus's Text Messages.** The Parties dispute whether Defendant Kraus should be required to run Apex's revised search terms against his already collected text messages and provide a hit report. Apex contends that the allegations in the Complaint regarding Mr. Kraus's role in the alleged conspiracy, together with the limited text messages produced to date, justify running Apex's revised search terms against Mr. Kraus's text messages. Mr. Kraus contends that he has already produced broadly from his work files, and has also already run several broad searches, including those designed by Plaintiff, over his personal files. The search of his personal files included searches for the phone numbers of the Employee Defendants and his client contact at IQ-EQ, Ben Jamron, with no limitations. Counsel reviewed every text exchanged between Mr. Kraus and his purported co-conspirators and produced what was responsive, and therefore, they do not believe that a broader search is necessary.

6. **Supplementation of Apex's Trade Secret Disclosures.** The Parties dispute whether Apex must further supplement its trade secret disclosures at this stage. Defendants believe that Apex must supplement its trade secret disclosure now to identify the specific information that it contends are trade secrets because it should know what its trade secrets are. Apex claims that it needs forensic imaging to be able to identify all its trade secrets at issue in this case.

7. **Search of Mr. Vatsa's Personal Phone.** The Parties dispute whether the mobile device of Apex custodian, Mr. Sanjay Vatsa, must be searched for relevant text messages. Defendants contend that Mr. Vatsa is a high-level executive of Apex and that work emails show that he used his personal device for work-related communications, warranting a search of his text messages. Apex disputes this characterization and contends that the emails Defendants identify show only that Mr. Vatsa accessed Apex email from his phone, not that he used text messaging for work-related communications, and that relevant Outlook and Teams communications have already been collected, searched, and produced from Apex-controlled sources. Apex further contends that Mr. Vatsa's personal phone is not within Apex's possession, custody, or control.

3

Date:   July 15, 2026                /s/ *Abigail Griffith*

Amy L. Ruhland
Texas Bar No. 24043561
amy.ruhland@pillsburylaw.com
Abigail Griffith
Texas Bar No. 24113585
abby.griffith@pillsburylaw.com
401 W 4th Street, Suite 3200
Austin, TX 78701
(512) 580-9600

Brian L. Beckerman
Stephanie M. Coughlan
31 West 52nd Street
New York, NY 10019
Telephone: 212.858.1000
Fax: 212.858.1500
brian.beckerman@pillsburylaw.com
stephanie.coughlan@pillsburylaw.com

PILLSBURY WINTHROP SHAW PITTMAN LLP

*Attorneys for Apex Group Capital Advisors LLC*


/s/David Kimball-Stanley
Nicole Gueron
David Kimball-Stanley
Elizabeth R. Baggott
CLARICK GUERON REISBAUM LLP
41 Madison Avenue, 23rd Floor
New York, NY 10010
Phone: (212) 633-4310
Fax: (646) 478-9484
ngueron@cgr-law.com
dkimballstanley@cgr-law.com
ebaggott@cgr-law.com
*Attorneys for Defendants Related Fund
Management, LLC and James Kraus*

/s/ *Samuel J. Lieberman*
Samuel J. Lieberman
Jennifer Rossan
Scott C. Ferrier
SADIS & GOLDBERG LLP

4

551 Fifth Avenue, 21st Floor
New York, NY 10176
(212) 573-6675
*Counsel for Defendant Ryan Hope*

*/s/ Wilson E. Wray*
Wilson E. Wray (pro hac)
Texas State Bar No. 00797700
wwray@atwoodmccall.com
ATWOOD & MCCALL, PLLC
8150 N. Central Expressway, Suite 1100
Dallas, Texas 75206
T: (972) 665-9600
F: (214) 736-2960
Samuel J. Lieberman
Jennifer Rossan
Scott C. Ferrier
SADIS & GOLDBERG LLP
551 Fifth Avenue, 21st Floor
New York, NY 10176
(212) 573-6675
*Attorneys for Defendant Preston Callen*

*/s/ Laurie N. Patton*
SPENCER FANE LLP
Laurie N. Patton (admitted *pro hac vice*)
Elizabeth C. Conway
711 Third Avenue
New York, NY 10017
(212) 907-7300
lpatton@spencerfane.com
econway@spencerfane.com
*Attorneys for Defendant William C. Chaney*


*/s/ Stephanie K. Osteen*
Stephanie K. Osteen (admitted *pro hac vice*)
Caylin Cierra Craig (admitted *pro hac vice*)
FARROW-GILLESPIE HEATH WILMOTH LLP
1900 North St. Paul Street, Suite 2100
Dallas, TX 75201
(214) 361-5600
Samuel J. Lieberman
Jennifer Rossan
Scott C. Ferrier
SADIS & GOLDBERG LLP
551 Fifth Avenue, 21st Floor

5

New York, NY 10176
(212) 573-6675
*Counsel for Defendant Lucas Belinkie*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 15, 2026, a copy of the foregoing was served on all counsel of record electronically via ECF.


*/s/Abigail Griffith*
Abigail Griffith

6