

Elizabeth C. Conway
Direct Dial: (212) 907-7332
econway@spencerfane.com

August 7, 2026

**VIA ECF**

The Honorable Gary Stein
500 Pearl Street, Room 702
United States Courthouse
Southern District of New York
New York, New York 10007

> Re:    *Apex Group Capital Advisors LLC v. Related Fund Management, LLC et. al.*,
> No. 25-cv-08892 (VEC)

Dear Honorable Gary Stein,

This firm represents Defendant William C. Chaney ("Mr. Chaney") in connection with the above-referenced matter, and we write to respond to the letter filed by Plaintiff Apex Group Capital Advisors, LLC ("Plaintiff") on July 22, 2026 (Dkt. 155), after the parties' joint submission to the Court regarding discovery matters (Dkt. 153), which the Court referred to Your Honor on July 16, 2026 (Dkt. 154). We will be prepared to address these matters at the upcoming conference on August 18, 2026, but because Plaintiff filed their July 22 letter after the parties' joint submission, we write briefly to address Plaintiff's letter, which mischaracterizes Mr. Chaney's good faith preservation and production of documents and purports to rely on it as a basis for Plaintiff's invasive and disproportionate demand for a forensic review of Mr. Chaney's personal devices. As set forth in the parties' joint submission, Plaintiff fails to meet its high burden for forensic imaging of any personal devices (Dkt. 153 at 2), and Mr. Chaney's July 17 production of an irrelevant archived Outlook .pst file, consisting of documents from approximately 2016-2023, which is well outside the relevant period in this case, does not come close to supplying the necessary justification for a forensic review by opposing counsel.

On July 1, 2026, Apex identified 264 documents in Mr. Chaney's production that it believed were Apex "confidential trade secrets" that should have been produced in connection with the TRO. On July 10, 2026, we responded and advised we would review, but an initial look showed the documents were primarily outside the January 1, 2024-present (the "Relevant Time Period" as defined by Apex), and that the documents were produced in complete transparency because they were included in the document batches that hit on the search terms agreed-upon with Plaintiff's counsel. We further advised that if there were any additional documents to produce after our review, we would immediately produce them. Dkt. 155-2 at 2. Thereafter, we reviewed

The Honorable Gary Stein
August 7, 2026
Page  2

the metadata for the 264 documents more closely and discovered the documents were part of an archived Outlook .pst file that Mr. Chaney did not know was on his personal laptop at the time of the TRO collection, and was not readily identifiable by the team assisting with his collection.  The archived file includes SandsPoint emails, calendar invites and emails from 2016-2023, *all outside of the Relevant Time Period in this case,* and not at issue in Plaintiff's TRO papers or the discovery protocol.  The additional files did not hit on search terms and therefore were not discovered previously.  None of these documents are Apex confidential trade secrets and are wholly irrelevant.  Nevertheless, on July 17, Mr. Chaney produced the remainder of the archived Outlook .pst file, along with a cover email explaining the above.  Dkt. 155-1.  Plaintiff's attempt to transform this production into a basis for a forensic review is entirely meritless for several independent reasons.

First and foremost, all documents contained in the Outlook .pst are outside the Relevant Time Period (January 1, 2024-present), and not relevant to Plaintiff's claims against Mr. Chaney.  Plaintiff's own proposed protocol for the forensic review of Mr. Chaney's devices would not even capture these files because that protocol would only capture documents from January 1, 2024 to the Present.  Plaintiff's attempt to rely on these documents when its own protocol acknowledges they are not relevant should be rejected because Plaintiff cannot bootstrap its demand for a forensic review on the basis that Mr. Chaney produced irrelevant documents.  Moreover, Plaintiff cannot credibly claim that its forensic review would have captured these documents, so it is unclear why they are claiming the production of them justifies its demand to forensically image nearly all of the defendants' personal devices.

Second, rather than establish any "widespread destruction or withholding of information," as required to meet Plaintiff's burden, Mr. Chaney's July 17 production demonstrates he properly retained and collected all potentially relevant documents on his laptop.  In addition, Plaintiff itself admits that Mr. Chaney's retained all his text messages (Dkt. 155 at 2).  The identification of these documents, and Mr. Chaney's good faith production following discussion with counsel, demonstrates the discovery process at work.

Third, Plaintiff argues that this production confirms their concern regarding an alleged "self-directed collection" in response to the TRO/PI and "in this case generally."  Mr. Chaney has already clarified he did not self-collect in response to the TRO/PI, but whether he or the Employee Defendants did or not at the time is irrelevant to Plaintiff's demand for a forensic review now.[1]  Plaintiff has no good faith basis to allege that Mr. Chaney is "self-direct[ing]" a collection "generally in this case."  Counsel has repeatedly told Plaintiff that Mr. Chaney and the other defendants utilized third-party e-discovery vendors to preserve evidence and to collect potentially relevant discovery from their devices.  Counsel then applied the agreed-upon search terms in this case, reviewed documents that hit on those search terms and produced responsive documents.

---

[1] Moreover, Plaintiff never proposed any search terms, never provided an identification of documents that it believed were in Mr. Chaney's possession, nor did it propose a protocol so that it could have its purported "confidential and trade secret" returned to it as part of the TRO/PI process.  At that time, the parties were focused on documents that the Employee Defendants may have accessed at or around the time of their departure and in the months leading up to the departure, not a deep dive into any potential document (whether trade secret or not) on the Employee Defendants' devices.

The Honorable Gary Stein
August 7, 2026
Page  3


Plaintiff's own search terms did not capture the additional documents from the Outlook.pst file. Nevertheless, when Mr. Chaney's counsel discovered it, even though not relevant, Mr. Chaney produced the files.

Next, Plaintiff argues that it requires a forensic review to determine if any of the emails were "accessed, used, or disclosed, and when," but the metadata for each file already shows Plaintiff that information.  As Plaintiff should know from their review, the metadata produced shows that this information was not accessed within the Relevant Time Period prior to its collection for this case.

Lastly, Plaintiff's argument that the "timing" of Mr. Chaney's production is "notable" is entirely misleading.  Plaintiff's own submissions show that counsel for Mr. Chaney and Apex were discussing these discovery issues for several weeks in advance of the July 15 submission, and if Plaintiff's counsel wanted to include specifics concerning the dispute, it was free to do so.  The Joint Submission makes clear productions are ongoing, stating that the parties "anticipate continuing to produce responsive documents on a rolling basis through July…" (Dkt. 153 at 2), which is what happened here.

For all these reasons, Plaintiff fails to meet the burden to demand a forensic review of Mr. Chaney's personal devices, and its reliance on Mr. Chaney's July 17 production is entirely misplaced.  The facts show that Mr. Chaney has preserved, collected, and produced, above and beyond his obligations in this case, and there is no basis to order such an invasion of privacy, especially when based on admittedly irrelevant documents.


Respectfully,

/s/ *Elizabeth C. Conway*

Elizabeth C. Conway


Cc:    Counsel of Record (via ECF)