**SADIS**

Scott Ferrier, Esq.
Sadis & Goldberg LLP
551 Fifth Avenue, 21st Floor
New York, NY 10176
Phone: 212.573.8021
sferrier@sadis.com

August 12, 2026

**VIA ECF**

The Honorable Gary Stein
United States Magistrate Judge
500 Pearl Street, Room 702
United States Courthouse
New York, NY 10007

Re:  *Apex Group Capital Advisors LLC v. Related Fund Management et al.*, 25-cv-08892:
     Apex's Waiver of Objections & Refusal to Produce Existing Forensic Images

Dear Judge Stein:

I write on behalf of Defendants Preston Callen and Ryan Hope, under Rule I(A) of Your Honor's Individual Practices, to address a dispute regarding Plaintiff Apex Group Capital Advisors LLC's ("Apex") (1) waiver of its objections to the Second Sets of Requests for Production served by Messrs. Hope and Callen (the "Requests"), and (2) refusal to produce existing forensic images of the Apex-issued computers used by Defendants Callen, Hope, Belinkie, and Chaney (the "Employee Defendants"), which contain evidence disproving Apex's allegations that the Employee Defendants stole Apex information by downloading documents to their work computers. (Am. Compl. ¶¶ 91, 101).

*First*, Apex waived objections to the Requests. Mr. Hope served his Requests on June 18, 2026, including Request No. 7 seeking a forensic image of his Apex work computer, which made Apex's responses and objections to Hope's Requests due on July 20, 2026. Mr. Callen served his Requests on June 24, 2026, including Request No. 8 seeking a forensic image of his Apex work computer, which made Apex's responses and objections to Mr. Callen's requests due on July 24, 2026. *See* Fed. R. Civ. P. 34(b)(2)(A). But Apex did not respond by these deadlines. Nor did Apex request a timely extension.[1]

Instead, on July 27, 2026, counsel for the Employee Defendants notified Apex that it had waived its objections to the Requests. Apex responded that it "disagree[d]," without citing any legal authority. Only after the Employee Defendants raised Apex's waiver did Apex purport to

---

[1] Due to Apex's untimely responses it waived objections. *See Eldaghar v. City of New York Dep't of Citywide Admin. Servs.*, 2003 WL 22455224, at *1 (S.D.N.Y. Oct. 28, 2003) ("The law is well settled that a failure to assert objections to a discovery request in a timely manner operates as a waiver."). As the court explained, "[a]ny other result would . . . completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences." *Id.* (citation omitted).

serve responses and objections—eight days late for Mr. Hope and four days late for Mr. Callen. Thus the objections have been waived. [2]

*Second*, the Court should compel Apex to produce forensic images of the Employee Defendants' Apex-issued work computers because those images contain critical evidence bearing directly on whether the Employee Defendants transferred Apex files from their work computers to personal devices or accounts. Apex alleges that the Employee Defendants downloaded information onto their Apex-issued computers and then misappropriated that information, while simultaneously claiming that it cannot determine from a review of those Apex-issued computers what, if anything, was actually transferred elsewhere. The forensic images of the Apex computers may show that nothing was transferred away from the Apex-issued devices. The Employee Defendants can examine the images for key evidence including: (i) "Prefetch files" that may reveal whether data-exfiltration tools were used; (ii) "Browser artifacts" that may show whether files were uploaded through web-based services like a Google; (iii) USB-device history showing whether external storage devices were connected and potentially used to transfer data;[3] and (iv) "Windows Event Viewer" records that may provide additional evidence concerning USB-device usage.[4] The Employee Defendants cannot currently conduct that analysis, because Apex has refused to produce forensic images of the Employee Defendants' Apex-issued work computers.

Moreover, Apex's untimely objections to producing the forensic images are improper and should be overruled. The Requests seek evidence directly relating to Apex's allegations that the Employee Defendants downloaded thousands of documents and that those documents may have been transferred to personal devices or accounts. Apex has acknowledged that the alleged download activity was to the Employee Defendants' "Apex-issued devices." Dkt. 155 at 1. Accordingly, Mr. Hope's Request No. 7 and Mr. Callen's Request No. 8 seek forensic images of their Apex-issued devices, including images that Apex has already created or referenced in support of its claims. Notably, Apex has already "forensically imaged" the Employee Defendants' Apex-issued computers. Apex admitted in its papers in support of its motion for preliminary injunction that it had these computers forensically imaged. (Dkt. No. 35 ¶¶7-8, 12; *id.* No. 37 ¶5.) Therefore, ordering Apex to produce forensic images of the Employee Defendants would not impose a significant additional burden upon Apex. Instead, Apex can merely copy these forensic images and produce the copy to the Employee Defendants.

Compelling Apex to produce forensic images of the Employee Defendants' Apex computers is consistent with the principle that a party must also be afforded an opportunity to "probe the veracity" of an opponent's factual assertions. *Kaplan v. Home Depot U.S.A., Inc.*, 2012 WL 3283456, at *6 (S.D.N.Y. Aug. 13, 2012). Here, the Employee Defendants seek forensic

---

[2] The parties met and conferred regarding the waiver on July 30, 2026, and agreed that they were at an impasse on the waiver issue. The Employee Defendants reserve the right to raise other issues on the Requests if the parties reach an impasse.

[3] *See* Magnet Forensics Website, *available at* https://www.magnetforensics.com/blog/investigating-data-exfiltration-key-digital-artifacts-across-windows-linux-and-macos/

[4] *See* TechRepublic, How to track down USB flash drive usage with Windows 10's Event Viewer, April 3, 2017 https://www.techrepublic.com/article/how-to-track-down-usb-flash-drive-usage-in-windows-10s-event-viewer/.

images of their work computer in order to "investigate and discern critical facts in support of their theories and defenses," namely, that the forensic images of the work computers confirm that the Employee Defendants did not use those computers to steal Apex information. *Anvik Corp. v. Samsung Elecs. Co.*, 2009 WL 10695623, at \*3 (S.D.N.Y. Sept. 16, 2009). At a minimum, such discovery should be compelled under the principle that the "scope of discovery under the Federal Rules of Civil Procedure is to be liberally construed so as to provide both parties with information essential to proper litigation on all the facts." *Malsh v. New York City Police Dep't*, 1995 WL 217507, at \*1 (S.D.N.Y. Apr. 11, 1995) (quoting *Mallinckrodt Chem. Works v. Goldman, Sachs & Co.*, 58 F.R.D. 348, 352–53 (S.D.N.Y. 1973)).

In addition, the Employee Defendants should be provided with discovery of the "forensic image" of the Employee Defendants' Apex work computers, because Apex has already put the contents of these forensic images at issue in its papers in support of its motion for preliminary injunction. (Dkt. No. 37 ¶¶7-8.) Apex submitted declarations in support of its preliminary injunction motion, which directly put the contents of the forensic images of the Employee Defendants' Apex computers at-issue in this litigation. Having put the contents of the forensic images of the Employee Defendants' Apex computers at issue, Apex cannot avoid their production. It is well-settled that "a litigant may not maintain a position while refusing to furnish basic discovery of it." *S.E.C. v. Benson*, 1985 WL 1308, at \*2 (S.D.N.Y. Apr. 9, 1985).

Furthermore, the Employee Defendants' Requests do not seek unrestricted access to Apex's systems, as Apex's objections suggest. Instead, the Requests seek only forensic images of the specific Apex-issued devices on which Apex claims the alleged downloads occurred. Any legitimate privilege or confidentiality concerns can be addressed through the existing protective order, privilege review, or an appropriately tailored forensic protocol.

*Finally*, the Employee Defendants' Requests for forensic images of the Employee Defendants' Apex-issued computers are much less burdensome and invasive to privacy interests than the independent forensic review of the Employee Defendants' personal devices that Apex seeks. Producing forensic images of the Employee Defendants' Apex-issued computers will not impose additional or significant costs on Apex, because Apex already has forensic images of these devices – and will not need to incur significant expenses to provide a copy of these images to the Employee Defendants. Further, providing forensic images of the Employee Defendants' Apex computers will not invade any legitimate privacy interests, because no party has an expectation of privacy in the Employee Defendants' Apex-issued devices.

In stark contrast, Apex's demand for an independent forensic review of the Employee Defendants' personal devices will (i) impose significant costs on the Employee Defendants by requiring them to obtain forensic images for production to Apex, and (ii) invade the Employee Defendants' significant privacy interests by requiring them to turn over access to their private personal devices to their adversary, Apex. A copy of the Employee Defendants' letter demonstrating why Apex's request for an independent forensic examination of the Employee Defendants' personal devices is attached hereto as **Exhibit A**.

Accordingly, the Employee Defendants respectfully request that the Court order Apex to produce forensic images of the Employee Defendants' work computers and related nonprivileged

forensic data responsive to Messrs. Hope's and Callen's Requests. This request includes producing evidence showing whether files were transferred from the Apex-issued work devices to any external device, account, or platform.

Respectfully submitted,

/s/ *Scott C. Ferrier*
Scott C. Ferrier

cc: All Counsel of Record (via ECF)

4