**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| APEX GROUP CAPITAL ADVISORS LLC F/K/A SANDSPOINT CAPITAL ADVISORS LLC,<br><br>Plaintiff,<br><br>v.<br><br>RELATED FUND MANAGEMENT, LLC; JAMES KRAUS; LUCAS BELINKIE; PRESTON CALLEN; WILLIAM C. CHANEY; and RYAN HOPE,<br><br>Defendants. | Case No. 25-CV-08892 (VEC) |

# JOINT MONTHLY DISCOVERY REPORT

Pursuant to the Civil Case Management Plan and Scheduling Order [Dkt. 112], Plaintiff Apex Group Capital Advisors LLC ("Apex") and Defendants Related Fund Management, LLC ("RFM"), James Kraus ("Kraus," and together with RFM, the "Related Defendants"), Lucas Belinkie, Preston Callen, William C. Chaney, and Ryan Hope (the "Employee Defendants," and with the Related Defendants the "Defendants," and together with Apex, the "Parties") submit the following Joint Monthly Discovery Report:

## A. Actions Completed in the Last Month by the Parties

1. The Parties have continued to produce documents on a rolling basis. Notably, despite representing in the Joint Monthly Discovery Report filed on May 15, 2026, that Employee Defendants planned on substantially completing production by the end of May, Defendant Chaney supplemented his production on July 17, 2026, with over 8,000 previously unproduced documents from an Outlook (.PST) file containing thousands of Apex emails and documents housed on Chaney's personal laptop. Chaney contends he was not aware that this archive existed at the time of the TRO collection and that the archive was not readily identifiable by the forensic team assisting with the collection. The Employee Defendants contend the documents from the archive were outside of the Relevant Time Period and thus not responsive to the discovery requests served by Plaintiff but were produced once identified as they were related to Chaney's prior employment with Plaintiff. Apex disputes this claim and contends the documents should have been produced in connection with the Court's TRO and PI Orders. Additionally, Apex has represented that it is looking into and will produce additional documents regarding its internal investigation into a data breach in early 2025.

2. On July 27, 2026, Apex filed a Notice of Motion to Amend First Amended Complaint.

3. On July 29, 2026, Apex filed an Amended Notice of Motion to Amend First Amended Complaint.

4. On July 30, 2026, the Parties met and conferred regarding a joint letter requesting a stay of depositions and Apex's purported waiver of objections to Defendants Callen and Hope's second set of requests. The Parties agreed to jointly request a stay of deposition and agreed they were at an impasse on the waiver issue.

5. On July 30, 2026, Defendant Hope provided Apex with the letter he received from Verizon regarding the documents requested in his subpoena. However, Defendant Hope has not yet received any text messages or call logs from Verizon.

6. On July 31, 2026, the Parties exchanged privilege logs.

7. On July 31, 2026, the Parties requested that the Court stay depositions in light of Apex's Motion to Amend the First Amended Complaint. On August 3rd, 2026, the Court granted that request.

8. Defendants Belinkie, Hope, and Callen have acknowledged that some text messages during the relevant time period were not preserved. Those Defendants have agreed to obtain and produce call and text message logs from their respective cellular service providers, which appear to be the only remaining records of such communications available from the providers. On August 10, 2026, Defendant Callen produced his AT&T call and text message logs. On August 14, 2026, Defendant Belinkie produced his AT&T text message logs.

9. On August 10, 2026, Apex served a discovery deficiency letter on Employee Defendants regarding their refusal to respond to Interrogatory No. 6 from Apex's First Set of Interrogatories, seeking information regarding Apex documents and information in their personal possession. Apex also noted that Defendant Belinkie's contention-interrogatory objection is inconsistent with the position he took in his April 28, 2026, deficiency letter, in which he rejected Apex's similar objection.

10. On August 12, 2026, Defendants Callen and Hope filed a letter to Magistrate Judge Stein [Dkt. 169], concerning Apex's refusal to produce forensic images of the Employee Defendants' Apex-issued devices created by Apex's expert consultant. The Employee Defendants contend they are integral to Apex's claims and Apex waived its objections to producing them. Apex contends the documents are privileged and this issue is not properly before Magistrate Judge Stein pursuant to Your Honor's July 16, 2026 Order [Dkt. 154].

11. On August 13, 2026, the Employee Defendants sent a letter to Apex regarding alleged deficiencies in Apex's privilege log. Specifically, the Employee Defendants contend Apex's privilege log (i) fails to describe any privilege asserted; (ii) improperly asserts privilege over documents not from an attorney; (iii) asserts privilege over communications with third parties; and (iv) Apex waived privilege by putting its forensic investigation directly at issue in this case.

12. On August 13, 2026, Apex reached out to Defendant Chaney regarding deficiencies in the text message logs received from AT&T.

13. On August 14, 2026, Apex served its Second Requests for Production to RFM.

**B. Actions to be Completed in the Next Month by the Parties**

The Parties anticipate continuing to produce responsive documents on a rolling basis. As more fully described in the Parties' July 15, 2026, Joint Monthly Discovery Report [Dkt. 152], despite their meet-and-confer efforts, the Parties remain at an impasse regarding those issues. Pursuant to Your Honor's Order referring those issues to Magistrate Judge Gary Stein [Dkt. 154], the Parties are scheduled to attend a video conference on August 18, 2026, to address these disputes.

**C. Disputes Between the Parties**

The Parties dispute whether Apex waived its objections to Hope's and Callen's Second Requests for Production by responding four days after the deadline to respond to Callen's requests and eight days after the deadline to respond to Hope's requests. The Employee Defendants contend that Apex should produce the forensic images because they are highly relevant to Apex's claim of misappropriation; Apex claims that it needs to examine the Employee Defendants' personal laptops because it cannot determine what, if anything, was taken from the Employee Defendants' laptops, and because Apex waived objections to producing Hope and Callen's Apex-issued devices by failing to respond within 30 days. The Employee Defendants contend that the issue is ripe and properly before Magistrate Judge Stein because Apex cannot claim that it needs to forensically image the Employee Defendants' personal devices in order to prove its misappropriation claim while simultaneously refusing to provide evidence of its own investigation regarding the Employee Defendants' alleged misappropriation.

Apex contends that there was no waiver because the brief delay resulted from Defendants Hope's and Callen's failure to properly serve the document requests on all counsel for Apex. Specifically, Defendants Hope and Callen did not serve the requests on all counsel for Apex, in part, because one service email entirely omitted Apex's lead discovery counsel, Abby Griffith, and the other service email used an incorrect email address using the domain "@pillsbury.com," rather than Ms. Griffith's correct "@pillsburylaw.com" address. As a result, counsel overseeing discovery did not receive the requests when they were purportedly served. Once the issue was brought to counsel's attention, Apex promptly served its responses and objections the next day. Apex further contends that no waiver occurred because: (i) the documents sought are privileged, and (ii) the brief delay caused no prejudice to Defendants Hope and Callen, as the requests at issue mirrored those previously propounded by Defendant Belinkie and properly objected to by Apex on June 15, 2026. Apex further contends that Defendants Callen's and Hope's letter to Magistrate Judge Stein regarding this dispute was improper because, pursuant to Your Honor's July 16, 2026 Order [Dkt. 154], only the discovery disputes outlined by the Parties in the July 15, 2026, Joint Monthly Discovery Report [Dkt. 152] were referred to Magistrate Judge Stein, and this dispute was not among them.

Date: August 17, 2026 /s/ *Abigail Griffith*

Amy L. Ruhland
Texas Bar No. 24043561
amy.ruhland@pillsburylaw.com
Abigail Griffith
Texas Bar No. 24113585
abby.griffith@pillsburylaw.com
401 W 4th Street, Suite 3200
Austin, TX 78701
(512) 580-9600

Brian L. Beckerman
Stephanie M. Coughlan
31 West 52nd Street
New York, NY 10019
Telephone: 212.858.1000
Fax: 212.858.1500
brian.beckerman@pillsburylaw.com
stephanie.coughlan@pillsburylaw.com

PILLSBURY WINTHROP SHAW PITTMAN LLP

*Attorneys for Apex Group Capital Advisors LLC*

*/s/David Kimball-Stanley*____
Nicole Gueron
David Kimball-Stanley
Elizabeth R. Baggott
CLARICK GUERON REISBAUM LLP
41 Madison Avenue, 23rd Floor
New York, NY 10010
Phone: (212) 633-4310
Fax: (646) 478-9484
ngueron@cgr-law.com
dkimballstanley@cgr-law.com
ebaggott@cgr-law.com
*Attorneys for Defendants Related Fund Management, LLC and James Kraus*

*/s/ Scott C. Ferrier*____
Samuel J. Lieberman
Jennifer Rossan
Scott C. Ferrier
SADIS & GOLDBERG LLP
551 Fifth Avenue, 21st Floor
New York, NY 10176
(212) 573-6675

*Counsel for Defendant Ryan Hope*

*/s/ Wilson E. Wray*
Wilson E. Wray (pro hac)
Texas State Bar No. 00797700
wwray@atwoodmccall.com
ATWOOD & MCCALL, PLLC
8150 N. Central Expressway, Suite 1100
Dallas, Texas 75206
T: (972) 665-9600
F: (214) 736-2960
Samuel J. Lieberman
Jennifer Rossan
Scott C. Ferrier
SADIS & GOLDBERG LLP
551 Fifth Avenue, 21st Floor
New York, NY 10176
(212) 573-6675
*Attorneys for Defendant Preston Callen*

*/s/ Laurie N. Patton*
SPENCER FANE LLP
Laurie N. Patton (admitted *pro hac vice*)
Elizabeth C. Conway
711 Third Avenue
New York, NY 10017
(212) 907-7300
lpatton@spencerfane.com
econway@spencerfane.com
*Attorneys for Defendant William C. Chaney*

*/s/ Stephanie K. Osteen*
Stephanie K. Osteen (admitted *pro hac vice*)
Caylin Cierra Craig (admitted *pro hac vice*)
FARROW-GILLESPIE HEATH WILMOTH LLP
1900 North St. Paul Street, Suite 2100
Dallas, TX 75201
(214) 361-5600
Samuel J. Lieberman
Jennifer Rossan
Scott C. Ferrier
SADIS & GOLDBERG LLP
551 Fifth Avenue, 21st Floor
New York, NY 10176
(212) 573-6675
*Counsel for Defendant Lucas Belinkie*

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 17, 2026, a copy of the foregoing was served on all counsel of record electronically via ECF.

*/s/Abigail Griffith*
Abigail Griffith