pillsbury

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

Brian L. Beckerman
Tel: +1.212.858.1228
brian.beckerman@pillsburylaw.com

August 17, 2026

**VIA ECF**
Hon. Gary Stein
United States Courthouse
500 Pearl Street, Room 702
New York, New York 10007

**Re:** ***Apex Group Capital Advisors LLC v Related Fund Management, LLC, et al.*, No. 25-cv-08892 (VEC)**

Dear Judge Stein:

We write on behalf of Plaintiff Apex Group Capital Advisors LLC ("Apex"), pursuant to Rule II(C)(2) of Your Honor's Individual Practices in Civil Cases, in response to the August 12, 2026 letter submitted by Defendants Preston Callen and Ryan Hope[1] concerning (1) their contention that Apex waived its objections to their Second Sets of Requests for Production (the "RFPs"), and (2) their demand that Apex produce privileged forensic reports of the Employee Defendants' work computers (Dkt. 143, the "8/12/26 Letter").

**The Court Should Disregard the 8/12/26 Letter in Its Entirety**

As a threshold matter, Apex respectfully submits that the two discovery disputes raised in the 8/12/26 Letter are not properly before Your Honor under the existing referral Order (Dkt. 154) and, thus, are outside the scope of topics set for decision at the upcoming August 18 discovery conference. Judge Caproni's July 16, 2026 Order referred to Your Honor the specific discovery disputes identified in the parties' July 15, 2026 Joint Monthly Discovery Report (Dkt. 153). The two issues raised in the 8/12/26 Letter were not among them. Accordingly, Apex respectfully requests that Your Honor decline to adjudicate them.

Your Honor should separately disregard Exhibit A to the 8/12/26 Letter (Dkt. 169-1) as a transparent attempt to submit six pages of briefing—on the eve of the August 18 hearing—opposing Apex's request for forensic imaging of the Employee Defendants' personal devices, a separate discovery dispute that has existed for months.

[1] Defendants Lucas Belinkie, William C. Chaney, Preston Callen and Ryan Hope are collectively referenced herein as the "Employee Defendants."

The Court did not invite further briefing on that dispute in advance of the August 18 hearing. Dkt. 156. Yet Defendants used their 8/12/26 Letter to place before the Court a six-page advocacy letter devoted to opposing Apex's personal-device imaging request, complete with extensive factual argument and legal argument containing citations to nearly a dozen judicial decisions. Defendants Callen and Hope attempt to justify Exhibit A as necessary to "contrast" the parties' respective forensic requests. But the two requests present distinct discovery disputes involving different devices, different discovery histories, different burdens and privacy considerations, and different asserted grounds for production.

Apex will not submit additional briefing concerning its forensic-imaging request unless and until directed to do so by the Court. If, however, the Court intends to consider Exhibit A to the 8/12/26 Letter in resolving that dispute, Apex respectfully requests an opportunity to respond and that the Court set an appropriate briefing schedule.[2]

**<u>Defendants Callen's and Hope's Arguments in Favor of Their Newly Asserted Discovery Disputes Fail on the Merits</u>**

To the extent Your Honor determines that the two discovery disputes in the 8/12/26 Letter are properly before the Court, Defendants Callen's and Hope's arguments fail on the merits for the reasons set forth below.

*First*, Apex did not waive its objections to the RFPs merely because it purportedly served its responses four and eight days, respectively, after the applicable deadlines. Importantly, the 8/12/26 Letter conspicuously omits the circumstances that caused those delays: **Defendants Callen and Hope failed to properly serve the RFPs on all Apex's counsel of record**, including Apex's lead discovery counsel, Ms. Abby Griffith, at her correct email address. Specifically, one service email entirely omitted Ms. Griffith altogether, and the other service email used an incorrect email address using the domain "@pillsbury.com," rather than Ms. Griffith's correct "@pillsburylaw.com" address. Once Defendants Callen and Hope brought the missed deadlines to Apex's attention, Apex served its responses and objections to the RFPs the **very next day**.

Whether an untimely response results in waiver is committed to the Court's discretion. *See Callaway Golf Co. v. Corp. Trade Inc.*, 2011 WL 1642377, at *2 (S.D.N.Y. Apr. 25, 2011). Because waiver is a "harsh sanction," courts generally reserve it for circumstances where a party cannot explain its delay, disregards a court directive to respond, or fails to respond altogether. *Id.* Those circumstances are plainly absent here. As explained above, the four- and eight-day delays were brief, inadvertent, and promptly cured once brought to our attention. Courts routinely decline to impose waiver under comparable circumstances. *See, e.g., Osdoby v. Handi-Foil Corp.*, 2023 WL 3306967, at *3 (E.D.N.Y. May 7, 2023) (declining to impose the "draconian sanction" of waiver where responses were four days late).

---

[2] The 8/12/26 Letter should also be independently rejected for violating Rule 2(C)(ii) of Your Honor's Individual Rules concerning page limits and the required contents of letter submissions.

Defendants Callen and Hope also fail to identify any prejudice from the minor delay. Nor could they: the deadline for the completion of fact discovery is more than a month away and no depositions have yet been taken or even scheduled.[3] Moreover, the RFPs substantially mirrored requests previously served by Defendant Belinkie, to which Apex had already timely asserted its objections on June 15, 2026. Defendants Callen and Hope therefore were already on notice of Apex's position. Imposing the harsh sanction of waiver under these circumstances is unwarranted.[4]

Lastly, even if the Court were to find that Apex waived certain objections to the RFPs, any such waiver should not extend to Apex's privilege objections. *See, e.g., Carl v. Edwards*, 2017 WL 4271443, *7 (E.D.N.Y. Sept. 25, 2017) (finding all objections waived except as to privilege).

*Second*, the Employee Defendants' demand that Apex produce forensic images of the Employee Defendants' Apex-issued computers should be denied because those materials are privileged. Those forensic images were created by Apex's **non-testifying** expert consultants in anticipation of this litigation, and, thus, are protected from disclosure under Federal Rule of Civil Procedure 26(b)(4)(D). Defendants Callen's and Hope's contention that Apex waived such privilege by relying on limited forensic evidence in support of its preliminary injunction motion is baseless. *See, e.g.*, *Vista Food Exch., Inc. v. Comercial De Alimentos Sanchez S De R L De C.V.*, 2026 WL 1102349, at *5 (S.D.N.Y. Apr. 23, 2026) (denying argument that Rule 26(b)(4)(D) protections were waived when forensics consulting expert submitted affidavit in opposition to party's motion for leave to amend complaint); *Nat'l Ass'n for Advancement of Colored People v. E. Ramapo Cent. Sch. Dist.*, 2018 WL 11260464, at *3 (S.D.N.Y. July 2, 2018) (citing authority supporting "the proposition that an expert's participation in preliminary injunction proceedings is separate and apart from whether that expert is a testifying expert for purposes of trial, as contemplated by Rule 26").

Lastly, Apex is not, as Defendants Callen and Hope suggest, "refusing to furnish basic discovery" concerning the Employee Defendants' download or transfer activity. The Employee Defendants well know what they downloaded and transferred from Apex's systems. In any event, Apex has already produced tens of thousands of responsive documents pursuant to the Employee Defendants' document requests, including an extensive multi-million-row excel spreadsheet containing the very information the Employee Defendants now seek, including every download the Employee Defendants made from Apex's Egnyte system immediately preceding their departure from Apex (i.e., from October 2024 to December 2024).

Respectfully submitted,

*<u>/s/ Brian L. Beckerman</u>*
Brian L. Beckerman

---

[3] All deposition discovery is stayed, at the parties' joint request, pending the Court's decision on Apex's motion for leave to amend its First Amended Complaint. *See* Dkt. 167.

[4] The circumstances present here are entirely unlike those in the cases cited in the 8/12/26 Letter, such as *Eldaghar v. City of New York Department of Citywide Administrative Services*, 2003 WL 22455224, at *1 (S.D.N.Y. Oct. 28, 2003), involving an "unexcused and unexplained" failure to timely object.