SADIS

Samuel J. Lieberman, Esq.
Sadis & Goldberg LLP
551 Fifth Avenue, 21st Floor
New York, NY 10176
Phone: 212.947.3793
slieberman@sadis.com

August 21, 2026

**VIA ECF**
Hon. Gary Stein
United States Magistrate Judge
500 Pearl Street, Room 702
United States Courthouse
New York, NY 10007

Re: *Apex Group Capital Advisors LLC v. Related Fund Mgmt. et al.*, 25-cv-08892: Employee Defendants' Clingerman and Moats Deposition Letter Brief

Dear Judge Stein:

I write on behalf of the Employee Defendants regarding Plaintiff Apex Group Capital Advisors LLC's ("Apex") refusal to make fact declarants John Clingerman and Bruce Moats available for deposition. The Court should permit the depositions of Messrs. Clingerman and Moats as fact witnesses, (i) who publicly filed fact declarations in support of Apex's partially successful Preliminary Injunctions (the "PI Fact Declarations"), and (ii) whose PI Fact Declarations are specifically incorporated in Apex's Amended Complaint (Dkt. 80 ¶¶ 75, 85, 105), and in Apex's Opposition to the Employee Defendants' Motion to Dismiss, (Dkt. 115 at 8-9).

*First*, Apex affirmatively disclosed Clingerman and Moats's findings in the PI Fact Declarations, Apex's Amended Complaint, and Opposition to the Motion to Dismiss. Clingerman provided a declaration that Mr. Belinkie used his "personal web-based email account named 'lucas.belinkie@gmail.com'" (including to receive emails from his work email) and accessed a "Google Drive," at the same time Apex alleges he downloaded documents to his work computer. (Dkt. 37 at 161-62 ¶¶ 10-11.) Clingerman testified Mr. Callen "connected a universal serial bus device ('USB')" to his work computer and used an external computer to make "remote desktop protocol (RDP) connections to" a "computer on the Apex internal network," at the same time he allegedly downloaded documents to his Apex computer. (*Id.* at 162-63 ¶¶14-15.) Mr. Moats stated that Mr. Chaney accessed "three" personal "web-based email accounts" at the same time he allegedly downloaded Apex documents to a work computer, and provided "a report of files" that Mr. Chaney allegedly "marked for deletion." (*Id.* at 174-75 ¶¶6-9.)

Next, Apex cited Clingerman's and Moats's findings about Belinkie's, Callen's and Chaney's use of "personal web-based email[s]", a "Google Drive", "a USB device," remote connections from "an unknown, non-Apex Capital-issued computer", and deletion of files in the Amended Complaint. (Dkt. 80 ¶¶75, 85, 105.) *Critically*, Apex highlighted these allegations as a centerpiece of its Opposition to the Employee Defendants' motion to dismiss the trade secret claims:

> "Apex alleges that Belinkie downloaded the company's trade secrets while simultaneously using his personal Gmail account and while accessing external web browsers and drives. *Id.* at ¶ 75. Chaney likewise downloaded trade secret files from his work computer while simultaneously accessing his personal email. *Id.* at ¶ 83 [sic]. Hope connected a USB device and accessed an external computer while

> downloading Apex's trade secrets. *Id.* at ¶ 105. And Callen accessed an unknown computer from the internal network while downloading the company's trade secrets. *Id.* at ¶ 105. These allegations are more than sufficient to meet the legal definition of 'misappropriation.'" (Apex Opp. Br., Dkt. 115 at 8-9.)

A proposed Second Amended Complaint also uses this information. (Dkt. 159-2 ¶¶90, 101, 121.)

*Second*, Messrs. Clingerman and Moats are fact witnesses, because they provided sworn declarations of their factual observations of the Employee Defendants' Apex work computers. Because Mr. Clingerman and Mr. Moats witnessed these facts – they are fact witnesses as "viewers of the occurrences which gave rise to suit," and thus the Employee Defendants should be entitled "to depose" them. *Dayton-Phoenix Grp., Inc. v. Gen. Motors Corp.*, 1997 WL 1764760, at *2 (S.D. Ohio Feb. 19, 1997); *accord Hayer v. Liverant*, 2023 WL 3794517, at *3 (N.D. Cal. June 2, 2023) (ordering discovery of communications with "forensic psychologist" that Defendant "relied on" to reject plaintiffs' reasonable "accommodation request"). Apex injected Clingerman and Moats's factual knowledge into this case, and thus the Employee Defendants should be allowed the opportunity to discover and cross-examine this factual information.

*Third*, to the extent any privilege could apply, Apex waived the privilege by affirmatively relying on the Clingerman and Moats declarations (i) to obtain a partial preliminary injunction, (ii) in the Amended Complaint, and (iii) to oppose a motion to dismiss. As Judge Caproni has held, where, as here, a plaintiff "made the strategic decision to include in their complaint[]" the "results" of a non-testifying expert's analysis, there is a "waiver" of work-product protection as to information concerning the same subject matter. *In re Commodity Exch., Inc., Gold Futures & Options Trading Litig.*, 2019 WL 13046984, at *3 (S.D.N.Y. Feb. 25, 2019). Accordingly, the Employee Defendants are entitled to discovery of "any analyses the results of which would tend to undercut" the conclusions Apex disclosed, "any evidence supporting a different explanation," and the "associated data and documents." *Id.* Subject-matter waiver is appropriate because withholding information that tends to undermine the conclusions Apex affirmatively presented would permit "a selective and misleading presentation of evidence to the disadvantage of the adversary." *Id.* (quoting Fed. R. Evid. 502(a) Advisory Committee Note).

Many courts in this district and elsewhere have reached the same result. *See F.G.I.C. v. Putnam Advisory Co.*, 314 F.R.D. 85, 90 (S.D.N.Y. 2016) (holding that "the 'at issue waiver applies" because plaintiff "inject[ed] the contents of a privileged communication into the litigation' by utilizing it in connection with a dispositive motion"); *BCBSM, Inc. v. Walgreen Co.*, 2023 WL 3737724, at *8 (N.D. Ill. May 31, 2023) (holding that "reliance on an alleged consulting expert's work product in the[] complaint waived any work product protection that might otherwise have existed"); *Lexington Luminance LLC v. Feit Elec. Co.*, 2020 WL 10052401, at *3, *10–11 (C.D. Cal. June 12, 2020) (finding waiver as to photographs and analyses prepared by non-testifying experts where those materials were referenced in the amended complaint). These cases stand for the principle that "if a party uses a consulting expert's statements, findings, or opinions in a filing, that party has put the expert's statements, findings, or opinions into the judicial arena and the opposing side may take discovery about those statements, findings, or opinions." *Worley v. Avanquest N. Am. Inc.*, 2013 WL 6576732, at *4 (N.D. Cal. Dec. 13, 2013) (plaintiffs waived privilege where they "rely upon their expert's investigation … in their First Amended Complaint").

*Fourth*, *Wreal LLC v. Amazon.Com, Inc.*, cited by Apex at the August 18 conference, does not apply, because it (i) involved a non-testifying expert's survey that the plaintiff *did not*

*affirmatively disclose* to support a preliminary injunction motion, and (ii) did not involve a plaintiff relying on the non-testifying expert's survey in the complaint or to oppose a substantive motion. 2015 WL 1281042 at **1, 3 n.3 (S.D. Fla. Mar. 20, 2015). In *Wreal*, the plaintiff offered an expert as a rebuttal witness at a preliminary injunction hearing to "challenge [] a survey performed by Amazon's expert." *Id.* at *1. On "cross-examination… Amazon elicited from" the expert that "he conducted his own survey," and Amazon sought discovery of the "survey" and documents relating to the survey. *Id.* *Wreal* rejected the requested discovery, reasoning that "[t]his is not a case where [plaintiff] voluntarily disclosed that" the expert "conducted a survey and is not attempting to prevent Amazon from obtaining discovery related to the survey." *Id.* at *3 n.3. Further, *Wreal* held that Amazon could "renew the subpoena" if the plaintiff relied on the expert's analysis "in support of a substantive submission" on the merits. *Id.* at *1.

In stark contrast, Apex affirmatively disclosed Clingerman and Moats's analysis of the Employee Defendants' use of personal email addresses, Google Drive, and remote access in declarations supporting the PI motion. (Dkt. 37 at 161-63 ¶¶ 10-11, 14-15; id. at 174 ¶¶6-9.) Then Apex relied on those same facts in its Amended Complaint (Dkt. 80 ¶¶75, 85, 105), and in its Opposition to the Employee Defendants' Motion to Dismiss (Apex Opp. Br., Dkt. 115 at 8-9.) Thus, *Wreal* does not apply. Instead, *In re Commodity* and *F.G.I.C.* should govern.

Apex's remaining cases are similarly distinguishable. In *Vista Food Exchange, Inc. v. Comercial De Alimentos Sanchez S De R L De C.V.*, "neither Declaration" submitted by a consulting forensic expert "addresse[d] the merits issue." 2026 WL 1102349, at *5 (S.D.N.Y. Apr. 23, 2026). Instead, the declarations concerned a collateral discovery issue. *Id.* But here, the opposite is true: Clingerman and Moats's declarations directly address the merits of Apex's trade secrets and confidential information misappropriation claims. Likewise, *N.A.A.C.P. v. East Ramapo Cent. School Dist.*, 2018 WL 11260464 (S.D.N.Y. July 2, 2018) did not decide whether non-testifying expert information is privileged from discovery. Instead, it only addressed whether a party can replace an expert used for a preliminary injunction motion when he later became "unavailable to testify due to medical reasons." *Id.* at *3.

Further, *Northwest Biotherapeutics, Inc. v. Canaccord Genuity LLC*, does not apply, because it (i) is based on a complaint that "did not 'rise or fall' on the basis of those analyses" provided by the non-testifying expert, since "the Court had sustained the sufficiency of" a prior version of the complaint that excluded the expert's analyses, and (ii) did not involve a publicly filed declaration. 2026 WL 1398342, at *2 (S.D.N.Y. May 19, 2026). In contrast, here Apex has heavily relied on the allegations based on Clingerman and Moats's declarations to oppose the Employee Defendants' Motion to Dismiss the trade secret misappropriation claims. (Apex Opp. Br., Dkt. 115 at 8-9.) Defendants should get discovery into these core allegations.

Apex has relied too heavily on Messrs. Clingerman and Moats's analysis throughout this action to avoid discovery from them now. Further, contrary to Apex's contention, Ms. Von Horvath's declaration *does not* address the specific issues addressed by Clingerman and Moats, *i.e.*, the Employee Defendants' use of personal emails, external drives, USB devices, and file deletion. (Dkt. 37 at 5-12.) Accordingly, the Court should permit depositions of Clingerman and Moats.

Respectfully submitted,

/s/ Samuel J. Lieberman
Samuel J. Lieberman