pillsbury

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

Amy L. Ruhland
Tel: +1.512.580.9658
amy.ruhland@pillsburylaw.com

August 21, 2026

**VIA ECF**
Hon. Gary Stein
United States Courthouse
500 Pearl Street, Room 702
New York, New York 10007

**Re:** ***Apex Group Capital Advisors LLC v. Related Fund Management, LLC, et al.*, No. 25-cv-08892 (VEC)**

Dear Judge Stein:

We write on behalf of Plaintiff Apex Group Capital Advisors LLC ("Apex"), pursuant to the Court's August 19, 2026 Order [Dkt. 174] requiring the parties to submit supplemental letters addressing the Employee Defendants' request to depose John Clingerman and Bruce Moats.[1] As set forth below, Federal Rule of Civil Procedure 26(b)(4)(D), and case law interpreting that rule, squarely prohibit the requested depositions.

**Messrs. Clingerman and Moats Are Not Percipient Fact Witnesses**

Messrs. Clingerman and Moats—both Certified Computer Examiners at Consilio, LLC—were originally hired in March 2025 as consulting experts on behalf of Apex by the law firm of Fisher & Phillips LLP in connection with litigation filed in January 2025 against the Employee Defendants and IQEQ US Management Co., LLC (the "Original Lawsuit"). *See* Ex. 1, John Clingerman Declaration, ¶¶ 2, 6; Ex. 2, John Moats Declaration, ¶¶ 2, 5. Consilio was retained "to forensically preserve and analyze certain electronic data" housed on the Employee Defendants' Apex-issued laptops. Moats Dec., ¶ 5; *see also* Clingerman Dec., ¶ 6.

In connection with its motion for preliminary injunction, Apex attached the Clingerman and Moats Declarations for the limited purpose of demonstrating that the Employee Defendants had the *ability* to remove Apex confidential information from their work-issued laptops. Importantly, those declarations did not disclose any of the assumptions or methodologies used by Apex's consulting experts, nor did the declarations give opinions about whether or how the Employee Defendants stole Apex proprietary information (or about any other merits-based issue in the case).

[1] Apex attaches as Appendix A the compendium of authorities that Apex relies upon in support of its arguments.

At the discovery hearing, counsel for the Employee Defendants insisted that taking the depositions of Messrs. Clingerman and Moats is important because those witnesses attested to the Employee Defendants' "downloading activity," including why that activity was "suspicious and occurred in volumes that were greater than other times." Ex. 3, Aug. 18, 2026 Hr'g Tr. at 35:12–23. Counsel went so far as to tell the Court that "[t]he word 'download' shows up in Mr. Clingerman's declaration, including the charts, over 50 times." *Id.* at 49:15–17. Counsel also told the Court that these consulting experts' analyses of downloading activity was "presented in the complaint." *Id.* at 35:24–36:3. Those representations are demonstrably false. The word "download" appears *one time* in Mr. Clingerman's declaration (including the charts), and that reference has nothing to do with the downloads from the Employee Defendants' Apex-issued laptops that occurred between October 2024 and January 2025 (i.e., the "downloading activity" referenced at "paragraphs 74 to 105 of the amended complaint," *see* Hr'g Tr. at 35:24–36:5). Instead, Mr. Clingerman attested merely that Mr. Belinkie's computer "showed several downloads from the URL 'mail.google.com between 05-19-2022 and 06-12-2024"—a period that is not even relevant to the downloading activity at issue in the amended complaint. Clingerman Dec., ¶ 11.[2]

The declarations of Messrs. Clingerman and Moats did not transform those consulting experts into percipient fact witnesses. It is well-settled that Federal Rule of Civil Procedure 26(b)(4)(D) prohibits the discovery of factual knowledge possessed by an opposing party's consultative experts acquired solely through their employment by the opposing party in anticipation of litigation. *See* Wright & Miller, 8A Fed. Prac. & Proc. Civ. § 2029 (3d ed. 2026) (distinguishing between consulting experts employed in anticipation of litigation or in preparation for trial, who cannot be deposed absent "exceptional circumstances," and experts "who were actors or viewers of the occurrences that gave rise to the suit," who may be deposed as fact witnesses); *see also Nelco Corp. v. Slater Elec. Inc.*, 80 F.R.D. 411, 414–15 (E.D.N.Y. 1978) (a consulting expert may be deposed only "as to facts known and opinions held *prior to* his involvement as an expert in the underlying litigation" (emphasis added)); *Higher One, Inc. v. TouchNet Information Sys., Inc.*, 298 F.R.D. 82, 87–88 (W.D.N.Y. 2014) (same).[3] Messrs. Clingerman and Moats were hired *after* the Original Lawsuit was filed and gained knowledge of the facts at issue *only* through their work as consulting experts. Thus, they are protected from discovery unless the Employee Defendants can establish "exceptional circumstances" warranting a departure from the general rule.

**<u>There Are No "Exceptional Circumstances" Warranting the Requested Depositions</u>**

Under Rule 26(b)(4)(D), the Employee Defendants may seek discovery from consulting experts only upon "showing exceptional circumstances under which it is impracticable for the party to

[2] As Apex explained at the discovery hearing, the testimony about "downloading activity" that the Employee Defendants wish to explore by deposition (and that is discussed in the amended complaint) came from fact witness Maria Von Horvath. *See* Hr'g Tr. at 46:10–19; *see also* Ex. 4, Maria Von Horvath Declaration, ¶¶ 17–25. Apex has already agreed to make Ms. Von Horvath available for deposition.

[3] The Employee Defendants previously have cited *Dayton-Phoenix Grp. v. General Motors*, 1997 WL 1764760 (S.D. Ohio Feb. 19, 1997) and *Hayer v. Liverant*, 2023 WL 3794517 (N.D. Cal. June 2, 2023) to support their argument that Messrs. Clingerman and Moats are percipient fact witnesses, but in both of those cases, unlike here, the consulting experts were required to testify or produce evidence because they acquired knowledge of relevant facts *prior to* their retention as experts. *See Dayton-Phoenix Grp.*, 1997 WL 1764760, at *2; *Hayer*, 2023 WL 3794517, at *3.

obtain facts or opinions on the same subject by other means." The party seeking disclosure under this rule "'carries a heavy burden' in demonstrating the existence of exceptional circumstances." *Ager v. Jane C. Stormont Hosp. & Training Sch. for Nurses*, 622 F.2d 496, 503 (10th Cir. 1980) (quoting *Hoover v. U.S. Dep't of Interior*, 611 F.2d 1132, 1142 n.13 (5th Cir. 1980)). The Employee Defendants cannot meet that burden here for several reasons.

First, as Apex represented at the discovery hearing, should Apex decide to present any evidence at trial relating to the Employee Defendants' access to web browsers, use of external email, or use external devices (the subject matter of the Clingerman and Moats declarations), Apex will designate testifying experts to prepare reports and to sit for depositions regarding those subjects. Hr'g Tr. at 45:4–19. Consequently, the Employee Defendants will have an opportunity to obtain facts and opinions "on the same subject matter" through appropriately designated testifying experts. And if, as the Employee Defendants represented to this Court, what they really want to do is to explore Apex's allegations regarding the Employee Defendants' "downloading" activity, they can depose Ms. Von Horvath—the fact witness with knowledge of that activity. Thus, the type of exceptional circumstances addressed by Rule 26(b)(4)(D) do not exist in this case.

Second, the Employee Defendants will suffer no prejudice if they are denied the requested depositions. As Apex explained at the discovery hearing, it does not intend to rely on anything set forth in the Clingerman and Moats declarations at trial, nor does it intend to call these consulting experts to testify at trial. Hr'g Tr. at 45:4–19. Consequently, the Employee Defendants do not need to depose these experts to prepare for trial. This Court has previously protected a consulting expert from discovery obligations—even where the expert's statistical analyses were incorporated into the plaintiff's complaint—where the plaintiff would be required to prove up the statistical analysis "through a different expert or other means" for purposes of trial. *See Northwest Biotherapeutics, Inc. v. Cannacord Genuity LLC*, 2026 WL 1398342 (S.D.N.Y. May 19, 2026).

Finally, it makes no difference that these consulting experts offered limited declarations at the preliminary injunction phase. As the district court explained in *Wreal LLC v. Amazon.Com, Inc.*, "an expert's participation in preliminary injunction proceedings is separate and apart from whether that expert is a testifying expert for purposes of trial, as contemplated by Rule 26." 2015 WL 1281042, at *2 (S.D. Fla. Mar. 20, 2015) (citing *Hansen Bev. Co. v. Innovation Ventures, LLC*, 2010 WL 1608880 (S.D. Cal. Apr. 20, 2010)). Indeed, "[t]he majority approach in federal jurisprudence is to allow the work product protection/consultative privilege to be restored, even if a testifying expert witness' designation is withdrawn after his/her opinions have been disclosed." *Id.* (quoting *Hansen Bev. Co.*, 2010 WL 1608880, at *2 (citing cases)); *accord NAACP v. East Ramapo Centr. Sch. Dist.*, 2018 WL 11260464, at *3 (S.D.N.Y. Apr. 23, 2026) (citing *Wreal* for the proposition that "an expert's participation in preliminary injunction proceedings is separate and apart from whether that expert is a testifying expert"). The Employee Defendants may have been entitled to discovery relating to the expert declarations during the preliminary injunction proceedings, "but that window has passed." *Wreal*, 2015 WL 1281042, at *3. And there are no other exceptional circumstances warranting their depositions now.

For all the foregoing reasons, Apex respectfully requests that the Court deny the Employee Defendants' request to depose Messrs. Clingerman and Moats.

Respectfully submitted,

*/s/ Amy L. Ruhland*
Amy L. Ruhland