1997 WL 1764760
Only the Westlaw citation is currently available.
United States District Court, S.D. Ohio, Western Division.

DAYTON–PHOENIX GROUP, INC., Plaintiff,
v.
GENERAL MOTORS CORPORATION, Defendant.

No. C–3–95–480.
|
Feb. 19, 1997.

**Attorneys and Law Firms**

Ann Wightman, Thomas Robert Kraemer, Faruki Gilliam & Ireland—3, Dayton, OH, for Dayton–Phoenix Group Inc., plaintiff.

John Matthew Kunst, Jr., Dinsmore & Shohl—1, Cincinnati, OH, David D Black, Dinsmore & Shohl, Cincinnati, OH, Dean L Ellis, General Motors Corporation, Detroit, MI, for General Motors Corporation, defendant.

Ann Wightman, Faruki Gilliam & Ireland—3, Dayton, OH, Dayton, OH, for Dayton–Phoenix Group Inc., counter-defendant.

Ann Wightman, Faruki Gilliam & Ireland—3, Dayton, OH, for Dayton–Phoenix Group Inc., counter-defendant.

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER (DOC. # 115)

RICE, Chief J.

***1** The Defendant has filed a motion seeking a protective order preventing the deposition of James Walters (“Walters”). Since the Defendant had named Walters as an expert witness who would testify regarding the equipment and machinery at issue in this litigation,[1] the parties had scheduled his deposition. Although Defendant subsequently decided not to call Walters as a witness, Plaintiff, nevertheless, requested that it be allowed to depose him. When Defendant refused, the Plaintiff sought to subpoena Walters, and the Defendant filed the instant motion.

1 In his affidavit which is attached to Defendant's Motion for Protective Order (Doc. # 115), Lawrence Elleman states that Defendant retained Walters as an expert consultant to provide facts and opinions as to the equipment and machinery at issue in this case. The fact is that Defendant did, at one time, anticipate calling Walters as an expert witness on that issue. On August 14, 1996, the Defendant identified Walters as an expert who would provide testimony regarding the value of certain used equipment and machinery Plaintiff wanted to purchase from Defendant. *See* Doc. # 63. Walters was also so identified in the initial Joint Final Pretrial Order.

In that motion, the Defendant argues that Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure prevents the Plaintiff from deposing Walters.[2] Rule 26(b)(4)(B) provides:

2 Rule 26(b)(4)(B) is a specialized application of the work-product doctrine. Neither party has argued that the work-product doctrine is otherwise applicable to this particular dispute.

> (B) A party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

The Defendant contends that since the Plaintiff cannot demonstrate the existence of exceptional circumstances,[3] it is not entitled to depose Walters. The Plaintiff does not argue that exceptional circumstances are present; rather, it contends that it is entitled to depose Walters, because the Defendant at one time identified him as an expert who would be called to testify at trial. In other words, according to the Plaintiff, Rule 26(b)(4)(*B* ) does not apply to an expert who has been identified as one who will testify, even though the party so identifying him ultimately decides not to call him as a witness. The Plaintiff asserts that its request to depose Walters is governed by Rule 26(b)(4)(*A* ), which provides that “[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial,” even though that party later determines not to call the witness, and that, therefore, the exceptional circumstances standard is inapplicable.

3 While Defendant does not mention Fed.R.Civ.P. 35(b), that Rule, dealing with physical and mental examinations, is clearly inapplicable.

Unquestionably, Walters, at one time, came within the ambit of Rule 26(b)(4)(*A* ), since Defendant had identified him as an expert witness who would testify at trial. On the other hand, Walters now appears to be covered by Rule 26(b)(4)(*B* ), since he is presently not expected to be called as a witness at trial. Therefore, the issue before the Court is whether a party's designation of an expert as a Rule 26(b)(4)(*A* ) witness prevents it from changing its mind by deciding not to call that witness and, therefore, relying upon Rule 26(b)(4)(*B* ) to preclude its adversary from discovering the opinions held by that expert, in the absence of exceptional circumstances.[4] The few cases which have considered this question have not reached consistent results. For instance, in *House v. Combined Insurance Co. of America,* 168 F.R .D. 236 (N.D.Iowa 1996), the court concluded that, by designating a person as a testifying expert witness, a party waives the protection afforded by Rule 26(b)(4)(*B* ).[5] In *Ross v. Burlington Northern Railroad,* 136 F.R.D. 638 (N.D.Ill.1991), the court reached the opposite conclusion, holding that a party may change its mind without waiving the protections afforded by Rule 26(b)(4)(*B* ). For reasons which follow, this Court adopts the result reached by *Ross. First,* the Advisory Committee Notes to Rule 26(b)(4)(*A* ) indicate that "[d]iscovery is limited to trial witnesses...." Walters will not be a trial witness. *Second,* courts have recognized that the primary purpose of Rule 26(b)(4)(*A* ) is to allow a party to prepare for cross-examination of the expert witnesses to be called at trial by the opposing party. *Hoover v. United States Dept. of Interior,* 611 F.2d 1132, 1142 (5th Cir.1980); *In re Shell Oil Refinery,* 132 F.R.D. 437, 440 (E.D.La.1990). Since the Defendant will not call Walters to testify, the Plaintiff does not need to prepare to cross-examine him, and the purpose of Rule 26(b)(4)(*A* ) will not be frustrated by preventing the Plaintiff from deposing the expert. *Third,* the purpose of Rule 26(b)(4)(*B* ) is to promote fairness by preventing one party from obtaining access to the other party's trial preparation. *Durflinger v. Artiles,* 727 F.2d 888, 891 (10th Cir.1984). By preventing Plaintiff from deposing Walters, the Court will further that purpose. In sum, the Court concludes that Rule 26(b)(4)(*B* ) controls.

4 The Defendant relies upon *Toledo Edison Co. v. G.A. Technologies, Inc.,* 847 F.2d 335 (6th Cir.1988), and argues that the Plaintiff is not entitled to depose Walters in the absence of a showing of exceptional circumstances. The Defendant further asserts that the Plaintiff cannot demonstrate such circumstances, because it has retained an expert witness, Adam Gutowski, to testify on the same issues as would Walters. This Court agrees with the Defendant that if Rule 26(b)(4)(*B* ) is applicable, then the Plaintiff cannot discover the facts and opinions which Walters learned after being retained by Defendant, in the absence of a showing of exceptionable circumstances. Furthermore, the Plaintiff does not argue that exceptionable circumstances are present. Rather, Plaintiff argues that since Defendant initially named Walters as an expert who would provide trial testimony, Rule 26(b)(4)(*A* ), not Rule 26(b)(4)(*B* ), governs its request to take his deposition. In *Toledo Edison,* the Sixth Circuit did not address the issue of whether Rule 26(b)(4)(*A* ), rather than Rule 26(b)(4)(*B* ) governs a party's request to depose a person who, although initially identified by the opposing party as an expert who would provide testimony, will not be called as a witness. Therefore, *Toledo Edison* does not govern the Court's resolution of the instant motion.

5 *House* is somewhat distinguishable from this case, since the expert in question was a medical professional who had had formed his opinions by examining the plaintiff. Consequently, the plaintiff was entitled to discover certain information from that witness pursuant to Rule 35(b).

***2** Alternatively, the Plaintiff argues that it is entitled to discover facts and opinions held by Walters *before* his involvement in this litigation. It is unclear whether the Plaintiff asserts that Walters may have knowledge of the facts which underlie this lawsuit or whether it is asserting that it is permissible to discover what general knowledge of the used equipment market Walters possessed before he was retained by the Defendant. To the extent that the Plaintiff is relying upon the former premise, it is entitled to depose Walters. Courts have routinely allowed one party to depose experts who "were actors or viewers of the occurrences which gave rise to suit...." 8 Wright, Miller & Marcus, *Federal Practice and Procedure,* § 2029 at 429. With respect to Walters' general knowledge, courts have held that one party may discover those facts and opinions held by the other party's consulting (as opposed to testifying) expert, which were developed before he was retained for the particular litigation, although a party may not discover facts and opinions acquired by the expert through his employment with the opposing party, in anticipation of the underlying litigation. *Rocky Mountain Natural Gas v. Cooper Industries,* 166 F.R.D. 481 (D.Colo.1996) (and cases cited therein). Accordingly, the Plaintiff is not precluded by Rule 26(b)(4)(B) from taking

Walters' deposition to this limited extent. However, before the parties go to the time and expense of same, the Court will inquire of Plaintiff of the purpose of that deposition. Merely because Plaintiff may depose Walters for a limited purpose does not mean that any testimony obtained from him will be admissible at trial.[6] Rather, before admitting that testimony, even if deemed relevant, the Court will engage in the rigorous analysis required by Rule 403 of the Federal Rules of Evidence. To the extent that Walters' testimony is cumulative of Plaintiff's experts, the Court could refuse to allow the introduction of same. *Rubel v. Eli Lilly and Co.,* 160 F.R.D. 458 (S.D.N.Y.1995). In addition, there is a significant risk of unfair prejudice to the Defendant in any trial testimony of Walters, to wit: the danger that the jury might learn that it initially retained him. *See Peterson v. Willie,* 81 F.3d 1033 (11th Cir.1996). Such potential for such unfair prejudice could be the basis for refusing to allow Plaintiff to present trial testimony from Walters.

In sum, the Court has sustained the Defendant's Motion for Protective Order (Doc. # 115), to the extent that said party seeks to prevent the Plaintiff from discovery of the facts acquired and opinions held by Walters as a result of being retained by Defendant in anticipation of this litigation. However, the Court has overruled that motion, to the extent that the Defendant seeks to prevent the Plaintiff from discovery of the facts acquired and opinions held by that expert before he was retained by Defendant in anticipation of this litigation.[7] Nevertheless, before that deposition can occur, Plaintiff must articulate the purpose for same and convince the Court that there is a practical, trial based reason for that deposition, i.e., that information elicited thereby will be admissible at trial. *See* Footnote 6, *supra.*

6 If Walters' testimony will not be admitted at trial, there does not appear to be any practical reason for the Plaintiff to depose him. Of course, information need not be admissible at trial to be discoverable; rather, Rule 26(b)(1) provides that information is discoverable, if it "appears reasonably calculated to lead to the discovery of admissible evidence." Since discovery is now closed, it does not seem likely that deposing Walters would lead to the discovery of admissible evidence other than testimony from Walters himself.

7 In its Memorandum (Doc. # 129), the Plaintiff requests that the Court award costs. The Court declines that request, since neither party was completely correct in this particular dispute. The Court has concluded that the Plaintiff is not entitled to discover the facts Walters learned and the opinions he developed as a result of being retained by Defendant in anticipation of this litigation (thus agreeing, in part, with Defendant). However, the Court has concluded that the Plaintiff is, in the abstract, entitled to discover the facts and opinions Walters developed before being so retained (thus agreeing, in part, with Plaintiff).

**All Citations**

Not Reported in F.Supp., 1997 WL 1764760

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.