2010 WL 1608880
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
S.D. California.

HANSEN BEVERAGE COMPANY,
a Delaware corporation, Plaintiff,
v.
INNOVATION VENTURES, LLC dba Living Essentials, a Michigan corporation, Defendant.

No. 08–CV–1166–IEG (WVG).
|
April 20, 2010.

**Attorneys and Law Firms**

Edward J. McIntyre, Michael Mahyar Vasseghi, Norman Leslie Smith, Thomas F. Landers, William N. Kammer, Solomon Ward Seidenwurm & Smith, LLP, San Diego, CA, John B. Sganga, Jr., Lynda J. Zadra–Symes, Knobbe Martens Olson and Bear LLP, Irvine, CA, for Plaintiff.

Marc Lorelli, Mark A. Cantor, Thomas W. Cunningham, Brooks Kushman P.C., Southfield, MI, Mark B. Mizrahi, Brooks Kushman P.C., Los Angeles, CA, Nathan R. Hamler, Mintz Levin Cohn Ferris Glovsky and Popeo PC, San Diego, CA, for Defendant.

**ORDER REGARDING HANSEN BEVERAGE COMPANY'S OBJECTION TO MAGISTRATE JUDGE GALLO'S ORDER DENYING REQUEST TO DEPOSE DR. GAIL MAHADY**

IRMA E. GONZALEZ, Chief Judge.

***1** Presently before the Court is Hansen Beverage Company's (“Hansen”) Objection to Magistrate Judge William V. Gallo's Order denying Hansen's request to depose Dr. Gail Mahady, who was once designated as a testifying expert, but was later de-designated. (Doc. No. 218.) For the reasons stated herein, the Court declines to modify or set aside the Order.

***BACKGROUND***

This matter involves false advertising claims between two competitors in the energy drink market, Hansen and Innovation Ventures, LLC d/b/a Living Essentials (“Living Essentials”).

On August 29, 2008, Living Essentials submitted the declaration of Dr. Mahady in opposition to Hansen's motion for preliminary injunction. Dr. Mahady opined as to the definition of “energy,” the effects of certain ingredients, and whether Living Essentials' energy shot product causes a “crash.” Dr. Mahady also opined that the clinical study on the energy shot supported Living Essentials' advertising claim that the product provides five hours of energy. The Court denied Hansen's motion for preliminary injunction, finding that there were disputed issues of fact as to the definition of “energy” and as to the falsity of the “no crash” and 5–hour energy claims. (Doc. No. 38.)

In March of 2009, Living Essentials designated Dr. Mahady as a testifying expert witness. Then, in December of 2009, Living Essentials de-designated Dr. Mahady as a testifying witness and substituted a new testifying expert witness. At that time, Hansen had already obtained the documents and things Dr. Mahady relied on in forming the opinions set forth in her declaration, but had not deposed her.

On February 11, 2010, Hansen requested to depose Dr. Mahady. On March 5, 2010, Magistrate Judge Gallo issued a written order summarily denying the request absent supplemental briefing showing exceptional circumstances. (Doc. No. 208.) On March 15, 2010, Hansen untimely filed its supplemental briefing on the issue of exceptional circumstances.[1] Before Magistrate Judge Gallo could consider the supplemental briefing, on March 19, 2010, Hansen filed the instant Objection to the denial of its request.

1 Magistrate Judge Gallo ordered Hansen to file supplemental briefing on or before March 10, 2010.

After reviewing the supplemental briefing, Magistrate Judge Gallo issued an Order on March 22, 2010 (the “Order”) finding that Hansen had not demonstrated exceptional circumstances existed to justify deposing Dr. Mahady, a non-testifying expert.[2]

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

2 Hansen filed its Objection before Magistrate Judge Gallo issued his March 22, 2010 Order. Nevertheless, the Court reviews the March 22, 2010 Order to determine whether it is clearly erroneous or contrary to law.

***DISCUSSION***

Hansen files its Objection pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A). Rule 72(a) of the Federal Rules of Civil Procedure provides that "[w]hen a pretrial matter not dispositive of the party's claim ... is referred to a magistrate judge to hear and decide," a party may object to a magistrate judge's order "within 14 days of being served with a copy." Fed.R.Civ.P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.;* 28 U.S.C. 636(b)(1)(A).

***2** Rule 26(b) (4)(B)(ii) provides that a party may not depose an opposing party's non-testifying expert absent exceptional circumstances:

> Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:
>
> ...
>
> (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

Fed.R.Civ.P. 26(b)(4)(B)(ii). Hansen argues that the exceptional circumstances test does not apply, because Living Essentials waived the protections afforded to non-testifying experts under Rule 26 by submitting Dr. Mahady's declaration in opposition to the motion for preliminary injunction. Magistrate Judge Gallo's Order did not address the waiver issue.[3] However, the Court finds that Magistrate Judge Gallo's application of the exceptional circumstances test was not clearly erroneous or contrary to law.

3 Hansen only explicitly raised this argument for the first time in its reply, and at most alluded to it in its supplemental briefing and Objection.

"[T]he majority approach in federal jurisprudence is to allow the work product protection/consultative privilege to be restored, even if a testifying expert witness' designation is withdrawn after his/her opinions have been disclosed." *Estate of Manship v. United States of America,* 240 F.R.D. 229, 237 (M.D.La.2006); *see also Intervet, Inc. v. Merial Limited,* 2007 WL 1797643 (D.Neb. June 20, 2007) (no waiver of Rule 26(b)(4)(B) protection where plaintiff filed non-testifying expert's declaration in a separate but related litigation, involving the same parties, in support of a motion for preliminary injunction); *FMC Corp. v. Vendo Co.,* 196 F.Supp.2d 1023 (E.D.Cal.2002) (applying exceptional circumstances test where non-testifying experts had disclosed reports and opinions); *Plymovent Corp. v. Air. Tech. Solutions, Inc.,* 243 F.R.D. 139 (D.N.J.2007) (no waiver where plaintiff attempted to rely on non-testifying expert's videotape and report at a preliminary injunction hearing and plaintiff voluntarily produced the videotape and report in discovery); *In re Shell Oil Refinery,* 132 F.R.D. 437, 440 (E.D.La.1990) (no waiver where parties had exchanged "preliminary" expert reports). While, arguably, it might be a different situation where the Court considered the de-designated expert's opinion in a pretrial motion, Hansen cites no authority requiring that the Court deem Rule 26(b) (4)(B) protection waived in this situation.

The Court further finds that Magistrate Judge Gallo's conclusion that Hansen had not demonstrated exceptional circumstances is not clearly erroneous or contrary to law. Hansen must show "exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means ." *See* Fed.R.Civ.P. 26(b)(4)(B)(ii). Magistrate Judge Gallo found no exceptional circumstances existed because Dr. Mahady is not the only expert available in her field or on the particular subjects addressed in her declaration. Importantly, Dr. Mahady did not perform any tests, and her opinion that the clinical study supports Living Essentials' advertising claim is not unique or incapable of replication. Magistrate Judge Gallo explained that the core dispute between the parties continues to be whether Living Essentials' energy shot provides five hours of energy and "no crash ." Hansen will be able to depose Living Essentials' new testifying experts, and these experts will necessarily have to opine as to the same subjects as Dr. Mahady did in her declaration in order for Living Essentials to defend the lawsuit and prevail on its counterclaims. In its Objection, Hansen argues that exceptional circumstances exist because "[n]o other expert, no matter how qualified, can explain the thought processes that Dr. Mahady went

through in analyzing this case and drafting her written expert report." However, the Court agrees with Magistrate Judge Gallo's determination that this does not constitute exceptional circumstances.

***3** The Court also agrees with the finding that Hansen will not be prejudiced by the Court's disallowance of Dr. Mahady's deposition. In addition to the reasons stated above, Magistrate Judge Gallo explained that deposing Dr. Mahady would do little to aid Hansen. Dr. Mahady will not testify at trial, and therefore there is no need to depose her in preparation for cross examination. Hansen had the opportunity and need to depose Dr. Mahady nearly 18 months ago, but did not do so. In its Objection, Hansen argues that it will suffer severe prejudice because it will be "deprived of the opportunity to cross-examine the expert witness that helped persuade the Court to deny the motion for preliminary injunction." The Court finds this argument unpersuasive.

***CONCLUSION***

For the reasons stated herein, the Court declines to modify or set aside Magistrate Judge Gallo's denial of Hansen's request to depose Dr. Mahady.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 1608880

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.