KeyCite Yellow Flag
Superseded by Rule as Stated in Wellin v. Wellin, D.S.C., April 18, 2019

80 F.R.D. 411
United States District Court, E. D. New York.

NELCO CORPORATION, Plaintiff,
v.
SLATER ELECTRIC INC. and Herbert Slater, Defendants. (2 cases)

Nos. 73 C 1431, 75 C 1175.
|
Feb. 28, 1978.

**Synopsis**

Defendant in patent infringement suit moved to review magistrate's denial of motion to compel discovery of coinventor who plaintiff intended to call as its expert trial witness. The District Court, Bramwell, J., held that: (1) special discovery rules applicable to experts do not apply to discovery requests directed at information acquired or developed by the deponent as an actor in transactions which concern the lawsuit but are limited to discovery requests concerning facts known or opinions held by the deponent which were acquired or developed in anticipation of litigation or for trial; (2) the inventor was to appear and be deposed in regard to his interpretation of the patent claims underlying the instant action on basis of information that he acquired as an "actor" but was not required to answer as to facts known or opinions developed or acquired in anticipation of or in preparation for trial; (3) if deponent could respond without utilizing resources acquired after attaining his status as an expert witness he would be required to do so, and (4) in case of dispute burden would be on plaintiff to show that a disputed question was encompassed solely within inventor's status as an expert trial witness.

Motion granted as limited.

West Headnotes (10)

**[1]** **Federal Civil Procedure** Admitted matters and matters already known or available

Special rule provisions governing discovery of facts known or opinions held by experts are applicable to discovery requests concerning facts known or opinions held by the deponent which were acquired or developed in anticipation of litigation or for trial and such provisions can be invoked only in such circumstances; such provisions are not applicable to discovery requests directed at information acquired or developed by deponent as an actor in transactions which concern the lawsuit. Fed.Rules Civ.Proc. rule 26(b)(4)(A), 28 U.S.C.A.

9 Cases that cite this headnote

**[2]** **Federal Civil Procedure** Scope

Mere designation of a trial witness as an "expert" does not thereby transmute the experience which that expert acquires as an actor into experience that he acquired in anticipation of litigation or for trial so as to subject it to limited discovery. Fed.Rules Civ.Proc. rule 26(b)(4)(A), 28 U.S.C.A.

21 Cases that cite this headnote

**[3]** **Federal Civil Procedure** Scope of Examination

Where an individual sought to be deposed is an "expert" as to some matters and an "actor" as to others he is not required to respond to deposition questions addressed to facts and opinions acquired or developed in anticipation of litigation or for trial, unless directed to do so by the court; however, he is required to respond to questions propounded to him as to facts known and opinions held prior to his involvement as an expert in the underlying litigation. Fed.Rules Civ.Proc. rule 26(b)(4)(A), 28 U.S.C.A.

21 Cases that cite this headnote

**[4]** **Patents** Persons whose depositions may be taken

Although plaintiff in patent infringement suit intended to call coinventor as an expert witness, defendant was entitled to depose the inventor in regard to his interpretation of patent claims underlying the action on the basis of information that he acquired as an "actor"; conversely,

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

inventor was not required to answer as to facts known or opinions developed or required in anticipation of or in preparation for trial. Fed.Rules Civ.Proc. rules 26(b)(4), (b)(4)(A), 26 comment, 28 U.S.C.A.

15 Cases that cite this headnote

[5] **Patents** Discovery

For discovery purposes, it is the claim which is the cause of action in a patent infringement case. Fed.Rules Civ.Proc. rule 26(b)(1), 28 U.S.C.A.

1 Case that cites this headnote

[6] **Federal Civil Procedure** Depositions and Discovery

Courts have a responsibility to prevent the discovery process from being utilized in an oppressive or unfair manner. Fed.Rules Civ.Proc. rules 26(b)(4)(A), 37(a), 28 U.S.C.A.

1 Case that cites this headnote

[7] **Federal Civil Procedure** Nature and Purpose

Rule governing discovery of expert witnesses was enacted to dispel judicial fears that the discovering party might unduly benefit from his adversary's efforts to obtain expert testimony. Fed.Rules Civ.Proc. rule 26(b)(4)(A), 28 U.S.C.A.

[8] **Federal Civil Procedure** Nature and Purpose

Purpose of discovery is to make available to the respective parties all relevant facts involved in a pending action. Fed.Rules Civ.Proc. rules 26(b)(4), 26 comment, 28 U.S.C.A.

[9] **Patents** Scope of examination

Should coinventor, whom plaintiff intended to call as expert in infringement suit and who was sought to be deposed by defendant as to his interpretation of the patent claims, have undertaken special research or study after attending his status as an expert witness any deposition questions pertaining to the claims which could only be answered through utilization of such resources would not have to be answered and conversely, if deponent could respond without utilizing such resources he would be required to do so. Fed.Rules Civ.Proc. rule 26(b)(4)(A), 28 U.S.C.A.

5 Cases that cite this headnote

[10] **Patents** Scope of examination

If parties to patent infringement suit were unable to agree as to what knowledge or experience was obtained by inventor solely in stance of an expert trial witness the plaintiff, who intended to call inventor as its expert, would be required to show that the disputed deposition question was encompassed solely within inventor's status as an expert trial witness. Fed.Rules Civ.Proc. rule 26(b)(4)(A), 28 U.S.C.A.

1 Case that cites this headnote

**Attorneys and Law Firms**

***412** Albert E. Fey, Alfred L. Michaelson, Fish & Neave, New York City, David E. Beckwith, Foley & Lardner, Milwaukee, Wis., for plaintiff.

John A. Diaz, Robert E. Paulson, J. Robert Dailey, Morgan, Finnegan, Pine, Foley & Lee, New York City, for defendants.

MEMORANDUM OF DECISION AND ORDER

BRAMWELL, District Judge.

This matter comes before the Court by way of the defendants' motion to review Magistrate Catoggio's denial of their earlier motion to compel discovery. The precise issue before the Court concerns the propriety of compelling Mr. John C. McEachron (hereinafter “deponent”), one of the inventors and the patent applicant of the product underlying the instant patent infringement action, to answer certain questions posed to him at a deposition. For the reasons to follow, this Court finds that the deponent must answer the questions at issue

since he can properly answer them without violating the restrictions for the discovery of an expert witness set forth in Rule 26(b)(4)(A) of the Federal Rules of Civil Procedure.

FACTS

The facts before the Court are not in dispute. On July 23, 1975, plaintiff Nelco Corporation commenced this action against defendants Slater Electric, Inc. and Herbert Slater[1] claiming, Inter alia, the infringement of its patents pertaining to plastic, wall-mounted electrical outlet boxes. These six patents encompass ninety-six claims of which seventy-two allegedly have been infringed. These seventy-two claims are central to the adjudication of this infringement action because "the claims made in the patent are the sole measure of the grant." ***413** Aro Manufacturing Co., Inc. v. Convertible Top Replacement Co., Inc., 365 U.S. 336, 339, 81 S.Ct. 599, 601, 5 L.Ed.2d 592 (1961). Since in an infringement action "what is infringed is a claim", Fulton Co. v. Powers Regulator Co., 263 F. 578, 580 (2d Cir. 1920), "it is to the claims of the patent to which one must look to determine whether there is an infringement", Neff Instrument v. Cohu Electronics, Inc., 298 F.2d 82, 88 (9th Cir. 1961), Quoting 3 Deller, Walker on Patents 1681 (Deller's ed. 1937).

1 By Order of the Court on March 1, 1976, this patent infringement action, Docket No. 75 C 1175, was consolidated for pre-trial proceedings with plaintiff's trademark infringement action, Docket No. 73 C 1431.

As has been noted, the deponent, a present employee of plaintiff[2], was one of the inventors of the subject outlet boxes. Pursuant to the statutory mandate which directs that an inventor of the subject matter of a requested patent serve as the patent applicant[3], the deponent attested in the patent application for the outlet boxes that he was the inventor of the subject matter "described and claimed therein." (Dailey Affidavit at 248-9). Additionally, at a deposition held on March 10, 1977, the deponent testified that he personally reviewed this application, (Dailey Affidavit at 241), and that the claims contained therein represented his invention, (Dailey Affidavit at 249).

2 Due to the basis of the holding reached herein, it is unnecessary for the Court to examine whether Mr. McEachron's status as plaintiff's regular employee precludes him from invoking the protective provisions of Rule 26(b)(4)(A).

3 Title 35, United States Code, Section 112 (1970) provides, in pertinent part:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

In the course of the March 10, 1977 deposition, the deponent was asked by the defendants to interpret the claims relating to the outlet boxes. Relying upon the advice of counsel and on the protective provisions of Rule 26(b)(4)(A) of the Federal Rules of Civil Procedure, deponent refused to respond on the ground that he was expected to be called as an expert witness by the plaintiff during trial. He reasoned that since the defendants had not moved the Court to direct his discovery under Rule 26(b)(4)(A), he could properly refuse to respond to the questions propounded to him.

Subsequently, the defendants appeared before Magistrate Catoggio on March 30, 1977 and, relying on Rule 37(a) rather than Rule 26(b)(4)(A) of the Federal Rules of Civil Procedure, they requested an order compelling the deponent to respond to questions directed at his interpretation of the patent claims. In support of this motion, defendants argued that the deponent could be properly deposed in his stance as an "actor" and, therefore, the requested deposition fell without the ambit of the procedure set forth in Rule 26(b)(4)(A). However, plaintiff urged that since the deponent is an expert who it expects to call at trial, his deposition is obtainable only under the procedures set out in Rule 26(b)(4)(A).

After hearing argument on this motion, Magistrate Catoggio denied the defendants' request on the ground that the questions in issue asked "an expert to interpret the language of the patent claims." Order of United States Magistrate Vincent A. Catoggio (April 7, 1977). Following this determination, defendants moved this Court for a review of Magistrate Catoggio's finding or, in the alternative, for certification of the instant issue for presentation to the Second Circuit Court of Appeals. In this motion, both parties essentially adhere to the positions previously proffered by them on the March motion.

DISCUSSION

Prior to the 1970 Amendments of the Federal Rules of Civil Procedure, much confusion surrounded the extent to which discovery could be obtained from experts. Grinnell Corp. v. Hackett, 70 F.R.D. 326, 332 (D.R.I.1976); Dresser Industries, Inc. v. Doyle, 40 F.R.D. 478 (N.D.Ill.1966). However, the judicial quandary on this issue was resolved by the 1970 Amendments which added Rule 26(b)(4)(A) to the Federal Rules of Civil Procedure. Grinnell Corp. v. Hackett, supra at

332; 8 Wright and Miller, Federal Practice and Procedure Sec. 2029 at 249-50. Rule 26(b)(4)(A) provides in pertinent part:

(b) Scope of Discovery. Unless otherwise limited by order of the court in accordance ***414** with these rules, the scope of discovery is as follows:

(4) Trial Preparation: Experts. Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:

(A)(i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. (ii) Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions, pursuant to subdivision (b)(4)(C) of this rule, concerning fees and expenses as the court may deem appropriate.

Fed.R.Civ.P. 26(b)(4)(A).

From a simple reading of the statute, it is clear that its provisions may be invoked only for discovery requests concerning those "facts known and opinions held by experts (which are) Acquired or developed in anticipation of litigation or for trial." Fed.R.Civ.P. 26(b)(4) (emphasis added). Therefore, as significantly noted by the Advisory Committee on the 1970 Amendment to the Rules, Rule 26(b)(4)(A)

Does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as an ordinary witness.

Advisory Committee's Note, 48 F.R.D. 487, 503 (1970) (emphasis added).

**[1]** **[2]** In the instant case, plaintiff has indicated his intent to call the deponent as his expert witness during trial. Thus, it is clear that the special provisions of Rule 26(b)(4)(A) are applicable to discovery requests concerning facts known or opinions held by the deponent which were acquired or developed in anticipation of litigation or for trial, and that these provisions can be invoked only in such circumstances. See Norfin, Inc. v. International Business Machines Corp., 74 F.R.D. 529, 532 (D.Colo.1977); Grinnell Corp. v. Hackett, supra at 331-32; In re Brown Company Securities Litigation, 54 F.R.D. 384, 385-86 (E.D.La.1972); See generally Duke Gardens Foundation, Inc. v. Universal Restoration, Inc., 52 F.R.D. 365 (S.D.N.Y.1971). However, it is equally apparent that these provisions are Not applicable to discovery requests directed at information acquired or developed by the deponent as an actor in transactions which concern this lawsuit. Given this conclusion, which is mandated by the legislative intent underlying Rule 26(b)(4)(A), See Advisory Committee's Note, Supra at 503, reason dictates that the mere designation by a party of a trial witness as an "expert" does not thereby transmute the experience that the expert witness acquired as an actor into experience that he acquired in anticipation of litigation or for trial.

**[3]** Accordingly, under Rule 26(b)(4)(A), a witness sought to be discovered may be an "expert" as to some matters and an "actor" as to others. At the deposition, such a prospective witness would not be required to respond to questions addressed to "facts known and opinions held by experts (which are) acquired or developed in anticipation of litigation or for trial", Fed.R.Civ.P. 26(b)(4)(A), unless directed to do so under Rule 26(b)(4)(A). However, he would be required to respond to questions propounded to him as to facts known and opinions held prior to his involvement as an expert in the underlying litigation.[4] See ***415** Norfin, Inc. v. International Business Machines Corp., supra at 532; Grinnell Corp. v. Hackett, supra at 331-32; In re Brown Company Securities Litigation, supra at 385-86; See generally Duke Gardens Foundation, Inc. v. Universal Restoration, Inc., supra.

4 In Grinnell Corp. v. Hackett, supra, the production of information that was not acquired as an expert trial witness was compelled by the Court even though the deponent had never been an actor in the events that gave rise to that underlying litigation. Since Mr. McEachron obtained his background as to the patent claims at issue as an actor in the underlying events of this litigation, the arguments for compelling this information are even more compelling than those which were adopted in Grinnell Corp. v. Hackett, supra.

**[4]** **[5]** **[6]** **[7]** **[8]** As has been noted, the deponent herein was asked to interpret the claims contained in the patent application which he swore under oath were representative of his invention. The deponent's intimate association with the subject matter of the claims is readily apparent from the facts before the Court. Having fulfilled his statutory role by submitting the claims in his patent application, it can

be said that the deponent clearly has had ample experience as an "actor" upon which he can base interpretations of these claims. See Meese v. Eaton Manufacturing Co., 35 F.R.D. 162, 166 (N.D.Ohio 1964) (finding that "in patent cases . . . the Court can think of no one More qualified than the inventor to express (an) opinion as to what constitutes theft of inventiveness." Id.)[5] It is equally clear from the facts that the deponent's experience as an actor was gathered prior to the commencement or even the impending threat of the instant lawsuit. Thus, the background and experience utilized for the performance of a statutory duty were not acquired by the deponent as an expert in preparation for or in anticipation of trial but emerged from his activity as an "actor or viewer with respect to the transactions or occurrences that are part of the subject matter of the lawsuit." Advisory Committee's Note, Supra at 503. Accordingly, the deponent must be treated as an "ordinary witness" as to the requested interpretation of the patent claims. Id.[6]

5 This Meese finding has been quoted with approval by several courts since the adoption of Rule 26(b)(4)(A) in 1970. See, e. g., Cleo Wrap Corp. v. Elsner Engineering Works, Inc., 59 F.R.D. 386, 391 (M.D.Pa.1972); Babcock and Wilcox Co. v. Foster Wheeler Corp., 54 F.R.D. 474, 478 (D.N.J.1971).

6 It is also to be noted at this point that the deposition requested herein clearly is within the purview of the scope of discovery as set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure which provides:

(b) Scope of Discovery. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

(1) In General. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Since "it is the claim which is the cause of action" in an infringement case, Fulton Co. v. Powers Regulator Co., supra, the answers sought here are "relevant to the subject matter involved in the pending action", Fed.R.Civ.P. 26(b)(1).

The Court is aware of its responsibility to prevent the discovery process from being utilized in an oppressive or unfair manner. See Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). It is also aware that Rule 26(b)(4) was enacted to dispel judicial fears that the discovering party may unduly benefit from his adversary's efforts to obtain expert testimony. Grinnell Corp. v. Hackett, supra at 333; In re Brown Securities Litigation, supra at 385. However, plaintiff herein need not fear that the energy and expense it has invested in its litigation effort will unjustly inure to its adversaries' benefit. Since the deponent is to be deposed as an "actor", he is not required to disclose opinions formulated or knowledge gained during his preparations to be plaintiff's expert trial witness. The fear of unfairness that was allayed by Rule 26(b)(4) is not a factor here as the deponent is to be questioned solely in his capacity as an "actor". Thus, his answers will not enable the defendants to share in ***416** the benefit of the plaintiff's preparation of his case.

Significantly, if the shadow of unfairness lurks within this case at all, it would be transposed to form only by a holding directly inapposite to the one reached herein. If the restrictions of Rule 26(b)(4)(A) were held applicable to the instant facts, future parties would be encouraged to employ as expert trial witnesses the participants in the very events which gave rise to their lawsuits. Thus, parties could cloak discovery sources in the protective veil of Rule 26(b)(4)(A) and thereby significantly impede the rightful access of their opponents to these sources. Such a result would clearly subvert the underlying purpose of discovery which is to make available to the respective parties all relevant facts involved in a pending action. See Fed.R.Civ.P. 26(b)(1).

In conclusion, after careful consideration of the parties' supporting papers, oral arguments, and the relevant law in light of the facts herein, it is found that in order to acquire the "(m)utual knowledge of all the relevant facts gathered by both parties (which) is essential to proper litigation," Hickman v. Taylor, supra 329 U.S. at 507, 67 S.Ct. at 392, deponent McEachron must appear and be deposed in regard to his interpretation of the patent claims underlying the instant action on the basis of information that he acquired as an "actor". Conversely, he is not required to answer as to facts known or opinions developed or acquired in anticipation of or in preparation for trial.

**[9]** **[10]** In complying with this directive, the Court expects both parties to demonstrate the utmost of good faith in facilitating the answers to any questions which may arise as to what question or answer or part thereof refers to knowledge

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

or experience acquired as an actor or an expert trial witness. For example, should the deponent have undertaken special research or study after attaining his status as an expert witness, then any questions pertaining to the claims which can only be answered through utilization of these resources do not have to be answered by the deponent. Conversely, if deponent can respond without utilizing these resources, he must do so. This illustration is by no means exhaustive but is given merely to provide some guidance to the parties. Should the parties be unable to agree as to what knowledge or experience was obtained solely in the stance of an expert trial witness, the parties are directed to submit said question to the Magistrate for determination. Should such situation arise, plaintiff must show that the disputed question is encompassed solely within his status as an expert trial witness. Therefore, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, it is

ORDERED, that the defendants' motion to compel Mr. McEachron to answer deposition questions is granted in the respect set forth above. The taking of said deposition is to recommence as soon as practicable.

**All Citations**

80 F.R.D. 411, 24 Fed.R.Serv.2d 1333, 200 U.S.P.Q. 534

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.