2026 WL 1398342
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

NORTHWEST BIOTHERAPEUTICS, INC., Plaintiff,
v.
CANNACORD GENUITY LLC, et al., Defendants.

22 Civ. 10185 (GHW) (GS)
|
Signed May 19, 2026

**Attorneys and Law Firms**

Andrew Charles Bernstein, Andrew L. Schwartz, Stephen William Tountas, Kasowitz LLP, New York, NY, Michael Benjamin Eisenkraft, Laura Helen Posner, Cohen Milstein Sellers & Toll PLLC, New York, NY, Raymond Michael Sarola, Cohen Milstein Sellers & Toll PLLC, Philadelphia, PA, for Plaintiff.

Brendan Thomas Carroll, Brenna D. Nelinson, Christopher Daniel Kercher, Daniel R. Koffmann, Leigha Empson, Peter Hall Fountain, Jesse Bernstein, Ted Ovrom, Quinn Emanuel Urquhart & Sullivan, LLP, New York, NY, William Anthony Burck Christopher Michel, Quinn Emanuel Urquhart & Sullivan, Washington, DC, Alison Draikiwicz, Alison Michelle Sher, Jonathan K. Youngwood, Meredith Dawn Karp, Simpson Thacher & Bartlett LLP, New York, NY, Kate Lambroza Simpson Thacher & Bartlett LLP, Washington, DC, Stephen Patrick Blake, Simpson Thacher & Bartlett LLP, Palo Alto, CA, for Defendant Citadel Securities LLC.

Marjorie Joan Peerce, Rushmi Bhaskaran, Ballard Spahr LLP, New York, NY, John Chesley Burruss, Laura E. Krabill, Engelmyer, Norman Goldberger, Ballard Spahr LLP, Philadelphia, PA, for Defendant G1 Execution Services LLC.

Peter Ginewicz Wilson, Benjamin Levine, Christian T. Kem, Mitchell Evan Caminer, Katten Muchin Rosenman LLP, Chicago, IL, Leigh Brissenden, Chicago, IL, William Anthony Burck, Quinn Emanuel Urquhart & Sullivan, Washington, DC, for Defendant GTS Securities LLC.

Daniel Post Filor, Nicholas Barnes, Richard Aframe Edlin, Greenberg Traurig, LLP, New York, NY, William Anthony Burck, Quinn Emanuel Urquhart & Sullivan, Washington, DC, for Defendant Instinet LLC.

Kevin Paul Broughel, Zoe Lo, Katten Muchin Rosenman LLP, New York, NY, Stephen Young, Keesal, Young & Logan, Long Beach, CA, Elizabeth H. Lindh, Keesal Young & Logan, Long Beach, CA, William Anthony Burck, Quinn Emanuel Urquhart & Sullivan, Washington, DC, for Defendant Lime Trading Corp.

Alison Rebecca Gross Benedon, Andrew Garry Gordon, Audra Jan Soloway, Jessica Sombat Carey, Paul, Weiss, Rifkind, Wharton & Garrison, New York, NY, William Anthony Burck, Quinn Emanuel Urquhart & Sullivan, Washington, DC, for Defendant Virtu Americas LLC.

**ORDER**

GARY STEIN, United States Magistrate Judge:

***1** Plaintiff Northwest Biotherapeutics, Inc. ("NWBO") moves for a protective order excusing non-party Joshua R. Mitts from complying with a subpoena issued by Defendant Citadel Securities LLC ("Citadel"). (Dkt. No. 265). Having considered NWBO's letter-motion, the letter in support of the motion submitted on behalf of Professor Mitts (Dkt. No. 268), and Citadel's letter in opposition (Dkt. No. 273), the Court hereby **GRANTS** the motion for a protective order to the extent indicated below.

It is undisputed that Professor Mitts is a non-testifying consulting expert. " '[O]rdinarily, the facts known or opinions held by a consulting expert are not discoverable.' " *SEC v. Rio Tinto PLC*, No. 17 Civ. 7994 (AT) (DF), 2021 WL 2186433, at *4 (S.D.N.Y. May 28, 2021) (quoting *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, 293 F.R.D. 568, 575 (S.D.N.Y. 2013)) (cleaned up); *see* Fed. R. Civ. 26(b)(4)(D); *see also Chiquita Int'l Ltd. v. M/V Bolero Reefer*, No. 93 Civ. 167 (LAP), 1994 WL 177785, at *1 (S.D.N.Y. May 6, 1994) ("[A] non-testifying expert is generally immune from discovery."). Citadel argues that, under Rule 26(b)(4)(D), this immunity extends only to "interrogatories or depositions." (Dkt. No. 273 at 3 (quoting Fed. R. Civ. P. 26(b)(4)(D)). There is some authority to support that argument. *See, e.g.*, *In re Commodity Exch., Inc., Gold Futures & Options Trading Litig.*, No. 14 Misc. 2548 (VEC), 2019 WL

13046984, at *2 n.3 (S.D.N.Y. Feb. 25, 2019); *In re Zofran (Ondansetron) Prods. Liab. Litig.*, 392 F. Supp. 3d 179, 186 (D. Mass. 2019).

However, the weight of authority, including in this District, applies Rule 26(b)(4)(D) protections to a non-testifying expert's documents as well. *See, e.g.*, *McDay v. Eckert*, No. 20 Civ. 233 (JLS) (JJM), 2023 WL 12118554, at *4 (W.D.N.Y. Aug. 9, 2023) (denying motion to compel production of consulting expert's report); *Allianz Glob. Invs. GmbH v. Bank of Am. Corp.*, No. 18 Civ. 10364 (LGS), Dkt. No. 321 at 2 (S.D.N.Y. Nov. 4, 2019) (denying motion to compel production of documents from non-testifying consultants); *Higher One, Inc. v. TouchNet Info. Sys., Inc.*, 298 F.R.D. 82, 87 (W.D.N.Y. 2014) (quashing subpoena seeking documents from non-testifying expert); *NetJumper Software, L.L.C. v. Google Inc.*, No. M19-138, 04-70366CV, 2005 WL 3046271, at *4 (S.D.N.Y. Nov. 10, 2005) (denying motion to compel production of documents from non-testifying expert under Rule 26(b)(4)(D) predecessor); *Chiquita*, 1994 WL 177785, at *2 (holding that "Rule 26(b)(4)(B) [Rule 26(b)(4)(D)'s predecessor] applies to document discovery as well as to depositions"); *see also* *Plymovent Corp. v. Air Technology Solutions, Inc.*, 243 F.R.D. 139, 144 (D.N.J. 2007) ("Compelling disclosure of documents would have the same chilling effect on free consultation between a retaining party and its expert as compelling a deposition or answers to interrogatories. Thus, ... holding that [Rule 26(b)(4)(D)] does not apply would allow an end run around the policies of the rule."); *ExxonMobil Oil Corp. v. S. California Edison Co.*, No. CV1210001GHKVBKX, 2014 WL 12629792, at *1 n.1 (C.D. Cal. Feb. 4, 2014) ("Although the Rule specifically mentions only interrogatories and deposition, case law supports the view that it applies with equal force to document requests.").

***2** The Court is unpersuaded by Citadel's argument that NWBO waived Rule 26(b)(4)(D) protections because statistical analyses prepared by Professor Mitts were incorporated into the Second Amended Complaint ("SAC"). (*See* Dkt. No. 273 at 1, 3). Contrary to Citadel's contention, the SAC did not "rise or fall" on the basis of those analyses. (*See id.* at 3 n.1). Indeed, the Court had sustained the sufficiency of NWBO's spoofing allegations as set forth in the First Amended Complaint, prior to the filing of the SAC. (Dkt. No. 148; *see* Dkt. No. 174 at 48–49). Further, since NWBO is not calling Mitts as an expert witness at trial, the Court understands that NWBO will not be able to rely on his statistical analyses at trial (or on summary judgment) unless it is able to replicate the analyses through a different expert or other means. Fairness does not support a finding of waiver under such circumstances. *See, e.g.*, *Allianz*, No. 18 Civ. 10364 (LGS), Dkt. No. 321 at 2 (rejecting waiver argument); *Dover v. British Airways, PLC (UK)*, No. 12 Civ. 5567 (RJD) (MDG), 2014 WL 5090021, at *2 (E.D.N.Y. Oct. 9, 2014) (same).

The Court also finds that a detailed privilege log is unwarranted to the extent the documents sought are protected by Rule 26(b)(4)(D). *See* *NetJumper Software*, 2005 WL 3046271, at *3–4 (declining to compel privilege log and explaining that, "[a]s discovery from [the non-testifying expert] is not permitted under [Rule 26(b)(4)(D)'s predecessor], an analysis of the nature of each withheld [ ] document is unnecessary").

Although the Court thus finds that Rule 26(b)(4)(D) shields Mitts from providing documents concerning his work as a non-testifying consulting expert, it is not clear that this relieves him of any obligation to comply with the subpoena. Mitts, who is an attorney, also allegedly performed legal work for NWBO in connection with this case. (*See* Dkt. No. 265 at 2). He also has published articles on spoofing. (*See* Dkt. No. 273 Ex. B (counsel for Mitts representing that Mitts has published "two articles about spoofing")). His counsel has offered to produce drafts of those articles (Dkt. No. 273 at 2), and represents that she is continuing to meet and confer with Citadel's counsel regarding the scope of the subpoena. (Dkt. No. 268). There may thus be documents in Mitts' possession that are not protected by either Rule 26(b)(4)(D) or by the attorney-client privilege and/or work product doctrine, and the Court does not mean to deprive Citadel of any right it may have to those documents.

In order to facilitate further discussions about what documents may be subject to production, the Court finds that a privilege log would be useful to allow Citadel to understand the scope of NWBO's privilege assertions. A traditional document-by-document log would be unduly burdensome. This is particularly true given that, even as narrowed in subsequent correspondence, the categories of documents sought by Citadel are quite broad. (*See* Dkt. No. 273-3 at 12). Citadel, however, states that it would be willing to accept a categorical privilege log, and the Court agrees that a categorical log, with information as to date range, general subject matter, and the privilege(s) asserted, would be appropriate. *See, e.g.*, *Orbit One Comm'ns, Inc. v. Numerex Corp.*, 255 F.R.D. 98, 109 (S.D.N.Y. 2008) (allowing use of categorical privilege log "[t]o lessen the

burden posed by reviewing and recording a large quantity of protected communications”). A categorical privilege log shall be provided within two weeks of the date of this Order.

Moreover, the Court notes Citadel's assertion that NWBO has failed to provide adequate *party* discovery with respect to the analyses at issue. (*See* Dkt. No. 273 at 1 (“If NWBO produces them through party discovery, the Subpoena may become largely moot. But NWBO has failed to produce the non-privileged analyses[.]”)). Citadel does not specify NWBO's alleged deficiencies, explain what has and has not been produced, or seek any relief against NWBO; nor has NWBO had an opportunity to respond to Citadel's assertion. As a result, the Court cannot say at this juncture whether NWBO itself should be producing anything else. That said, the Court assumes that Citadel is entitled to adequate discovery that will enable it to understand the analyses in question, such as the charts at Paragraphs 311 and 313 of the SAC,[1] including the data on which they are based. (*See* Dkt. No. 150 at ¶¶ 311, 313). The Court directs the parties to further meet and confer regarding NWBO's own production of information relating to Professor Mitts analyses and, if there remains any dispute, to raise it promptly with the Court.

1 It is unclear from the parties’ submissions precisely what analyses Professor Mitts was involved in. Citadel cites the chart appearing at Paragraph 311 of the SAC as an example. (Dkt. No. 273 at 1).

***3 SO ORDERED.**

**All Citations**

Slip Copy, 2026 WL 1398342

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.