8A Fed. Prac. & Proc. Civ. § 2029 (3d ed.)

**Federal Practice and Procedure (Wright & Miller)** | April 2026 Update

**Federal Rules of Civil Procedure**

**Chapter 6. Depositions And Discovery**
Author: Richard L. Marcus

**Rule 26. Duty to Disclose; General Provisions Governing Discovery**

**C. Limitations on the Scope of Discovery**

# § 2029 Expert Witnesses—In General

**Primary Authority**

**Fed. R. Civ. P. 26**

**Forms**

West's Federal Forms §§ 3251 to 3290.5

Rule 26(b)(4) governs the discovery of facts known and opinions held by experts and acquired or developed in anticipation of litigation or for trial. It speaks to a point on which there was much disagreement in the cases before 1970 and about which there has since then been a marked change of thinking, from general opposition to discovery when the rules were adopted to the present view of automatic disclosure and deposition discovery with regard to experts who will testify. Under the 1993 amendments, the restrictive attitude of the past has been abandoned, and a new regime of automatic disclosure under Rule 26(a)(2) followed by depositions of right has been introduced with regard to experts who will testify at trial. Under further amendments that went into effect on December 1, 2010, however, that disclosure and discovery has been curtailed somewhat.

The pre–1970 disagreement in the cases is readily illustrated and provides a useful backdrop for the current situation. In 1946, a patent–infringement action was pending in the Eastern District of Tennessee. For several years the plaintiff had been consulting eminent experts at Massachusetts Institute of Technology and Case Institute of Technology to obtain technical information needed for the suit. Defendant sought to take the depositions of these experts. The attorneys for plaintiff advised the expert in each instance not to answer questions about the work he was doing for plaintiff. The court in Massachusetts, where the deposition of the M.I.T. expert was being taken, held that the work of the expert was not a proper subject of discovery and refused to compel answers to the questions.[1] The court in Ohio, where the expert from Case was being deposed, ordered him

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

to answer all questions relevant to the subject matter of the suit.[2] When he persisted in his refusal to answer, the Sixth Circuit affirmed a judgment of contempt by the Ohio court.[3]

The change in attitude is illustrated equally readily. In 1946 the Advisory Committee proposed an amendment of the rules that would have made the conclusions of an expert absolutely immune from discovery, except for the findings of physicians regulated by Rule 35. The amendment was not adopted.[4] In 1970 the Supreme Court adopted Rule 26(b)(4), a provision that allowed considerable discovery of information obtained by experts. In 1993, the Court took a large step further in the direction of unlimited discovery of expert witnesses by revising Rule 26(b)(4)(A) to authorize routine depositions of testifying experts and also adopting new Rule 26(a)(2), which mandates disclosure of detailed information about the opinions and backgrounds of experts who are "retained" to provide opinion evidence.[5] And a further amendment went into effect in 2010 to require disclosures with regard to testimony of experts exempted from providing the detailed report that must be done by "retained" expert witnesses.[6]

There were two reasons for the change in attitude. First, some courts had objected to the discovery of expert information on the grounds variously that this was privileged,[7] or that it was protected as work product,[8] or that it would be unfair if one party could learn through discovery what the other party had paid the expert for.[9] Powerful scholarly commentary, however, showed that these objections were not well taken.[10] The knowledge of an expert is not privileged,[11] it is not part of the work product,[12] and any unfairness can be remedied by requiring the discovering party, in appropriate cases, to reimburse his opponent for a portion of the expert's fee.[13]

Second, the courts came to have a better appreciation of the importance of expert testimony in the trial of cases and of the need for discovery if the views of an expert are to be properly cross–examined or rebutted.[14]

Despite these arguments the cases were quite divided. Discovery of experts' information was denied in a long list of cases.[15] There were also many cases in which it had been allowed, but although some of these decisions stood for the proposition that expert information was readily discoverable[16] others allowed discovery only because of compelling circumstances present in the particular case.[17] Some decisions allowed discovery of facts known by an expert but refused to allow his or her opinions and conclusions to be discovered,[18] while other cases refused to attempt the illusory distinction.[19] Some cases recognized the need to check on an expert's qualifications and experience, and therefore allowed discovery of the names of experts to be used, but declined to permit discovery of the information the experts had.[20]

The 1970 amendment made a valuable contribution by providing a rule on this subject and thus putting to an end the division in the courts. In view of the strong trend then in favor of treating expert information as discoverable, some found it surprising that the amendment did not go farther along these lines.[21]

The need for substantial discovery regarding those experts who will testify at trial became more evident after the adoption of the Federal Rules of Evidence in 1975. Those rules took a broad view of the types of expert testimony that would be allowed,[22] and there has followed a proliferation in the use of expert testimony.[23] More telling with regard to discovery, Rule 705 of the Federal Rules of Evidence abandoned the traditional requirement that the proponent of the expert use a hypothetical question, permitting the expert to testify "without prior disclosure [while testifying] of the underlying facts or data," leaving disclosure of those facts or data for cross examination. The Advisory Committee that drafted Rule 705 explained that it hoped discovery would suitably arm the opponent to cross–examine:

> If the objection is made that leaving it to the cross–examiner to bring out the supporting data is essentially unfair, the answer is that he is under no compulsion to bring out any facts or data except those unfavorable to the

> opinion. The answer assumes that the cross–examiner has the advance knowledge which is essential for effective cross–examination. This advance knowledge has been afforded, though imperfectly, by the traditional foundation requirement. Rule 26(b)(4) of the Rules of Civil Procedure, as revised, provides for substantial discovery in this area, obviating in large measure the obstacles which have been raised in some instances to discovery of findings, underlying data, and even the identity of experts.[24]

The remaining obstacles in Rule 26(b)(4) to discovery regarding testifying witnesses were removed in 1993. Rule 26(b)(4)(A) was amended to make depositions of testifying experts routinely available. Additionally, Rule 26(a)(2) was added to require substantial disclosure about such witnesses in most instances. These changes are discussed in a later section.[25]

Rule 26(b)(4) divides experts into four classes and deals separately with each.[26]
(1) Experts a party expects to use at trial. From 1970 to 1993, the opponent could learn by interrogatories the names of these trial witnesses and the substance of their testimony but further discovery concerning them could be had only on motion and court order.[27] Under the 1993 amendments, routine depositions are permitted, usually preceded with regard to "retained" witnesses by an extremely detailed report by the expert and background information about the witness.[28] Under the 2010 amendments, disclosure is required regarding anticipated testimony of those witnesses exempt from providing a detailed report because they are not regarded as "retained" in the action.[29]

(2) Experts retained or specially employed in anticipation of litigation or preparation for trial but not expected to be used at trial. Except as provided in Rule 35 for an examining physician,[30] the facts and opinions of experts in this category can be discovered only on a showing of exceptional circumstances.[31]

(3) Experts informally consulted in preparation for trial but not retained. No discovery may be had of the names or views of experts in this category.[32]

(4) Experts whose information was not acquired in preparation for trial. This class, which includes both regular employees of a party not specially employed on the case and also experts who were actors or viewers of the occurrences that gave rise to suit, is not included within Rule 26(b)(4) at all and facts and opinions they have may be freely discoverable as with any ordinary witness,[33] although courts have provided protection to some "unaffiliated" experts and amendments to Rule 45 confirm that such protection is appropriate.[34]

Westlaw. © 2026 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

Footnotes

1 **Massachusetts case**
Cold Metal Process Co. v. Aluminum Co. of America, 7 F.R.D. 684 (D. Mass. 1947).

2 **Ohio case**
Cold Metal Process Co. v. Aluminum Co. of America, 7 F.R.D. 425 (N.D. Ohio 1947), aff'd, 167 F.2d 570 (C.C.A. 6th Cir. 1948).

3 **Contempt affirmed**
Sachs v. Aluminum Co. of America, 167 F.2d 570 (C.C.A. 6th Cir. 1948).

4 **Not adopted in federal system**

The amendment was part of a broader rule proposed in 1946 to deal generally with work product. See § 2021.

5 **1993 amendments**
These provisions are discussed in § 2031.1.

6 **Disclosure from experts not providing reports**
See § 2031.2.

7 **Privileged**
E.g., American Oil Co. v. Pennsylvania Petroleum Products Co., 23 F.R.D. 680, 685–686 (D.R.I. 1959).

Schuyler v. United Air Lines, 10 F.R.D. 111, 113 (M.D. Pa. 1950).

8 **Work product**
E.g., Carpenter–Trant Drilling Co. v. Magnolia Petroleum Corp., 23 F.R.D. 257, 262 (D. Neb. 1959).

Colden v. R. J. Schofield Motors, 14 F.R.D. 521, 522 (N.D. Ohio 1952).

9 **Unfair**
"To permit a party by deposition to examine an expert of the opposite party before trial, to whom the latter has obligated himself to pay a considerable sum of money, would be equivalent to taking another's property without making any compensation therefore." Lewis v. United Air Lines Transport Corp., 32 F. Supp. 21, 23 (W.D. Pa. 1940).

Walsh v. Reynolds Metals Co, 15 F.R.D. 376, 378–379 (D.N.J. 1954).

Roberson v. Graham Corp., 14 F.R.D. 83, 84 (D. Mass. 1952).

**But see**
"Somehow it is believed that he has bought and paid for the witness and that the other party should not share in his property. We cannot accept this 'oath helper' approach to discovery." Seven–Up Bottling Co. v. U.S., 39 F.R.D. 1, 2 (D. Colo. 1966).

10 **Scholarly commentary**
Friedenthal, Discovery and Use of an Adverse Party's Expert Information, 14 Stan.L.Rev. 455 (1962). This article has been much quoted by federal and state courts and has been especially influential.

Long, Discovery and Experts Under the Federal Rules of Civil Procedure, 39 Wash.L.Rev. 665 (1964), reprinted 38 F.R.D. 111.

Gardner, Agency Problems in the Law of Attorney–Client Privilege: The Expert Witness, 42 U.Det.L.J. 473 (1965).

Note, Discovery of Expert Information, 47 N.C.L.Rev. 401 (1969).

Note, Discovery of Experts: A Historical Problem and a Proposed FRCP Solution, 53 Minn.L.Rev. 785 (1969).

11 **Not privileged**
U.S. v. Meyer, 398 F.2d 66, 73 (9th Cir. 1968).

U.S. v. McKay, 372 F.2d 174, 176 (5th Cir. 1967).

Levine v. St. Luke's Hosp., 47 F.R.D. 362, 363 (E.D. Pa. 1969).

The Committee Note to the 1970 amendments of Rule 26(b)(4) said in part: "These new provisions of subdivision (b)(4) repudiate the few decisions that have held an expert's information privileged simply because of his status as an expert." 48 F.R.D. at 504–505.

Case 1:25-cv-08892-VEC-GS Document 176-16 Filed 08/21/26 Page 5 of 10

12 **Not work product**
Natta v. Zletz, 418 F.2d 633, 638 (7th Cir. 1969).

U.S. v. Meyer, 398 F.2d 66, 73–75 (9th Cir. 1968).

U.S. v. McKay, 372 F.2d 174, 176–177 (5th Cir. 1967).

Sachs v. Aluminum Co. of America, 167 F.2d 570 (C.C.A. 6th Cir. 1948).

The Committee Note to the 1970 amendments of Rule 26(b)(4) said in part that the amendments "reject as ill–considered the decisions which have sought to bring expert information within the work–product doctrine." 48 F.R.D. at 505.

13 **Pay part of fee**
See § 2034.

14 **Need for discovery**
"Pretrial discovery is particularly important to preparation for effective cross–examination of such witnesses, and is commonly employed for that purpose." U.S. v. Meyer, 398 F.2d 66, 70 (9th Cir. 1968).

"In almost every case where expert testimony is involved, the conclusions of the experts, and the tests and assumptions which support the experts' opinions, will be the areas where the issues exist and, decisions frequently turn on the experts' testimony. * * * Without discovery, such evidence and issues will be unknown to opposing counsel until it is too late to effectively cross–examine an expert or prepare rebuttal evidence. More importantly, unless the position of each party is known along with the basis for taking such position, no intelligent evaluation can be made for settlement purposes." Franks v. Nat. Dairy Products Corp., 41 F.R.D. 234, 237 (W.D. Tex. 1966).

"[I]t needs no citation of authority to say that an expert is the most difficult witness to cross–examine, particularly if one is unaware until trial of the substance of his testimony." U.S. v. 23.76 Acres of Land, More or Less, in Anne Arundel County, Maryland, 32 F.R.D. 593, 596 (D. Md. 1963).

15 **Discovery denied**
No need for discovery when moving party had already made its own tests and analyses upon samples which had been supplied at its request. U.S. v. 5 Cases, More or Less, Containing "Figlia Mia Brand", 179 F.2d 519 (2d Cir. 1950), cert. denied, 339 U.S. 963, 70 S. Ct. 997, 94 L. Ed. 1372 (1950).

Plaintiff who was bringing action for malpractice against dental surgeon and who already had the written report of defense expert's examination to which plaintiff had voluntarily submitted failed to make some substantial showing of probable benefits in terms of the ends discovery serves in relation to his demand for taking testimony of defense expert before trial, and motion for taking of deposition was denied. Cox v. Fennelly, 40 F.R.D. 1 (S.D. N.Y. 1966).

A motion by a respondent, directing the United States as co–respondent to make available for inspection and copying the report made by an employee expert of federal aviation agency would be denied, when report consisted of its author's conclusions, opinions, and recommendations based on information available to movant's experts. Craig v. Eastern Air Lines, Inc., 40 F.R.D. 508 (E.D. N.Y. 1966).

Widow of employee of private company suing Tennessee Valley Authority for husband's death in accident at steam plant facility was not entitled to written reports of examination prepared by metallurgist, defendant's expert. Hoagland v. Tennessee Valley Authority, 34 F.R.D. 458 (E.D. Tenn. 1963).

Court made in camera inspection of appraisers' reports, and concluded that they contained no facts that would justify discovery. U.S. v. 48.49 Acres of Land, More or Less, in Santa Barbara County, California, 32 F.R.D. 462 (S.D. Cal. 1963).

WESTLAW © 2026 Thomson Reuters. No claim to original U.S. Government Works.

When defendant offered to make available to plaintiff a piece of the metal in question, plaintiff was not entitled to discovery of opinion of defendant's expert as to metal. Stovall v. Gulf & South American S. S. Co., 30 F.R.D. 152 (S.D. Tex. 1961).

Federal district court should not ordinarily permit one party to examine expert engaged by adverse party, or to inspect reports prepared by such expert, in absence of showing that facts or information sought are necessary for moving party's preparation for trial and cannot be obtained by moving party's independent investigation or research. Smith v. Hobart Mfg. Co., 188 F. Supp. 135 (E.D. Pa. 1960).

16 **Freely discoverable**

U.S. v. Meyer, 398 F.2d 66 (9th Cir. 1968).

Sachs v. Aluminum Co. of America, 167 F.2d 570 (C.C.A. 6th Cir. 1948).

Seven–Up Bottling Co. v. U.S., 39 F.R.D. 1 (D. Colo. 1966).

Names of expert witnesses and their reports containing both factual data and conclusions are subject to discovery in the absence of some compelling reason to the contrary. Franks v. Nat. Dairy Products Corp., 41 F.R.D. 234 (W.D. Tex. 1966).

Party, by means of interrogatories served a reasonable time prior to trial, may require other party to identify each person whom other party expects to call as an expert witness at trial, and to state subject matter on which expert will testify, and party who served interrogatories may proceed by any appropriate method to discover from expert or other party facts known or opinions held by expert that are relevant to stated subject matter and not privileged. Knighton v. Villian & Fassio e Compagnia Internazionale di Genova Societe Riuniti di Navigazione, S.p.a., 39 F.R.D. 11 (D. Md. 1965).

When discovery of the findings of an expert is sought, the party seeking discovery has no affirmative burden of demonstrating good cause, and the court will make a comparative evaluation of the competing claims of need and prejudice. In the ordinary case, such discovery will be allowed, in the absence of a good reason to the contrary and upon an offer to pay a reasonable portion of the expert's fee. Henlopen Hotel Corp. v. Aetna Ins. Co., 33 F.R.D. 306 (D. Del. 1963).

17 **Compelling circumstances**

Autopsy report by expert retained by plaintiff ordered produced. Levine v. St. Luke's Hosp., 47 F.R.D. 362 (E.D. Pa. 1969).

Defendant aluminum company in action brought against it for breach of warranty following collapse of aluminum sewer pipe was entitled to an order requiring plaintiff to produce for inspection and copying reports of experts engaged by plaintiff, material of the pipe removed, and photographs of the site taken at time of excavation, where defendant's agents were not present at excavation of the pipe and backfill, and information contained in plaintiff's expert's reports could not be obtained by defendant's independent investigation. Sanford Const. Co. v. Kaiser Aluminum & Chemical Sales, Inc., 45 F.R.D. 465, 466 (E.D. Ky. 1968).

Widow maintaining action for death resulting from explosion in defendant's plant, in her averments that she had had no opportunity to observe scene of explosion at least in original condition, that there was reason to believe that defendant's expert had moved or had perhaps modified apparatus believed to have caused explosion, and that expert carefully studied site in its original condition, fulfilled burden of showing good cause for taking deposition of expert, but deposition would be limited to such matters and she would not be permitted to inquire into expert's opinions or conclusions. Lee v. Crown Cent. Petroleum Corp., 33 F.R.D. 11 (S.D. Tex. 1963).

Plaintiff, suing on behalf of minor injured on escalator, was permitted discovery of experts' inspection report, regarding physical installation and mechanical and electrical operating condition of escalator, to escalator manufacturer's insurer, when escalator was used 24 hours per day by thousands of persons, report was

prepared six and a half months after injury, and during such time maintenance and routine inspection work had been done on escalator weekly. Maginnis v. Westinghouse Elec. Corp., 207 F. Supp. 739 (E.D. La. 1962).

"Defendants' second objection is that the interrogatories are improper where they seek to secure work performed by experts or call for experts' opinion. * * * Realistically speaking, the resolution of the entire case depends upon medical and expert testimony and opinion. The necessities of such a case transcend the usual limitations which may otherwise be imposed upon discovery proceedings. * * * To the extent that information concerning medical and scientific facts is within the knowledge or possession of the defendants, the Court believes such information should be disclosed." U.S. v. Nysco Laboratories, Inc., 26 F.R.D. 159, 162 (E.D. N.Y. 1960).

In a complicated infringement suit, when it was impossible for the plaintiff to establish infringement or for the defendant to attack the validity of the patent except by opinion testimony of experts, such opinions were, from a practical point of view, the facts of the case, and discovery was permitted. E.I. du Pont De Nemours & Co. v. Phillips Petroleum Co., 24 F.R.D. 416 (D. Del. 1959).

When equipment examined by expert was no longer available in its original state, opponent was entitled to inspection of expert's notes, made at the time of the examination. Opponent was not entitled to discovery of expert's conclusions, however, since his own experts could draw their own conclusions from objective facts set out in the notes. Walsh v. Reynolds Metals Co, 15 F.R.D. 376 (D.N.J. 1954).

When car in question had been disassembled for inspection by plaintiff's expert, so that defendant could no longer have its own examination made, defendant was entitled to production of a copy of the report of plaintiff's expert. Colden v. R. J. Schofield Motors, 14 F.R.D. 521 (N.D. Ohio 1952).

18 **Facts but not conclusions**
Lee v. Crown Cent. Petroleum Corp., 33 F.R.D. 11 (S.D. Tex. 1963).

Maginnis v. Westinghouse Elec. Corp., 207 F. Supp. 739, 742 (E.D. La. 1962).

Owner allowed to discover facts, but not opinions, from government's experts in a condemnation case, but the court said "a liberal approach must be adopted, lest any inquiry of fact fail because it in some peripheral manner touches on the area of 'opinion.' " U.S. v. 284,392 Square Feet of Floor Space in 227 237 Schermerhorn St., and 240 252 Livingston St., Borough of Brooklyn, County of Kings, City and New York, 203 F. Supp. 75, 78 (E.D. N.Y. 1962).

19 **Distinction rejected**
The distinction between facts and opinions is convincingly rejected in a comprehensive opinion by Judge Browning in U.S. v. Meyer, 398 F.2d 66 (9th Cir. 1968).

Perry v. W. S. Darley & Co., 54 F.R.D. 278, 279 (E.D. Wis. 1971), **citing Wright & Miller.**

Sanford Const. Co. v. Kaiser Aluminum & Chemical Sales, Inc., 45 F.R.D. 465 (E.D. Ky. 1968).

Franks v. Nat. Dairy Products Corp., 41 F.R.D. 234 (W.D. Tex. 1966).

"Many of the lower federal courts, however, have taken the position that the opinions of experts are within the work product doctrine. These same courts often differentiate between 'fact' and 'opinion,' and as a result permit the discovery of the expert's observations as to the actual condition of the subject of the investigation. It is impossible to justify such a distinction within the framework of the Hickman doctrine. Either expert information ought to be protected because it forms a part of the strategy of the party's case, or it ought to be revealed in its entirety. The conclusions of an expert are as much a part of the evidence as are his observations. Indeed his observations are controlled by his expertise which dictates the nature and direction of his inquiry." Friedenthal, Discovery and Use of an Adverse Party's Expert Information, 14 Stan.L.Rev. 455, 473 (1962).

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

"The distinction between fact and opinion is particularly without merit when we are concerned with experts. The facts of litigation where experts testify are opinions, and the issues relate to method, technique and judgment. They cannot be learned before trial except by discovery." Long, Discovery and Experts under the Federal Rules of Civil Procedure, 39 Wash.L.Rev. 665, 694 (1964), reprinted 38 F.R.D. 111, 144–145.

20 **Names of experts**
Miller v. U.S., 192 F. Supp. 218, 221–222 (D. Del. 1961).

Party can be compelled to disclose each person he expects to call as expert witness at trial, and to state subject matter on which expert will testify. Knighton v. Villian & Fassio e Compagnia Internazionale di Genova Societe Riuniti di Navigazione, S.p.a., 39 F.R.D. 11 (D. Md. 1965).

Libelant was entitled to response to interrogatory inquiring as to names and addresses of experts who supported claimant's position that article involved was cosmetic rather than drug. U.S. v. 216 Bottles, More or Less, Sudden Change by Lanolin Plus Lab. Div. Hazel Bishop Inc., 36 F.R.D. 695 (E.D. N.Y. 1965).

21 **Not go farther**
"All but experts may be freely deposed before trial in keeping with the liberal spirit that pervades the federal rules. Once the traditional problem of allowing one party to obtain the benefit of another's expert cheaply has been solved, there is no reason to treat the expert differently than any other witness." Herbst v. Intern. Tel. & Tel. Corp., 65 F.R.D. 528, 530 (D. Conn. 1975).

"The 1970 amendment may resolve much of the disagreement on this subject, but even this advance is objected to by some as not going far enough." U.S. v. John R.–Piquette Corp., 52 F.R.D. 370, 371 (E.D. Mich. 1971), **citing Wright & Miller.**

"It is immediately apparent that the thrust of Rule 26(b)(4) is to protect the trial witness from being deposed. * * * While this may have been a commendable first step towards discovery in 1970, it has—at least since the promulgation of the Federal Rules of Evidence—become a Neanderthal tool in the chiseling of a lawsuit." McLaughlin, Discovery and Admissibility of Expert Testimony, 63 N.D.L.Rev. 760, 764 (1988).

22 **Broad view**
Fed.R.Evid. 702 allows opinion testimony whenever "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue," and allows such testimony from any person "qualified as an expert by knowledge, skill, experience, training, or education." The Advisory Committee Notes emphasized: "The rule is broadly phrased. The fields of knowledge which may be drawn upon are not limited merely to the 'scientific' and 'technical' but extend to all 'specialized' knowledge. Similarly, the expert is viewed, not in a narrow sense, but as a person qualified by 'knowledge, skill, experience, training or education.' Thus within the scope of the rule are not only experts in the strictest sense of the word, e.g., physicians, physicists and architects, but also the large group sometimes called 'skilled' witnesses, such as bankers or landowners testifying to land values." 56 F.R.D. at 282. For further discussion, see the sections of this treatise dealing with Fed.R.Evid. 702.

**Compare**
The fact that a witness, by virtue of education, training or experience, was capable of being qualified as an expert did not serve as a valid objection to his expression of lay opinion testimony. An employee with scientific and industry background was allowed to testify as to his personal observations at his employer's facility, what he informed an employer's management about and the knowledge he gained from his industry experience. Because he was not an expert witness, he could not respond to hypothetical facts or circumstances, nor was he competent to review documents that were extraneous to his employer's business records to have a basis to form opinion testimony. Hartzell Mfg., Inc. v. American Chemical Technologies, Inc., 899 F. Supp. 405 (D. Minn. 1995).

23 **Proliferation**

Sanders, From Science to Evidence: The Testimony on Causation in the Bendectin Cases, 46 Stan.L.Rev. 1, 31–32 (1993).

Between 1974 and 1989, the number of regularly testifying experts in Cook County, Illinois, increased 1500 percent, from 188 to 3100. Green, Expert Witnesses and Sufficiency of Evidence in Toxic Substances Litigation: The legacy of the Agent Orange and Bendectin Litigation, 86 Nw.L.Rev. 643, 669 (1992).

A survey of 529 civil trials before juries in California in 1985 and 1986 showed that experts testified in 86 percent of these cases and that an average of 3.8 experts testified per case. Gross, Expert Evidence, Wis.L.Rev. 1113, 1119 (1991).

A study of use of experts in civil cases in Dallas, Texas, indicated that of 90 trials 57 had some expert testimony. Champagne, Schuman & Whitaker, An Empirical Examination of the Use of Expert Witnesses in American Courts, 31 Jurimetrics 375, 380 (1991).

24 **Advisory Committee view**
See 46 F.R.D. at 319–320.

25 **1993 amendments**
See § 2031.1.

26 **Four classes**
Cox v. Piper, Jaffray & Hopwood, Inc., 848 F.2d 842, 845 (8th Cir. 1988), **citing Wright & Miller.**

Ager v. Jane C. Stormont Hosp. and Training School for Nurses, 622 F.2d 496, 500–501 (10th Cir. 1980), **quoting Wright & Miller.**

Hoover v. U.S. Dept. of the Interior, 611 F.2d 1132, 1145 (5th Cir. 1980) (dissenting opinion), **citing Wright & Miller.**

Bergeson v. Dilworth, 749 F. Supp. 1555, 1563 (D. Kan. 1990), **citing Wright & Miller**.

27 **Trial witnesses**
§§ 2030, 2031.

28 **Routine depositions and disclosure**
See § 2031.1.

29 **Disclosure from expert witnesses not required to provide a report**
See § 2031.2.

30 **Examining physician**
Rule 35(b). See § 2237.

31 **Not to be called**
Rule 26(b)(4)(B). See § 2032.

If discovery is allowed as to experts in this class, the discovering party must compensate the expert for his time responding to discovery and must pay to his opponent a fair share of the expert's fee. Rule 26(b)(4)(B). See § 2034.

32 **Experts informally consulted**
Advisory Committee Note, 48 F.R.D. at 504. See § 2033 below.

In determining whether an expert was "informally consulted," the factors to consider are (1) the manner in which the consultation was initiated, (2) the nature, type and extent of the information or material provided to, or determined by the expert in connection with his review, (3) the duration and intensity of the consultative relationship, and (4) the terms, if any, such as payment, and confidentiality regarding the arrangement. In this

case, plaintiff did not establish that he "specially retained" his treating physician so as to preclude defendant from using factual testimony of the physician. Ngo v. Standard Tools & Equipment, Co., Inc., 197 F.R.D. 263 (D. Md. 2000).

33 **Not specially retained**

Advisory Committee Note, 48 F.R.D. at 503 and 504. See § 2033.

**Compare**

Note that parties must identify such witnesses pursuant to Rule 26(a)(2)(A), and that Rule 26(a)(2)(C) requires disclosures regarding the expert testimony of such witnesses.

34 **Unaffiliated experts**

See § 2033.

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.