**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| APEX GROUP CAPITAL ADVISORS LLC F/K/A SANDSPOINT CAPITAL ADVISORS LLC,<br><br>Plaintiff,<br><br>v.<br><br>RELATED FUND MANAGEMENT, LLC; JAMES KRAUS; LUCAS BELINKIE; PRESTON CALLEN; WILLIAM C. CHANEY; and RYAN HOPE,<br><br>Defendants. | Case No. 25-CV-08892 (VEC) |

# JOINT MONTHLY DISCOVERY REPORT

Pursuant to the Civil Case Management Plan and Scheduling Order [Dkt. 112], Plaintiff Apex Group Capital Advisors LLC ("Apex") and Defendants Related Fund Management, LLC ("RFM"), James Kraus ("Kraus," and together with RFM, the "Related Defendants"), Lucas Belinkie, Preston Callen, William C. Chaney, and Ryan Hope (the "Employee Defendants," and with the Related Defendants the "Defendants," and together with Apex, the "Parties") submit the following Joint Monthly Discovery Report:

## A. Actions Completed in the Last Month by the Parties

1. The Parties have continued to produce documents on a rolling basis.

2. On August 18, 2026, the Parties attended a discovery conference before Magistrate Judge Stein pursuant to the issues raised in the July 15, 2026, Joint Monthly Discovery Report (Dkt. 153).

3. On August 19, 2026, Apex served a discovery deficiency letter on RFM regarding Apex's Request for Production No. 4 seeking all invoices sent by IQEQ US Management Co., LLC ("IQEQ") to RFM during the relevant time period and Request for Production No. 7 concerning RFM's timely payment of Apex invoices. On September 10, 2026, Apex sent a follow-up regarding the deficiency letter. RFM responded on September 11, 2026.

4. On August 21, 2026, Apex responded to the Employee Defendants' August 13, 2026, deficiency letter identifying purported deficiencies in Apex's privilege log.

5. On August 21, 2026, the Related Defendants sent a deficiency letter to Apex regarding Apex's privilege log. On August 27, 2026, Apex responded.

6. On August 21, 2026, the Parties filed supplemental letters to Magistrate Judge Stein addressing the Employee Defendants' request to depose Apex's consulting experts John Clingerman and Bruce Moats.

7. On August 27, 2026, Apex filed a joint status letter to Magistrate Judge Stein regarding resolution of the Parties' discovery dispute concerning Apex's production of client and employee departure information.

8. On August 28, 2026, Apex served an amended privilege log.

9. On August 28, 2026, Apex circulated a draft protocol governing the forensic inspection of Belinkie's, Callen's, and Hope's personal mobile devices and inquired as to when Apex could expect to receive recommendations for a forensic examiner. On September 8, 2026, Apex followed up with Belinkie, Callen, and Hope, seeking comments on the draft protocol and recommendations for a forensic examiner. Apex followed up again during the Parties' meet and confer on September 9, 2026. Defendants Belinkie, Callen, and Hope provided edits, comments and a proposed forensic inspector on September 15, 2026.

10. On August 31, 2026, Apex served a Second Set of Interrogatories on all Defendants.

11. On September 8, 2026, the Employee Defendants served a response letter regarding their responses and objections to Apex's First Set of Interrogatories.

12. On September 9, 2026, the Parties met and conferred with IQEQ and agreed to hold IQEQ's subpoena response in abeyance pending the Court's decision on Apex's pending Motion to Amend First Amended Complaint. The Parties agreed to allow production of documents in response to the subpoena after the September 30, 2026, fact discovery deadline in the event IQEQ is not made a party defendant to the case. The Parties also discussed Apex's privilege log, which it agreed to further amend but stated that it would not provide descriptions for the privileged documents and the Parties discussed the status of productions.

13. On September 11, 2026, RFM informed Apex that RFM would serve its responses and objections to Apex's Second Set of Requests for Production (served August 14) on Monday, September 21.

14. On September 14, 2026, Apex served a second amended privilege log.

15. On September 15, 2026, Apex served a deficiency letter on RFM regarding documents produced in redacted form by RFM.

**B. Actions to be Completed in the Next Month by the Parties**

The Parties anticipate continuing to produce responsive documents on a rolling basis.

## C. Disputes Between the Parties

The Parties respectfully request a conference with the Court regarding the discovery disputes identified below.

**1. Apex's Privilege Log.** The Parties met and conferred on September 9, 2026, regarding Apex's metadata privilege log and remain at an impasse. Defendants contend that Apex's privilege log is deficient because it does not contain certain information, including document-by-document narratives, justifying each document's privileged nature. In an attempt to resolve this issue, Apex agreed to produce an amended privilege log adding attachment-family information. Defendants acknowledged that this information may narrow their objections but maintained their principal objection that a metadata privilege log cannot be sufficient without document-by-document descriptions of the privilege being asserted. Apex responds that this objection is directed to the metadata format itself and is foreclosed by Local Civil Rule 26.2(c)(4), which provides that "a party cannot object to a privilege log solely on the basis that it is . . . a metadata log." Apex further contends that its privilege log provides the metadata fields expressly required by the Parties' Stipulated and Ordered ESI Protocol (Dkt. 138). The Defendants' position is that the ESI protocol specifically states that metadata is to be provided to help "facilitate the determination of the basis of privileged claimed", and it does not alleviate any Party's obligation to "describe" the privilege being asserted as required by both the Federal Rules of Civil Procedure and the Local Rules. The Related Defendants additionally state that although metadata logs are permitted in this District, courts have held that such logs do not absolve a party of its obligations under the Federal Rules of Civil Procedure.

**2. Cost of Forensic Inspection.** The Parties are at an impasse regarding responsibility for the costs of the agreed forensic inspection of Defendants Belinkie's, Callen's, and Hope's personal mobile devices. Defendants Belinkie, Callen, and Hope contend that Apex should bear those costs because Apex requested and will principally benefit from an examination, expected to cost approximately $20,000 to $67,500 and will likely yield little to no additional responsive documents because Apex has admitted that it received responsive text messages from Defendant Chaney. Additionally, Defendants Belinkie, Callen, and Hope believe that Apex should bear the cost of the examination because they have already incurred substantial vendor and attorneys' fees pursuing less costly recovery methods, including working with their discovery vendors, contacting cellular-service providers, serving third-party subpoenas, and producing additional cellular records. Apex responds that Defendants Belinkie, Callen, and Hope have not met their burden to show good cause to deviate from the presumption that the responding party bears its own costs in complying with discovery requests, particularly because the forensic inspection is necessary due to Defendants Belinkie's, Callen's, and Hope's admitted failure to preserve relevant messages.

Date: September 15, 2026

/s/ *Abigail Griffith*

Amy L. Ruhland
Texas Bar No. 24043561
amy.ruhland@pillsburylaw.com
Abigail Griffith
Texas Bar No. 24113585
abby.griffith@pillsburylaw.com

401 W 4th Street, Suite 3200
Austin, TX 78701
(512) 580-9600

Brian L. Beckerman
Stephanie M. Coughlan
31 West 52nd Street
New York, NY 10019
Telephone: 212.858.1000
Fax: 212.858.1500
brian.beckerman@pillsburylaw.com
stephanie.coughlan@pillsburylaw.com

PILLSBURY WINTHROP SHAW PITTMAN LLP

*Attorneys for Apex Group Capital Advisors LLC*

*/s/Nicole Gueron*___
Nicole Gueron
David Kimball-Stanley
Elizabeth R. Baggott
CLARICK GUERON REISBAUM LLP
41 Madison Avenue, 23rd Floor
New York, NY 10010
Phone: (212) 633-4310
Fax: (646) 478-9484
ngueron@cgr-law.com
dkimballstanley@cgr-law.com
ebaggott@cgr-law.com
*Attorneys for Defendants Related Fund Management, LLC and James Kraus*

*/s/ Scott C. Ferrier*___
Samuel J. Lieberman
Jennifer Rossan
Scott C. Ferrier
SADIS & GOLDBERG LLP
551 Fifth Avenue, 21st Floor
New York, NY 10176
(212) 573-6675
*Counsel for Defendant Ryan Hope*

*/s/ Wilson E. Wray*_____
Wilson E. Wray (pro hac)
Texas State Bar No. 00797700
wwray@atwoodmccall.com

ATWOOD & MCCALL, PLLC
8150 N. Central Expressway, Suite 1100
Dallas, Texas 75206
T: (972) 665-9600
F: (214) 736-2960
Samuel J. Lieberman
Jennifer Rossan
Scott C. Ferrier
SADIS & GOLDBERG LLP
551 Fifth Avenue, 21st Floor
New York, NY 10176
(212) 573-6675
*Attorneys for Defendant Preston Callen*

*/s/ Laurie N. Patton*
SPENCER FANE LLP
Laurie N. Patton (admitted *pro hac vice*)
Elizabeth C. Conway
711 Third Avenue
New York, NY 10017
(212) 907-7300
lpatton@spencerfane.com
econway@spencerfane.com
*Attorneys for Defendant William C. Chaney*

*/s/ Stephanie K. Osteen*
Stephanie K. Osteen (admitted *pro hac vice*)
Caylin Cierra Craig (admitted *pro hac vice*)
FARROW-GILLESPIE HEATH WILMOTH LLP
1900 North St. Paul Street, Suite 2100
Dallas, TX 75201
(214) 361-5600
Samuel J. Lieberman
Jennifer Rossan
Scott C. Ferrier
SADIS & GOLDBERG LLP
551 Fifth Avenue, 21st Floor
New York, NY 10176
(212) 573-6675
*Counsel for Defendant Lucas Belinkie*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 15, 2026, a copy of the foregoing was served on all counsel of record electronically via ECF.

*/s/Abigail Griffith*
Abigail Griffith