CLARICK GUERON REISBAUM

**Nicole Gueron**
ngueron@cgr-law.com
Direct: 212.633.4312

**<u>Via ECF</u>** October 9, 2026

Hon. Gary Stein
U.S. Magistrate Judge
United States Courthouse
500 Pearl Street, Chambers 702
New York, New York 10007
GSteinNYSDChambers@nysd.uscourts.gov

**Re: *Apex Group Capital Advisors LLC, et al. v. Related Fund Management, LLC, et al.*, Case No. 25-cv-08892 — October 23 Discovery Conference**

Your Honor:

We represent Defendants Related Fund Management, LLC ("RFM") and James Kraus (together, the "Related Defendants"). We join, adopt, and incorporate by reference the arguments set forth in today's letter submission of Defendants Lucas Belinkie, Preston Callen, William C. Chaney, and Ryan Hope (the "Employee Defendants") concerning Plaintiff Apex Group Capital Advisors LLC's ("Apex") privilege log.

As previewed in the parties' September 15, 2026, joint status report, *see* Joint Ltr. at 3, ECF No. 188, in response to Defendants' objections, Apex amended its privilege log on September 14, 2026, to, *inter alia*, identify the attorneys included in its log entries. But the amended log still fails to cure the deficiencies Defendants identified in prior letters and during the parties' September 9 and October 7 meet-and-confers, and it does not comply with Federal Rule of Civil Procedure 26(b)(5)(A) and Local Civil Rule 26.2.

Apex's privilege log contains 866 entries and includes information for each metadata field identified in Section VIII of the so-ordered Stipulated ESI Protocol (the "ESI Protocol") and highlights the attorneys in red. *See* ESI Protocol § VIII, ECF No. 138. That identification of attorneys on the log allows the Related Defendants to evaluate some claimed protections for a limited set of entries. *See, e.g.*, Entries 757–58, 894, and 896 (emails between Apex's in-house counsel that appear on their face to be privileged). Most entries, however, do not provide enough description or substance beyond the metadata fields to allow the Related Defendants to meaningfully evaluate Apex's claims of privilege or protection. For many entries, the only information provided to substantiate the claims of purported privilege is vague subject lines and an attorney's name. *See, e.g.*, Entries 1, 289–91, 456, 458, 536.[1] As to other entries, the need for additional detail is underscored by entries that have vague email subject lines and no attorney included in the communication. *See* Entries 13; 827. Still other entries contain subject lines that

[1] Ex. A to Employee Defendants' Oct. 9, 2026 Letter. Because the parties' privilege logs have been marked confidential, the Related Defendants include quotes to their own privilege log only.

appear highly relevant, but no attorney is included in the entry. *See, e.g.*, Entries 348–58, 711, 714–20, 727–32, 741–43, 751.

By contrast, the privilege logs of the Related Defendants and the Employee Defendants include narrative descriptions, such as "[c]ommunications requesting and reflecting legal advice regarding RFM's master services agreement with Apex," *see* RFM Privilege Log, Entry 1.

The Related Defendants recognize that metadata privilege logs may be used in this District, *see* Local Civ. R. 26.2(c), and that the ESI Protocol identified a specific set of metadata fields to be included in privilege logs "to facilitate the determination of the basis of [the] privilege[] claimed," ESI Protocol § VIII. Nonetheless, it is also clearly established in this District that metadata privilege logs cannot supplant the substantive requirements of the federal and local rules governing privilege logs. *See In re Aenergy, S.A.*, 451 F. Supp. 3d 319, 325–26 (S.D.N.Y. 2020) (Caproni, J.) (although Local Civ. R. 26.2(c) permits certain efficiency measures regarding the form of a privilege log, "[t]hat does not, however, obviate a party's obligation to provide sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure" (citation omitted)); Local Civ. R. 26.2(c)(4) (permitting an objection to a metadata log "if the substantive information required by th[e] rule has not been provided in a comprehensible form").

Apex must supplement its log not <u>because</u> it used metadata fields to log entries, but because the metadata <u>alone</u> does not provide sufficient information to allow Defendants to assess Apex's claims of privilege. This violates the federal and local rules. While providing a metadata log is not "inherently problematic," such a log must nonetheless contain sufficient substance to evaluate privilege. *See BlackRock Balanced Cap. Portfolio (FI) v. Deutsche Bank Nat'l Tr. Co.*, No. 14 Civ. 9367, 2018 WL 3584020, at *1 (S.D.N.Y. July 23, 2018) ("The use of metadata to import information for a privilege log . . . d[oes] not absolve [a party] . . . of its obligations to review, supplement and correct a metadata privilege log to ensure that it satisfies the rigorous standards for a compliant log." (citation omitted)). Thus, while metadata from email subject lines may "[i]n some instances . . . produce[] an acceptable result," "in other instances it does not," including where subject lines are vague and "insufficient to permit even a facial evaluation as to what the document is about, which is part of the calculus in determining whether it was properly withheld from disclosure." *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14 Civ. 4394, 2018 WL 10038859, at *1 (S.D.N.Y. Sep. 28, 2018). Similarly, in *Vinci Brands LLC v. Coach Servs. Inc.*, which Apex cited in correspondence among the parties, the court held that a metadata log is compliant with "Rule 26's requirements" only when it includes "the basis for [the party]'s privilege assertion." No. 23 Civ. 5138, 2025 WL 2443620, at *5 (S.D.N.Y. Aug. 25, 2025).

Apex has argued in correspondence among the parties that the ESI Protocol's list of metadata fields in Section VIII justifies its log, but the Court need not parse the ESI Protocol to hold Apex's log infirm. *First*, the ESI Protocol is a party agreement and does not supersede the federal and local rules. *Second*, when ESI protocols in this District have contained provisions similar to Section I(D) here, which requires, *inter alia*, that the parties comply with the federal and local rules on discovery, courts have nonetheless insisted on sufficient information to

evaluate privilege claims and have not treated those provisions as central to the privilege log analysis. *See BlackRock*, No. 14 Civ. 9367, ESI Protocol § I(1), ECF No. 126 (requiring the protocol terms to be "consistent with the Federal Rules of Civil Procedure, the Local Rules, and any orders by this Court"); *Royal Park*, No. 14 Civ. 4394, *ESI Protocol* § I(1), ECF No. 263 (same); *BlackRock*, 2018 WL 3584020 at *4 (analyzing whether "the information provided is sufficient to allow [the opposing party] to understand the privilege assertions and make informed challenge decisions"); *Royal Park*, 2018 WL 10038859 at *1 (examining whether the metadata log provides "sufficient detail regarding the subject matter of the document as to which privilege is claimed").

Even if the Court were to consider Apex's arguments about the ESI Protocol as a basis for its deficient log on its own terms, those arguments still fail. *First*, Section VIII does not contain an express agreement that a log containing only the metadata fields is sufficient; instead, it provides those fields "to facilitate the determination" of privilege. ESI Protocol § VIII. *Second*, Section I(D) expressly disclaims that the Protocol is an "exhaustive list of discovery obligations or rights of a [p]arty" and subordinates its reach to the governing case law, the federal and local rules, and any other applicable rules or regulations. ESI Protocol § I(D). During the October 7 meet-and-confer, Apex argued that this boilerplate language does not override the Protocol's express provisions. But the Related Defendants do not contend that Section I(D) overrides an express requirement of Section VIII. To the contrary, the ESI Protocol contains no express agreement that the Section VIII metadata fields alone are sufficient for privilege logs. The parties did make other privilege-log-related agreements explicit in the ESI Protocol, *e.g.,* that the parties "shall not be required to log" certain documents created on or after January 31, 2025. *Id.* § VIII. If Apex wanted the ESI Protocol to include a comparable express provision deeming metadata-only logs sufficient, it could have negotiated for one, but it did not. And it is notable that, when courts in this District have endorsed ESI protocols expressly agreeing to metadata privilege logs, those agreements have still required a sufficient level of information to assess privilege where the metadata alone would be inadequate. *See Huckabee v. Bloomberg L.P.*, No. 23 Civ. 9152, 2026 WL 803077, at *11 (S.D.N.Y. Mar. 23, 2026) (requiring a "description of the nature of the withheld or redacted document or communication in a manner that, without revealing information claimed privileged, will enable a party to assess the privilege claim, with the exception that the basis for a redaction need not be logged if it is obvious from context").

Because Apex's log lacks the detail Defendants need to evaluate its privilege claims, it is deficient and must be supplemented. During the October 7 meet-and-confer, Defendants suggested potential mechanisms for Apex to supplement its log, including by providing a categorical log that details the basis for withholding by reasonable categories. Defendants also explained that because Apex's log encompassed a substantial number of deficient entries, a sampling process, as suggested by the Court's order at ECF No. 190, would necessarily encompass hundreds of documents and would not address the issues presented by Apex's log. Apex refused to consider the categorical log mechanism and reiterated its objections to supplementing the log.

Accordingly, the Related Defendants join the Employee Defendants in requesting that the Court order Apex to supplement its log with enough substance for Defendants to evaluate each of Apex's claims of privilege and protection.

Sincerely,

*/s/Nicole Gueron*

Nicole Gueron

cc: All counsel of record (via email)