# EXHIBIT A

| | |
|---|---|
| **From:** | Coughlan, Stephanie M. |
| **To:** | Scott Ferrier |
| **Cc:** | Griffith, Abby; Ruhland, Amy L.; Blackford, Elizabeth; Sam Lieberman; Jennifer Rossan; Cameron Posillico; "Conway, Elizabeth"; "Laurie Patton"; "Kunal Shah"; Beckerman, Brian L.; "Caylin Craig"; "Wilson E. Wray Jr."; "Austin Pennington"; Elizabeth Baggott; David Kimball-Stanley; "Katie Jimenez"; "Stephanie Osteen"; Plaza, Carolina; Nicole Gueron |
| **Subject:** | RE: Apex Group Capital Advisors LLC v Related Fund Management, LLC, et al. - Forensic Inspection Protocol |
| **Date:** | Monday, October 5, 2026 1:28:45 PM |
| **Attachments:** | image001.png<br>image002.png<br>2026.10.05 - DRAFT Forensic Inspection Protocol (Redline).docx |

Counsel:

In light of the Court's October 1 Order encouraging the parties to consider whether sharing the costs of the forensic inspection would provide a "more sensible resolution" than further briefing and argument, Apex is willing to discuss a compromise on cost allocation. Apex cannot, however, agree to split the costs until the parties obtain a more precise estimate of Mr. Crain's fees and understand the work underlying it. The current range of $20,000 to $67,500 is too broad for Apex to evaluate a proposed allocation, and the high-end of the range also seems disproportionate to the scope of work envisioned.

Apex continues to disagree that it should bear the full cost of the examination. Ordinarily, a responding party bears its own costs of complying with discovery. *See, e.g., Pippins v. KPMG LLP*, 2011 WL 4701849, at *10 (S.D.N.Y. Oct. 7, 2011). And where a party's failure to preserve text messages forces its adversary to pursue discovery concerning their loss, the court may even require the party that lost the messages to pay the adversary's resulting fees and costs. *See, e.g., Oakley v. MSG Networks, Inc.*, 792 F. Supp. 3d 377, 389–90 (S.D.N.Y. 2025) (ordering the party that lost text messages to pay the opposing party's fees and costs incurred in pursuing discovery related to that loss). Defendants Belinkie, Callen, and Hope plainly have not established a basis for shifting the cost of examining their devices to Apex.

Moreover, the examination of Belinkie's, Callen's, and Hope's personal devices is not "optional discovery" undertaken solely for Apex's benefit. The examination is necessary because responsive messages were admittedly deleted from their devices. Defendants' prior efforts to recover those messages do not justify shifting the costs to Apex; those efforts were necessary to address deficiencies in the preservation and production of responsive communications. And because the contents of the deleted messages are unknown, neither party can say in advance who will benefit from their recovery. But even if Apex were the primary and only beneficiary, cost-shifting still would not be justified on that basis.

Defendants are also incorrect that the requested information is available from Chaney.

He could produce only messages remaining in his possession, not messages exchanged on threads in which he did not participate. His production likewise cannot establish what forensic evidence may exist on Belinkie's, Callen's, and Hope's devices concerning deletion, retention, or auto-delete settings.

Requiring Defendants to bear costs arising from a failure to preserve responsive information is consistent with the principles applied in this District. *See Quinby v. WestLB AG*, 245 F.R.D. 94, 104 (S.D.N.Y. 2006) (holding that where "a party creates its own burden or expense by converting into an inaccessible format data that it should have reasonably foreseen would be discoverable material at a time when it should have anticipated litigation, then it should not be entitled to shift the costs of restoring and searching the data"). Defendants' cited authorities do not compel a different result: *Poolos v. Paramount Global* did not analyze cost allocation, while *Simon Property Group* and *Balboa Threadworks* are older decisions from outside the Second Circuit.

That said, Apex is willing to consider bearing 50% of Mr. Crain's reasonable fees and costs, with Belinkie, Callen, and Hope collectively bearing the other 50%, **subject to first obtaining a sufficiently detailed and reliable estimate**. We propose that counsel immediately confer jointly with Mr. Crain to clarify the scope and cost of the work and identify ways to streamline the examination. Once we have a closer estimate, Apex can determine whether it can agree to the proposed split. Any agreement would be without prejudice to Apex's position that Defendants should bear the costs of recovering information that should have been preserved.

Please let us know your availability for a call with Mr. Crain. Also attached are Apex's proposed revisions to the forensic inspection protocol. Please let us know if you would like to meet and confer about those revisions.

Best regards,
Stephanie

---

**From:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>
**Sent:** Thursday, October 1, 2026 5:14 PM
**To:** Nicole Gueron <ngueron@cgr-law.com>; Scott Ferrier <sferrier@sadis.com>
**Cc:** Griffith, Abby <abby.griffith@pillsburylaw.com>; Ruhland, Amy L. <amy.ruhland@pillsburylaw.com>; Blackford, Elizabeth <elizabeth.blackford@pillsburylaw.com>; Sam Lieberman <slieberman@sadis.com>; Jennifer Rossan <jrossan@sadis.com>; Cameron Posillico <cposillico@sadis.com>; 'Conway, Elizabeth' <econway@spencerfane.com>; 'Laurie Patton' <lpatton@spencerfane.com>; 'Kunal Shah' <kshah@spencerfane.com>; 'Caylin Craig'

<caylin.craig@fghwlaw.com>; 'Wilson E. Wray Jr.' <wwray@atwoodmccall.com>; 'Austin Pennington' <apennington@atwoodmccall.com>; Elizabeth Baggott <ebaggott@cgr-law.com>; David Kimball-Stanley <dkimballstanley@cgr-law.com>; 'Katie Jimenez' <katie@fghwlaw.com>; 'Stephanie Osteen' <stephanie.osteen@fghwlaw.com>; Plaza, Carolina <carolina.plaza@pillsburylaw.com>; Coughlan, Stephanie M. <stephanie.coughlan@pillsburylaw.com>
**Subject:** RE: Apex Group Capital Advisors LLC v Related Fund Management, LLC, et al. - Forensic Inspection Protocol

Counsel,

In light of Judge Stein's Order earlier today and the further instruction from Judge Caproni's chambers, please let us know your availability early next week to (i) meet and confer regarding the discovery disputes concerning Apex's privilege log and the costs of forensically inspecting Messrs. Belinkie's, Callen's and Hope's personal mobile devices, and (ii) attend a joint call with Mr. Crain, per Stephanie's email below.

In addition, please let us know when we can expect to receive Defendants' belated responses and objections to Apex's Second Set of Interrogatories.

Thank you,
Brian

**Brian Beckerman** | Partner
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131
t +1.212.858.1228
brian.beckerman@pillsburylaw.com | website bio

---

**From:** Nicole Gueron <ngueron@cgr-law.com>
**Sent:** Tuesday, September 29, 2026 5:33 PM
**To:** Scott Ferrier <sferrier@sadis.com>; Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>
**Cc:** Griffith, Abby <abby.griffith@pillsburylaw.com>; Ruhland, Amy L. <amy.ruhland@pillsburylaw.com>; Blackford, Elizabeth <elizabeth.blackford@pillsburylaw.com>; Sam Lieberman <slieberman@sadis.com>; Jennifer Rossan <jrossan@sadis.com>; Cameron Posillico <cposillico@sadis.com>; 'Conway, Elizabeth' <econway@spencerfane.com>; 'Laurie Patton' <lpatton@spencerfane.com>; 'Kunal Shah' <kshah@spencerfane.com>; 'Caylin Craig' <caylin.craig@fghwlaw.com>; 'Wilson E. Wray Jr.' <wwray@atwoodmccall.com>; 'Austin Pennington' <apennington@atwoodmccall.com>; Elizabeth Baggott <ebaggott@cgr-law.com>; David Kimball-Stanley <dkimballstanley@cgr-law.com>; 'Katie Jimenez' <katie@fghwlaw.com>; 'Stephanie Osteen' <stephanie.osteen@fghwlaw.com>; Plaza, Carolina <carolina.plaza@pillsburylaw.com>; Coughlan, Stephanie M. <stephanie.coughlan@pillsburylaw.com>
**Subject:** Re: Apex Group Capital Advisors LLC v Related Fund Management, LLC, et al. - Forensic Inspection Protocol

The Related Defendants agree with this interpretation of the Court's orders.

Nicole Gueron
Clarick Gueron Reisbaum LLP
41 Madison Avenue
New York NY 10010
ngueron@cgr-law.com
212.633.4310

---

**From:** Scott Ferrier <sferrier@sadis.com>
**Sent:** Tuesday, September 29, 2026 4:44 PM
**To:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>
**Cc:** Griffith, Abby <abby.griffith@pillsburylaw.com>; Ruhland, Amy L. <amy.ruhland@pillsburylaw.com>; Blackford, Elizabeth <elizabeth.blackford@pillsburylaw.com>; Sam Lieberman <slieberman@sadis.com>; Jennifer Rossan <jrossan@sadis.com>; Cameron Posillico <cposillico@sadis.com>; 'Conway, Elizabeth' <econway@spencerfane.com>; 'Laurie Patton' <lpatton@spencerfane.com>; 'Kunal Shah' <kshah@spencerfane.com>; 'Caylin Craig' <caylin.craig@fghwlaw.com>; 'Wilson E. Wray Jr.' <wwray@atwoodmccall.com>; 'Austin Pennington' <apennington@atwoodmccall.com>; Elizabeth Baggott <ebaggott@cgr-law.com>; Nicole Gueron <ngueron@cgr-law.com>; David Kimball-Stanley <dkimballstanley@cgr-law.com>; 'Katie Jimenez' <katie@fghwlaw.com>; 'Stephanie Osteen' <stephanie.osteen@fghwlaw.com>; Plaza, Carolina <carolina.plaza@pillsburylaw.com>; Coughlan, Stephanie M. <stephanie.coughlan@pillsburylaw.com>
**Subject:** [EXTERNAL] RE: Apex Group Capital Advisors LLC v Related Fund Management, LLC, et al. - Forensic Inspection Protocol

Brian,

The Employee Defendants' position is that the Court's September 22, 2026 order stayed all proceedings, including discovery. That same day, the Court also adjourned the pretrial conference concerning the status of discovery *sine die,* meaning indefinitely. We view those orders as superseding the Court's earlier in time, September 3rd order.

Accordingly, the Employee Defendants will not serve responses and objections to Apex's Second Set of Interrogatories this week or otherwise engage in discovery or motion practice until or unless the Court lifts the stay.

Please note that I do not speak for the Related Defendants.

Best regards,
Scott

Scott Ferrier, Associate

Sadis & Goldberg LLP
551 Fifth Avenue, 21st Floor
New York, NY 10176

sferrier@sadis.com
Cell Phone: 815.954.1582
Office Phone: 212.573.8021
Fax: 212.947.3796
sadis.com

SADIS

---

**From:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>
**Sent:** Tuesday, September 29, 2026 10:14 AM
**To:** Scott Ferrier <sferrier@sadis.com>; Coughlan, Stephanie M. <stephanie.coughlan@pillsburylaw.com>
**Cc:** Griffith, Abby <abby.griffith@pillsburylaw.com>; Ruhland, Amy L. <amy.ruhland@pillsburylaw.com>; Blackford, Elizabeth <elizabeth.blackford@pillsburylaw.com>; Sam Lieberman <slieberman@sadis.com>; Jennifer Rossan <jrossan@sadis.com>; Cameron Posillico <cposillico@sadis.com>; 'Conway, Elizabeth' <econway@spencerfane.com>; 'Laurie Patton' <lpatton@spencerfane.com>; 'Kunal Shah' <kshah@spencerfane.com>; 'Caylin Craig' <caylin.craig@fghwlaw.com>; 'Wilson E. Wray Jr.' <wwray@atwoodmccall.com>; 'Austin Pennington' <apennington@atwoodmccall.com>; 'Elizabeth Baggott' <ebaggott@cgr-law.com>; 'Nicole Gueron' <ngueron@cgr-law.com>; 'David Kimball-Stanley' <dkimballstanley@cgr-law.com>; 'Katie Jimenez' <katie@fghwlaw.com>; 'Stephanie Osteen' <stephanie.osteen@fghwlaw.com>; Plaza, Carolina <carolina.plaza@pillsburylaw.com>
**Subject:** RE: Apex Group Capital Advisors LLC v Related Fund Management, LLC, et al. - Forensic Inspection Protocol

Scott,

Could you please confirm whether Defendants' position is that the Court's September 22 stay order stays **all** proceedings, including document discovery, notwithstanding the Court's August 3 directive that "the Parties must continue to engage in good faith in document discovery and other fact discovery pending resolution of the Motion" (Dkt. 167)?

Thanks,
Brian

**Brian Beckerman** | Partner
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131
t +1.212.858.1228
brian.beckerman@pillsburylaw.com | website bio

AUSTIN BEIJING BOSTON DOHA HONG KONG HOUSTON LONDON
LOS ANGELES MIAMI NASHVILLE NEW YORK NORTHERN VIRGINIA
PALM BEACH RIYADH SACRAMENTO SAN DIEGO SAN FRANCISCO

SHANGHAI SILICON VALLEY TAIPEI TOKYO WASHINGTON, DC

pillsbury

---

**From:** Scott Ferrier <sferrier@sadis.com>
**Sent:** Tuesday, September 22, 2026 2:55 PM
**To:** Coughlan, Stephanie M. <stephanie.coughlan@pillsburylaw.com>
**Cc:** Griffith, Abby <abby.griffith@pillsburylaw.com>; Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>; Ruhland, Amy L. <amy.ruhland@pillsburylaw.com>; Blackford, Elizabeth <elizabeth.blackford@pillsburylaw.com>; Sam Lieberman <slieberman@sadis.com>; Jennifer Rossan <jrossan@sadis.com>; Cameron Posillico <cposillico@sadis.com>; 'Conway, Elizabeth' <econway@spencerfane.com>; 'Laurie Patton' <lpatton@spencerfane.com>; 'Kunal Shah' <kshah@spencerfane.com>; 'Caylin Craig' <caylin.craig@fghwlaw.com>; 'Wilson E. Wray Jr.' <wwray@atwoodmccall.com>; 'Austin Pennington' <apennington@atwoodmccall.com>; 'Elizabeth Baggott' <ebaggott@cgr-law.com>; 'Nicole Gueron' <ngueron@cgr-law.com>; 'David Kimball-Stanley' <dkimballstanley@cgr-law.com>; 'Katie Jimenez' <katie@fghwlaw.com>; 'Stephanie Osteen' <stephanie.osteen@fghwlaw.com>; Plaza, Carolina <carolina.plaza@pillsburylaw.com>
**Subject:** RE: Apex Group Capital Advisors LLC v Related Fund Management, LLC, et al. - Forensic Inspection Protocol

Stephanie,

Given the Court's order this morning staying the case, we think a meet-and-confer is unnecessary until the Court provides further guidance.

Best regards,
Scott

Scott Ferrier, Associate
Sadis & Goldberg LLP
551 Fifth Avenue, 21st Floor
New York, NY 10176

sferrier@sadis.com
Cell Phone: 815.954.1582
Office Phone: 212.573.8021
Fax: 212.947.3796
sadis.com

SADIS

---

**From:** Coughlan, Stephanie M. <stephanie.coughlan@pillsburylaw.com>
**Sent:** Monday, September 21, 2026 2:54 PM
**To:** Scott Ferrier <sferrier@sadis.com>
**Cc:** Griffith, Abby <abby.griffith@pillsburylaw.com>; Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>; Ruhland, Amy L. <amy.ruhland@pillsburylaw.com>; Blackford, Elizabeth <elizabeth.blackford@pillsburylaw.com>; Sam Lieberman

<slieberman@sadis.com>; Jennifer Rossan <jrossan@sadis.com>; Cameron Posillico <cposillico@sadis.com>; 'Conway, Elizabeth' <econway@spencerfane.com>; 'Laurie Patton' <lpatton@spencerfane.com>; 'Kunal Shah' <kshah@spencerfane.com>; 'Caylin Craig' <caylin.craig@fghwlaw.com>; 'Wilson E. Wray Jr.' <wwray@atwoodmccall.com>; 'Austin Pennington' <apennington@atwoodmccall.com>; 'Elizabeth Baggott' <ebaggott@cgr-law.com>; 'Nicole Gueron' <ngueron@cgr-law.com>; 'David Kimball-Stanley' <dkimballstanley@cgr-law.com>; 'Katie Jimenez' <katie@fghwlaw.com>; 'Stephanie Osteen' <stephanie.osteen@fghwlaw.com>; Plaza, Carolina <carolina.plaza@pillsburylaw.com>
**Subject:** RE: Apex Group Capital Advisors LLC v Related Fund Management, LLC, et al. - Forensic Inspection Protocol

Scott,

We are agreeable to using Andy Crain of Sync Forensics to conduct the forensic examination. We will provide our remaining revisions to the proposed protocol shortly.

Before addressing the allocation of costs (including your arguments below), we would like to arrange a joint call with Mr. Crain to better understand the scope of the anticipated work and the basis for the estimated cost. The quoted range of $20,000 to $67,500 is both substantial and quite broad. A discussion with Mr. Crain would help the parties understand what work is included in that estimate and whether the examination can be appropriately streamlined to reduce the expense.

Please let us know your and Mr. Crain's availability for a call.

Thanks,
Stephanie

**Stephanie Coughlan** | Senior Associate
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131
t +1.212.858.1149
stephanie.coughlan@pillsburylaw.com | website bio

---

**From:** Scott Ferrier <sferrier@sadis.com>
**Sent:** Tuesday, September 15, 2026 2:37 PM
**To:** Coughlan, Stephanie M. <stephanie.coughlan@pillsburylaw.com>
**Cc:** Griffith, Abby <abby.griffith@pillsburylaw.com>; Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>; Ruhland, Amy L. <amy.ruhland@pillsburylaw.com>; Blackford, Elizabeth <elizabeth.blackford@pillsburylaw.com>; Sam Lieberman <slieberman@sadis.com>; Jennifer Rossan <jrossan@sadis.com>; Cameron Posillico <cposillico@sadis.com>; 'Conway, Elizabeth' <econway@spencerfane.com>; 'Laurie Patton' <lpatton@spencerfane.com>; 'Kunal Shah' <kshah@spencerfane.com>; 'Caylin Craig' <caylin.craig@fghwlaw.com>; 'Wilson E. Wray Jr.' <wwray@atwoodmccall.com>; 'Austin Pennington' <apennington@atwoodmccall.com>; 'Elizabeth Baggott' <ebaggott@cgr-law.com>; 'Nicole Gueron' <ngueron@cgr-law.com>; 'David Kimball-Stanley' <dkimballstanley@cgr-law.com>; 'Katie Jimenez' <katie@fghwlaw.com>; 'Stephanie Osteen' <stephanie.osteen@fghwlaw.com>; Plaza, Carolina

<carolina.plaza@pillsburylaw.com>
**Subject:** RE: Apex Group Capital Advisors LLC v Related Fund Management, LLC, et al. - Forensic Inspection Protocol

Counsel,

Attached are Defendants' initial proposed revisions to the forensic-imaging protocol. As we have previously explained, Apex should bear the cost of the forensic examination it has requested. The relevant cost-allocation considerations strongly support that result.

*First*, Messrs. Belinkie, Callen, and Hope have already devoted substantial time and resources to recovering the text messages at issue. Defendants have worked with their discovery vendors, contacted their cellular-service providers, served third-party subpoenas, and produced additional cellular records. Defendants have also incurred significant attorneys' fees investigating the issue and attempting to recover the deleted messages. The proposed forensic examination is therefore not an ordinary collection effort; it is an additional and substantially more expensive discovery effort.

*Second*, the information is available and has been produced from another source. Apex admits that it has received text messages from Defendant Chaney. The proposed examination may therefore duplicate messages already in Apex's possession while offering no assurance that any additional messages remain recoverable.

*Third*, the examination would impose a substantial and disproportionate expense on three individual defendants. The proposals examination will cost between approximately $20,000 and $67,500, depending on the vendor and time required. That expense is significant compared with the resources of the defendants. Moreover, it is a high cost given the substantial likelihood that the examination will yield little or no additional discoverable information.

*Fourth*, Apex requested the examination and is its principal beneficiary. Apex is therefore in the best position to determine whether the examination's uncertain incremental benefit justifies its considerable cost. Requiring Apex to bear that cost will also give Apex an appropriate incentive to limit the examination's scope and control its expense.

*Finally*, Apex bearing the cost is consistent with precedent in this District (and elsewhere), which has ordered forensic examinations of a work phone and a personal phone requested by the plaintiff and directed that "[a]ny such forensic examination shall be conducted at Plaintiff's expense. *Poolos v. Paramount Global*, No. 23-CV-8896 (GHW) (HJR), 2025 WL 1069200, at *2 (S.D.N.Y. Apr. 8, 2025); *accord Simon Prop. Grp. L.P. v. mySimon, Inc*., 194 F.R.D. 639, 641 (S.D. Ind. 2000) ("plaintiff is entitled to attempt (at its own expense) the task of recovering deleted computer files from [Defendants] computers."); *Balboa Threadworks, Inc. v. Stucky*, No. 05-1157-JTM-DWB, 2006 WL 763668, at *5 (D. Kan. Mar. 24, 2006) (ordering forensic imaging requested by Plaintiffs "at Plaintiffs' cost and expense.")

Defendants propose that the forensic imaging be performed by either Andy Crain of Sync Forensics or Jeremy Thomas of FTI Consulting. Both vendors can conduct an in-person collection in Dallas. Defendants are willing to use either vendor, provided that Apex bears the associated fees and costs.

Please identify which vendor Apex selects and confirm that Apex will bear the cost of the examination.

Best regards,
Scott

Scott Ferrier, Associate
Sadis & Goldberg LLP
551 Fifth Avenue, 21st Floor
New York, NY 10176

sferrier@sadis.com
Cell Phone: 815.954.1582
Office Phone: 212.573.8021
Fax: 212.947.3796
sadis.com

SADIS

---

**From:** Coughlan, Stephanie M. <stephanie.coughlan@pillsburylaw.com>
**Sent:** Tuesday, September 8, 2026 10:40 AM
**To:** Scott Ferrier <sferrier@sadis.com>
**Cc:** Griffith, Abby <abby.griffith@pillsburylaw.com>; Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>; Ruhland, Amy L. <amy.ruhland@pillsburylaw.com>; Blackford, Elizabeth <elizabeth.blackford@pillsburylaw.com>; Sam Lieberman <slieberman@sadis.com>; Jennifer Rossan <jrossan@sadis.com>; Cameron Posillico <cposillico@sadis.com>; 'Conway, Elizabeth' <econway@spencerfane.com>; 'Laurie Patton' <lpatton@spencerfane.com>; 'Kunal Shah' <kshah@spencerfane.com>; 'Caylin Craig' <caylin.craig@fghwlaw.com>; 'Wilson E. Wray Jr.' <wwray@atwoodmccall.com>; 'Austin Pennington' <apennington@atwoodmccall.com>; 'Elizabeth Baggott' <ebaggott@cgr-law.com>; 'Nicole Gueron' <ngueron@cgr-law.com>; 'David Kimball-Stanley' <dkimballstanley@cgr-law.com>; 'Katie Jimenez' <katie@fghwlaw.com>; 'Stephanie Osteen' <stephanie.osteen@fghwlaw.com>; Plaza, Carolina <carolina.plaza@pillsburylaw.com>
**Subject:** RE: Apex Group Capital Advisors LLC v Related Fund Management, LLC, et al. - Forensic Inspection Protocol

Hi Scott – We're writing to follow up on the forensic inspection protocol. Please let us know when we can expect to receive your comments, including your recommendations for a forensic examiner.

**Stephanie Coughlan** | Senior Associate
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131
t +1.212.858.1149
stephanie.coughlan@pillsburylaw.com | website bio

AUSTIN BEIJING BOSTON DOHA HONG KONG HOUSTON LONDON
LOS ANGELES MIAMI NASHVILLE NEW YORK NORTHERN VIRGINIA
PALM BEACH RIYADH SACRAMENTO SAN DIEGO SAN FRANCISCO
SHANGHAI SILICON VALLEY TAIPEI TOKYO WASHINGTON, DC

pillsbury

---

**From:** Coughlan, Stephanie M.
**Sent:** Friday, August 28, 2026 12:05 PM
**To:** 'Scott Ferrier' <sferrier@sadis.com>
**Cc:** Griffith, Abby <abby.griffith@pillsburylaw.com>; Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>; Ruhland, Amy L. <amy.ruhland@pillsburylaw.com>; Blackford, Elizabeth <elizabeth.blackford@pillsburylaw.com>; Sam Lieberman <slieberman@sadis.com>; Jennifer Rossan <jrossan@sadis.com>; Cameron Posillico <cposillico@sadis.com>; 'Conway, Elizabeth' <econway@spencerfane.com>; 'Laurie Patton' <lpatton@spencerfane.com>; 'Kunal Shah' <kshah@spencerfane.com>; 'Caylin Craig' <caylin.craig@fghwlaw.com>; 'Wilson E. Wray Jr.' <wwray@atwoodmccall.com>; 'Austin Pennington' <apennington@atwoodmccall.com>; 'Elizabeth Baggott' <ebaggott@cgr-law.com>; 'Nicole Gueron' <ngueron@cgr-law.com>; 'David Kimball-Stanley' <dkimballstanley@cgr-law.com>; 'Katie Jimenez' <katie@fghwlaw.com>; 'Stephanie Osteen' <stephanie.osteen@fghwlaw.com>
**Subject:** Apex Group Capital Advisors LLC v Related Fund Management, LLC, et al. - Forensic Inspection Protocol

Hi All,

Attached for your review is a draft protocol governing the forensic inspection of Belinkie's, Callen's, and Hope's personal mobile devices.

Please let us know when we can expect to receive your recommendations for a forensic examiner.

Thanks,
Stephanie

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.