# EXHIBIT B

**From:** Scott Ferrier
**To:** Beckerman, Brian L.; Tolulope Sogade; Griffith, Abby; Ruhland, Amy L.; Blackford, Elizabeth; Sam Lieberman; Jennifer Rossan; Cameron Posillico; Conway, Elizabeth; "Laurie Patton"; "Kunal Shah"; Caylin Craig; Wilson E. Wray Jr.; Austin Pennington; David Kimball-Stanley; "Katie Jimenez"; Stephanie Osteen; Plaza, Carolina; Coughlan, Stephanie M.
**Cc:** Nicole Gueron; Erin Woodruff
**Subject:** RE: Apex Group Capital Advisors LLC v Related Fund Management, LLC, et al. - Forensic Inspection Protocol
**Date:** Tuesday, October 13, 2026 12:09:20 AM
**Attachments:** image001.png
image002.png
2026.10.05 - DRAFT Forensic Inspection Protocol (SG-Edits).docx

---

Brian,

Please see the attached.

Best,
Scott

Scott Ferrier, Associate
Sadis & Goldberg LLP
551 Fifth Avenue, 21st Floor
New York, NY 10176

sferrier@sadis.com
Cell Phone: 815.954.1582
Office Phone: 212.573.8021
Fax: 212.947.3796
sadis.com

---

**From:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>
**Sent:** Monday, October 12, 2026 2:06 PM
**To:** Scott Ferrier <sferrier@sadis.com>; Tolulope Sogade <tsogade@cgr-law.com>; Griffith, Abby <abby.griffith@pillsburylaw.com>; Ruhland, Amy L. <amy.ruhland@pillsburylaw.com>; Blackford, Elizabeth <elizabeth.blackford@pillsburylaw.com>; Sam Lieberman <slieberman@sadis.com>; Jennifer Rossan <jrossan@sadis.com>; Cameron Posillico <cposillico@sadis.com>; Conway, Elizabeth <econway@spencerfane.com>; 'Laurie Patton' <lpatton@spencerfane.com>; 'Kunal Shah' <kshah@spencerfane.com>; Caylin Craig <caylin.craig@fghwlaw.com>; Wilson E. Wray Jr. <wwray@atwoodmccall.com>; Austin Pennington <apennington@atwoodmccall.com>; David Kimball-Stanley <dkimballstanley@cgr-law.com>; 'Katie Jimenez' <katie@fghwlaw.com>; Stephanie Osteen <stephanie.osteen@fghwlaw.com>; Plaza, Carolina <carolina.plaza@pillsburylaw.com>; Coughlan, Stephanie M. <stephanie.coughlan@pillsburylaw.com>
**Cc:** Nicole Gueron <ngueron@cgr-law.com>; Erin Woodruff <ewoodruff@cgr-law.com>
**Subject:** RE: Apex Group Capital Advisors LLC v Related Fund Management, LLC, et al. - Forensic Inspection Protocol

Hi Scott,

Following up on the Employee Defendants' revisions to the forensic inspection protocol. As we discussed last Thursday, once the protocol is finalized, we can send it to Mr. Crain for a more precise cost estimate. The parties can then seek their clients' approval of the proposed cost split.

Please let us know when we can expect your revisions.

Thanks,
Brian

---

**From:** Beckerman, Brian L.
**Sent:** Thursday, October 8, 2026 1:42 PM
**To:** 'Scott Ferrier' <sferrier@sadis.com>; Tolulope Sogade <tsogade@cgr-law.com>; Griffith, Abby <abby.griffith@pillsburylaw.com>; Ruhland, Amy L. <amy.ruhland@pillsburylaw.com>; Blackford, Elizabeth <elizabeth.blackford@pillsburylaw.com>; Sam Lieberman <slieberman@sadis.com>; Jennifer Rossan <jrossan@sadis.com>; Cameron Posillico <cposillico@sadis.com>; Conway, Elizabeth <econway@spencerfane.com>; 'Laurie Patton' <lpatton@spencerfane.com>; 'Kunal Shah' <kshah@spencerfane.com>; Caylin Craig <caylin.craig@fghwlaw.com>; Wilson E. Wray Jr. <wwray@atwoodmccall.com>; Austin Pennington <apennington@atwoodmccall.com>; David Kimball-Stanley <dkimballstanley@cgr-law.com>; 'Katie Jimenez' <katie@fghwlaw.com>; Stephanie Osteen <stephanie.osteen@fghwlaw.com>; Plaza, Carolina <carolina.plaza@pillsburylaw.com>; Coughlan, Stephanie M. <stephanie.coughlan@pillsburylaw.com>
**Cc:** Nicole Gueron <ngueron@cgr-law.com>; Erin Woodruff <ewoodruff@cgr-law.com>
**Subject:** RE: Apex Group Capital Advisors LLC v Related Fund Management, LLC, et al. - Forensic Inspection Protocol

Thanks, Scott. Please see our changes incorporated below.

**Forensic Inspection**

The parties are amenable, in principle, to splitting the costs of the forensic inspection, subject to the ultimate budget provided by the expert and client approval. The Employee Defendants agreed to provide their edits to the forensic inspection protocol prior to the Friday meeting for Apex's consideration. The parties will meet with the neutral forensic examiner on Friday to discuss the anticipated scope, estimates, and costs associated with the inspection. Following that discussion, the parties will confer with their respective clients and confirm whether they are willing to split the costs. To the extent the parties cannot reach an agreement regarding costs following Friday's discussion, they will either submit letter briefs to the Court or jointly request additional time to continue to meet and confer on the issue.

**Privilege Log**

The Defendants' position is that Apex must provide, for all 866 documents on Apex's privilege log, narrative descriptions of the documents' privileged nature so Defendants can further assess whether the documents identified on its privilege log are, in fact, privileged. Defendants' position is that, notwithstanding their prior agreement in the ESI Protocol permitting metadata privilege logs and setting forth the specific metadata categories the parties must provide, the subject lines currently provided are insufficient because they are often vague and do not provide a meaningful basis for assessing the privilege being asserted.

Apex's position is that the ESI Protocol does not require narrative descriptions of withheld documents. Under Federal Rule of Civil Procedure 29, the parties' agreed privilege log requirements govern in place of otherwise applicable requirements under the Federal and Local Rules. Defendants disagree, arguing that the Protocol does not relieve Apex of obligations beyond those expressly set out in it. Defendants rely on the Protocol's General Provisions, which state that "[n]othing in this ESI Protocol is intended to be an exhaustive list of discovery obligations or rights of a Party. To the extent additional obligations or rights not addressed in this ESI Protocol arise under the governing case law, the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the Southern District of New York, or any other applicable rules or regulations pertaining to the U.S. District Court for the Southern District of New York, those obligations or rights remain." Apex responded that this language preserves obligations on matters the Protocol does not address; it cannot override the parties' specific agreement on privilege logs. Apex also responded that Defendants' reading would allow the same general provision to undo any of the Protocol's negotiated terms.

Apex stated that it reads Judge Stein's October 1, 2026 Order as encouraging the parties to explore sampling as a way to resolve or narrow their privilege log dispute. The Order directs them to "discuss . . . whether a sampling process (in addition to Plaintiff's offer to provide an amended privilege log adding attachment-family information) would enable them to resolve or at least narrow the grounds for the dispute." Apex therefore proposed that the parties try to agree on a sampling process before litigating the issue further. Apex also noted that the Sedona Conference guidance cited in the Order permits parties to agree to metadata privilege logs and recommends considering sampling when a party seeks more detail about a limited set of entries.

The Defendants disagreed with Apex's interpretation, explaining that the Sedona Conference guidance also requires sufficient information to assess the asserted privilege and under that guidance a party may request and should be provided with

descriptions. Counsel for the Related Defendants also cited *BlackRock Balanced Cap. Portfolio (FI) v. Deutsche Bank Nat'l Tr. Co.,* No. 14CV09367JMFSN, 2018 WL 3584020, at *1 (S.D.N.Y. July 23, 2018) as supporting that proposition. Apex asked if that case involved an agreement among all parties to metadata privilege logs or if the case was distinguishable because it involved an agreement among the parties to traditional or categorical privilege logs. Counsel for the Related Defendants indicated they would review the case and get back to Apex's counsel.

As a compromise, Apex requested that the Defendants identify a sample of documents for which Defendants seek additional descriptions. Apex stated that it would consider providing descriptions for those limited documents, but would not do so if the sample encompassed a substantial number of entries, as that would not be "sampling" but, rather, an overhaul of the parties' agreement to metadata privilege logs in the ESI Protocol.

The Defendants explained that Apex's privilege log contains only 866 entries and that, given the vague subject lines and lack of meaningful descriptions, any representative sample would necessarily encompass hundreds of documents. Because Apex had already indicated that it would not provide descriptions for a substantial number of entries, the Defendants explained that identifying hundreds of entries would be an unproductive exercise that would not resolve the underlying deficiencies in Apex's log. The Defendants further explained that the existing information does not permit them to meaningfully assess the basis for Apex's privilege assertions. For example, Entry No. 1 on the log concerns a document dated approximately three years before the events underlying this litigation, bears the subject line "Sandspoint Capital Advisors LLC," and is withheld on the basis of privilege, without any meaningful explanation of why the document is privileged.

Apex responded that if Defendants wanted to provide a list of documents for the sampling process—including Entry No. 1—then Apex would consider that request, but Apex would not agree to a sampling process that required it to provide descriptions for the bulk of the documents. Defendants indicated that any sampling process they agreed to would include approximately 600-700 of the 866 documents on Apex's privilege log.

Counsel for the Related Defendants questioned whether counsel for Apex had even reviewed the documents on Apex's privilege log before withholding them as privileged. Counsel for the Employee Defendants echoed that concern, citing Apex's use of TAR. Counsel for Apex stated they did not appreciate the unsupported accusation calling its integrity into question and rejected the suggestion that it had withheld documents without confirming the basis for its privilege claims. Apex's counsel reassured

Defendants' counsel that an attorney had reviewed every document on its privilege log.

As an alternative to identifying hundreds of entries for additional descriptions, the Defendants proposed that Apex provide a categorical privilege log, grouping the documents into approximately 20 categories with descriptions sufficient to permit the Defendants to evaluate the asserted privileges without requiring individualized descriptions for every entry. Apex rejected that proposal, stating that it would require Apex to re-review and categorize all 866 documents identified on its privilege log, and transform the parties' agreement to metadata privilege logs into an agreement to categorical privilege logs.

Accordingly, the parties remain at an impasse regarding the sufficiency of Apex's privilege log.

---

**From:** Scott Ferrier <sferrier@sadis.com>
**Sent:** Wednesday, October 7, 2026 10:30 PM
**To:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>; Tolulope Sogade <tsogade@cgr-law.com>; Griffith, Abby <abby.griffith@pillsburylaw.com>; Ruhland, Amy L. <amy.ruhland@pillsburylaw.com>; Blackford, Elizabeth <elizabeth.blackford@pillsburylaw.com>; Sam Lieberman <slieberman@sadis.com>; Jennifer Rossan <jrossan@sadis.com>; Cameron Posillico <cposillico@sadis.com>; Conway, Elizabeth <econway@spencerfane.com>; 'Laurie Patton' <lpatton@spencerfane.com>; 'Kunal Shah' <kshah@spencerfane.com>; Caylin Craig <caylin.craig@fghwlaw.com>; Wilson E. Wray Jr. <wwray@atwoodmccall.com>; Austin Pennington <apennington@atwoodmccall.com>; David Kimball-Stanley <dkimballstanley@cgr-law.com>; 'Katie Jimenez' <katie@fghwlaw.com>; Stephanie Osteen <stephanie.osteen@fghwlaw.com>; Plaza, Carolina <carolina.plaza@pillsburylaw.com>; Coughlan, Stephanie M. <stephanie.coughlan@pillsburylaw.com>
**Cc:** Nicole Gueron <ngueron@cgr-law.com>; Erin Woodruff <ewoodruff@cgr-law.com>
**Subject:** RE: Apex Group Capital Advisors LLC v Related Fund Management, LLC, et al. - Forensic Inspection Protocol

Brian & Abby,

I wanted to memorialize our meeting and confer today regarding the forensic inspection and Apex's privilege log. Please let me know if you disagree with any of the below.

**Forensic Inspection**

The parties are amenable, in principle, to splitting the costs of the forensic inspection, subject to client approval. The Employee Defendants will provide their edits to the protocol prior to the meeting. The parties will meet with the neutral forensic examiner on

Friday to discuss the anticipated scope, estimates, and costs associated with the inspection. Following that discussion, the parties will confer with their respective clients and confirm whether they are willing to split the costs. To the extent the parties cannot reach an agreement regarding costs following Friday's discussion, they will either submit letter briefs to the Court or jointly request additional time to continue to meet and confer on the issue.

**Privilege Log**

The Defendants' position is that Apex must provide descriptions sufficient to allow the Defendants to assess whether the documents identified on its privilege log are, in fact, privileged. The subject lines currently provided are insufficient because they are often vague and do not provide a meaningful basis for assessing the privilege being asserted.

Apex's position is that neither the ESI Protocol, the authorities it has cited, nor the Local Rules require Apex to provide descriptions of the documents. Apex further contends that, pursuant to Federal Rule of Civil Procedure 29, the ESI Protocol's requirements concerning the production of certain metadata supersede otherwise applicable requirements under the Federal Rules of Civil Procedure and the Local Rules. The Defendants disagreed; the ESI Protocol does not eliminate Apex's obligation to provide sufficient information to permit an assessment of its privilege claims. The ESI Protocol expressly states that it does not supplant the federal or local rules. Apex's response was that the language stating that the Federal Rules and Local Rules are not supplanted by the ESI protocol is merely boilerplate.

Apex further stated that it interprets Judge Stein's prior order as requiring the parties to engage in sampling and that the Sedona Conference guidance cited by Judge Stein permits narrative descriptions to be requested for only a limited percentage of entries. The Defendants disagreed with Apex's interpretation, explaining that the Sedona Conference guidance also requires sufficient information to assess the asserted privilege and under that guidance a party may request and should be provided with descriptions. Apex requested that the Defendants identify a sample of documents for which they seek additional descriptions. Apex stated that it would consider providing descriptions for those documents, but would not do so if the sample encompassed a substantial number of entries.

The Defendants explained that Apex's privilege log contains only 866 entries and that, given the vague subject lines and lack of meaningful descriptions, any representative sample would necessarily encompass hundreds of documents. Because Apex had already indicated that it would not provide descriptions for a substantial number of entries, the Defendants explained that identifying hundreds of entries would be an

unproductive exercise that would not resolve the underlying deficiencies in Apex's log. The Defendants further explained that the existing information does not permit them to meaningfully assess the basis for Apex's privilege assertions. For example, Entry No. 1 on the log concerns a document dated approximately three years before the events underlying this litigation, bears the subject line "Sandspoint Capital Advisors LLC," and is withheld on the basis of privilege, without any meaningful explanation of why the document is privileged. Apex reiterated that it would not undertake a further review of hundreds of documents to provide additional descriptions. The Defendants also raised concerns regarding whether the documents identified on the privilege log had been individually reviewed, given Apex's use of technology-assisted review. In response, Apex represented that attorneys had reviewed the documents.

As an alternative to identifying hundreds of entries for additional descriptions, the Defendants proposed that Apex provide a categorical privilege log, grouping the documents into approximately 20 categories with descriptions sufficient to permit the Defendants to evaluate the asserted privileges without requiring individualized descriptions for every entry. Apex rejected that proposal, stating that it would require Apex to re-review every document identified on its log.

Accordingly, the parties remain at an impasse regarding the sufficiency of Apex's privilege log.

Best regards,
Scott

Scott Ferrier, Associate
Sadis & Goldberg LLP
551 Fifth Avenue, 21st Floor
New York, NY 10176

sferrier@sadis.com
Cell Phone: 815.954.1582
Office Phone: 212.573.8021
Fax: 212.947.3796
sadis.com

---

**From:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>
**Sent:** Monday, October 5, 2026 4:58 PM
**To:** Tolulope Sogade <tsogade@cgr-law.com>; Scott Ferrier <sferrier@sadis.com>; Griffith, Abby <abby.griffith@pillsburylaw.com>; Ruhland, Amy L. <amy.ruhland@pillsburylaw.com>; Blackford, Elizabeth <elizabeth.blackford@pillsburylaw.com>; Sam Lieberman <slieberman@sadis.com>; Jennifer Rossan <jrossan@sadis.com>; Cameron Posillico <cposillico@sadis.com>; Conway, Elizabeth <econway@spencerfane.com>; 'Laurie Patton' <lpatton@spencerfane.com>; 'Kunal Shah'

<kshah@spencerfane.com>; Caylin Craig <caylin.craig@fghwlaw.com>; Wilson E. Wray Jr. <wwray@atwoodmccall.com>; Austin Pennington <apennington@atwoodmccall.com>; David Kimball-Stanley <dkimballstanley@cgr-law.com>; 'Katie Jimenez' <katie@fghwlaw.com>; Stephanie Osteen <stephanie.osteen@fghwlaw.com>; Plaza, Carolina <carolina.plaza@pillsburylaw.com>; Coughlan, Stephanie M. <stephanie.coughlan@pillsburylaw.com>
**Cc:** Nicole Gueron <ngueron@cgr-law.com>; Erin Woodruff <ewoodruff@cgr-law.com>
**Subject:** RE: Apex Group Capital Advisors LLC v Related Fund Management, LLC, et al. - Forensic Inspection Protocol

Thanks, all.

This Wednesday from 3:45-4:30pm EST works for us. We'll send a Teams invite shortly.

---

**From:** Tolulope Sogade <tsogade@cgr-law.com>
**Sent:** Monday, October 5, 2026 4:34 PM
**To:** Scott Ferrier <sferrier@sadis.com>; Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>; Griffith, Abby <abby.griffith@pillsburylaw.com>; Ruhland, Amy L. <amy.ruhland@pillsburylaw.com>; Blackford, Elizabeth <elizabeth.blackford@pillsburylaw.com>; Sam Lieberman <slieberman@sadis.com>; Jennifer Rossan <jrossan@sadis.com>; Cameron Posillico <cposillico@sadis.com>; Conway, Elizabeth <econway@spencerfane.com>; 'Laurie Patton' <lpatton@spencerfane.com>; 'Kunal Shah' <kshah@spencerfane.com>; Caylin Craig <caylin.craig@fghwlaw.com>; Wilson E. Wray Jr. <wwray@atwoodmccall.com>; Austin Pennington <apennington@atwoodmccall.com>; David Kimball-Stanley <dkimballstanley@cgr-law.com>; 'Katie Jimenez' <katie@fghwlaw.com>; Stephanie Osteen <stephanie.osteen@fghwlaw.com>; Plaza, Carolina <carolina.plaza@pillsburylaw.com>; Coughlan, Stephanie M. <stephanie.coughlan@pillsburylaw.com>
**Cc:** Nicole Gueron <ngueron@cgr-law.com>; Erin Woodruff <ewoodruff@cgr-law.com>
**Subject:** RE: Apex Group Capital Advisors LLC v Related Fund Management, LLC, et al. - Forensic Inspection Protocol

Related Defendants are available between 3:00–4:30 PM EST on Wednesday.

Best,
Tolu Sogade

**Tolulope Sogade**
Clarick Gueron Reisbaum LLP
41 Madison Avenue, 23rd Floor
New York, NY 10010
T: 646.419.2725

---

**From:** Scott Ferrier <sferrier@sadis.com>

**Sent:** Monday, October 5, 2026 4:06 PM
**To:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>
**Cc:** Griffith, Abby <abby.griffith@pillsburylaw.com>; Ruhland, Amy L. <amy.ruhland@pillsburylaw.com>; Blackford, Elizabeth <elizabeth.blackford@pillsburylaw.com>; Sam Lieberman <slieberman@sadis.com>; Jennifer Rossan <jrossan@sadis.com>; Cameron Posillico <cposillico@sadis.com>; 'Conway, Elizabeth' <econway@spencerfane.com>; 'Laurie Patton' <lpatton@spencerfane.com>; 'Kunal Shah' <kshah@spencerfane.com>; 'Caylin Craig' <caylin.craig@fghwlaw.com>; 'Wilson E. Wray Jr.' <wwray@atwoodmccall.com>; 'Austin Pennington' <apennington@atwoodmccall.com>; Elizabeth Baggott <ebaggott@cgr-law.com>; David Kimball-Stanley <dkimballstanley@cgr-law.com>; 'Katie Jimenez' <katie@fghwlaw.com>; 'Stephanie Osteen' <stephanie.osteen@fghwlaw.com>; Plaza, Carolina <carolina.plaza@pillsburylaw.com>; Coughlan, Stephanie M. <stephanie.coughlan@pillsburylaw.com>; Nicole Gueron <ngueron@cgr-law.com>
**Subject:** [EXTERNAL] RE: Apex Group Capital Advisors LLC v Related Fund Management, LLC, et al. - Forensic Inspection Protocol

Brian,

The Employee Defendants are available from 12:00-2:00 PM or from 3:00-4:30 PM EST on Wednesday to meet and confer.

Best regards,
Scott

Scott Ferrier, Associate
Sadis & Goldberg LLP
551 Fifth Avenue, 21st Floor
New York, NY 10176

sferrier@sadis.com
Cell Phone: 815.954.1582
Office Phone: 212.573.8021
Fax: 212.947.3796
sadis.com

---

**From:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>
**Sent:** Thursday, October 1, 2026 5:14 PM
**To:** Nicole Gueron <ngueron@cgr-law.com>; Scott Ferrier <sferrier@sadis.com>
**Cc:** Griffith, Abby <abby.griffith@pillsburylaw.com>; Ruhland, Amy L. <amy.ruhland@pillsburylaw.com>; Blackford, Elizabeth <elizabeth.blackford@pillsburylaw.com>; Sam Lieberman <slieberman@sadis.com>; Jennifer Rossan <jrossan@sadis.com>; Cameron Posillico <cposillico@sadis.com>; 'Conway, Elizabeth' <econway@spencerfane.com>; 'Laurie Patton' <lpatton@spencerfane.com>; 'Kunal Shah' <kshah@spencerfane.com>; 'Caylin Craig' <caylin.craig@fghwlaw.com>; 'Wilson E. Wray Jr.' <wwray@atwoodmccall.com>; 'Austin Pennington' <apennington@atwoodmccall.com>; Elizabeth Baggott <ebaggott@cgr-law.com>; David Kimball-Stanley <dkimballstanley@cgr-law.com>; 'Katie Jimenez' <katie@fghwlaw.com>; 'Stephanie Osteen' <stephanie.osteen@fghwlaw.com>; Plaza, Carolina <carolina.plaza@pillsburylaw.com>; Coughlan,

Stephanie M. <stephanie.coughlan@pillsburylaw.com>
**Subject:** RE: Apex Group Capital Advisors LLC v Related Fund Management, LLC, et al. - Forensic Inspection Protocol

Counsel,

In light of Judge Stein's Order earlier today and the further instruction from Judge Caproni's chambers, please let us know your availability early next week to (i) meet and confer regarding the discovery disputes concerning Apex's privilege log and the costs of forensically inspecting Messrs. Belinkie's, Callen's and Hope's personal mobile devices, and (ii) attend a joint call with Mr. Crain, per Stephanie's email below.

In addition, please let us know when we can expect to receive Defendants' belated responses and objections to Apex's Second Set of Interrogatories.

Thank you,
Brian

**Brian Beckerman** | Partner
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131
t +1.212.858.1228
brian.beckerman@pillsburylaw.com | website bio

**From:** Nicole Gueron <ngueron@cgr-law.com>
**Sent:** Tuesday, September 29, 2026 5:33 PM
**To:** Scott Ferrier <sferrier@sadis.com>; Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>
**Cc:** Griffith, Abby <abby.griffith@pillsburylaw.com>; Ruhland, Amy L. <amy.ruhland@pillsburylaw.com>; Blackford, Elizabeth <elizabeth.blackford@pillsburylaw.com>; Sam Lieberman <slieberman@sadis.com>; Jennifer Rossan <jrossan@sadis.com>; Cameron Posillico <cposillico@sadis.com>; 'Conway, Elizabeth' <econway@spencerfane.com>; 'Laurie Patton' <lpatton@spencerfane.com>; 'Kunal Shah' <kshah@spencerfane.com>; 'Caylin Craig' <caylin.craig@fghwlaw.com>; 'Wilson E. Wray Jr.' <wwray@atwoodmccall.com>; 'Austin Pennington' <apennington@atwoodmccall.com>; Elizabeth Baggott <ebaggott@cgr-law.com>; David Kimball-Stanley <dkimballstanley@cgr-law.com>; 'Katie Jimenez' <katie@fghwlaw.com>; 'Stephanie Osteen' <stephanie.osteen@fghwlaw.com>; Plaza, Carolina <carolina.plaza@pillsburylaw.com>; Coughlan, Stephanie M. <stephanie.coughlan@pillsburylaw.com>
**Subject:** Re: Apex Group Capital Advisors LLC v Related Fund Management, LLC, et al. - Forensic Inspection Protocol

The Related Defendants agree with this interpretation of the Court's orders.

Nicole Gueron
Clarick Gueron Reisbaum LLP

41 Madison Avenue
New York NY 10010
ngueron@cgr-law.com
212.633.4310

---

**From:** Scott Ferrier <sferrier@sadis.com>
**Sent:** Tuesday, September 29, 2026 4:44 PM
**To:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>
**Cc:** Griffith, Abby <abby.griffith@pillsburylaw.com>; Ruhland, Amy L. <amy.ruhland@pillsburylaw.com>; Blackford, Elizabeth <elizabeth.blackford@pillsburylaw.com>; Sam Lieberman <slieberman@sadis.com>; Jennifer Rossan <jrossan@sadis.com>; Cameron Posillico <cposillico@sadis.com>; 'Conway, Elizabeth' <econway@spencerfane.com>; 'Laurie Patton' <lpatton@spencerfane.com>; 'Kunal Shah' <kshah@spencerfane.com>; 'Caylin Craig' <caylin.craig@fghwlaw.com>; 'Wilson E. Wray Jr.' <wwray@atwoodmccall.com>; 'Austin Pennington' <apennington@atwoodmccall.com>; Elizabeth Baggott <ebaggott@cgr-law.com>; Nicole Gueron <ngueron@cgr-law.com>; David Kimball-Stanley <dkimballstanley@cgr-law.com>; 'Katie Jimenez' <katie@fghwlaw.com>; 'Stephanie Osteen' <stephanie.osteen@fghwlaw.com>; Plaza, Carolina <carolina.plaza@pillsburylaw.com>; Coughlan, Stephanie M. <stephanie.coughlan@pillsburylaw.com>
**Subject:** [EXTERNAL] RE: Apex Group Capital Advisors LLC v Related Fund Management, LLC, et al. - Forensic Inspection Protocol

Brian,

The Employee Defendants' position is that the Court's September 22, 2026 order stayed all proceedings, including discovery. That same day, the Court also adjourned the pretrial conference concerning the status of discovery *sine die,* meaning indefinitely. We view those orders as superseding the Court's earlier in time, September 3rd order.

Accordingly, the Employee Defendants will not serve responses and objections to Apex's Second Set of Interrogatories this week or otherwise engage in discovery or motion practice until or unless the Court lifts the stay.

Please note that I do not speak for the Related Defendants.

Best regards,
Scott

Scott Ferrier, Associate
Sadis & Goldberg LLP
551 Fifth Avenue, 21st Floor
New York, NY 10176

sferrier@sadis.com

Cell Phone: 815.954.1582
Office Phone: 212.573.8021
Fax: 212.947.3796
sadis.com

---

**From:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>
**Sent:** Tuesday, September 29, 2026 10:14 AM
**To:** Scott Ferrier <sferrier@sadis.com>; Coughlan, Stephanie M. <stephanie.coughlan@pillsburylaw.com>
**Cc:** Griffith, Abby <abby.griffith@pillsburylaw.com>; Ruhland, Amy L. <amy.ruhland@pillsburylaw.com>; Blackford, Elizabeth <elizabeth.blackford@pillsburylaw.com>; Sam Lieberman <slieberman@sadis.com>; Jennifer Rossan <jrossan@sadis.com>; Cameron Posillico <cposillico@sadis.com>; 'Conway, Elizabeth' <econway@spencerfane.com>; 'Laurie Patton' <lpatton@spencerfane.com>; 'Kunal Shah' <kshah@spencerfane.com>; 'Caylin Craig' <caylin.craig@fghwlaw.com>; 'Wilson E. Wray Jr.' <wwray@atwoodmccall.com>; 'Austin Pennington' <apennington@atwoodmccall.com>; 'Elizabeth Baggott' <ebaggott@cgr-law.com>; 'Nicole Gueron' <ngueron@cgr-law.com>; 'David Kimball-Stanley' <dkimballstanley@cgr-law.com>; 'Katie Jimenez' <katie@fghwlaw.com>; 'Stephanie Osteen' <stephanie.osteen@fghwlaw.com>; Plaza, Carolina <carolina.plaza@pillsburylaw.com>
**Subject:** RE: Apex Group Capital Advisors LLC v Related Fund Management, LLC, et al. - Forensic Inspection Protocol

Scott,

Could you please confirm whether Defendants' position is that the Court's September 22 stay order stays **all** proceedings, including document discovery, notwithstanding the Court's August 3 directive that "the Parties must continue to engage in good faith in document discovery and other fact discovery pending resolution of the Motion" (Dkt. 167)?

Thanks,
Brian

**Brian Beckerman** | Partner
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131
t +1.212.858.1228
brian.beckerman@pillsburylaw.com | website bio

AUSTIN BEIJING BOSTON DOHA HONG KONG HOUSTON LONDON
LOS ANGELES MIAMI NASHVILLE NEW YORK NORTHERN VIRGINIA
PALM BEACH RIYADH SACRAMENTO SAN DIEGO SAN FRANCISCO
SHANGHAI SILICON VALLEY TAIPEI TOKYO WASHINGTON, DC

---

**From:** Scott Ferrier <sferrier@sadis.com>
**Sent:** Tuesday, September 22, 2026 2:55 PM
**To:** Coughlan, Stephanie M. <stephanie.coughlan@pillsburylaw.com>
**Cc:** Griffith, Abby <abby.griffith@pillsburylaw.com>; Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>; Ruhland, Amy L. <amy.ruhland@pillsburylaw.com>; Blackford, Elizabeth <elizabeth.blackford@pillsburylaw.com>; Sam Lieberman <slieberman@sadis.com>; Jennifer Rossan <jrossan@sadis.com>; Cameron Posillico <cposillico@sadis.com>; 'Conway, Elizabeth' <econway@spencerfane.com>; 'Laurie Patton' <lpatton@spencerfane.com>; 'Kunal Shah' <kshah@spencerfane.com>; 'Caylin Craig' <caylin.craig@fghwlaw.com>; 'Wilson E. Wray Jr.' <wwray@atwoodmccall.com>; 'Austin Pennington' <apennington@atwoodmccall.com>; 'Elizabeth Baggott' <ebaggott@cgr-law.com>; 'Nicole Gueron' <ngueron@cgr-law.com>; 'David Kimball-Stanley' <dkimballstanley@cgr-law.com>; 'Katie Jimenez' <katie@fghwlaw.com>; 'Stephanie Osteen' <stephanie.osteen@fghwlaw.com>; Plaza, Carolina <carolina.plaza@pillsburylaw.com>
**Subject:** RE: Apex Group Capital Advisors LLC v Related Fund Management, LLC, et al. - Forensic Inspection Protocol

Stephanie,

Given the Court’s order this morning staying the case, we think a meet-and-confer is unnecessary until the Court provides further guidance.

Best regards,
Scott

Scott Ferrier, Associate
Sadis & Goldberg LLP
551 Fifth Avenue, 21st Floor
New York, NY 10176

sferrier@sadis.com
Cell Phone: 815.954.1582
Office Phone: 212.573.8021
Fax: 212.947.3796
sadis.com

---

**From:** Coughlan, Stephanie M. <stephanie.coughlan@pillsburylaw.com>
**Sent:** Monday, September 21, 2026 2:54 PM
**To:** Scott Ferrier <sferrier@sadis.com>
**Cc:** Griffith, Abby <abby.griffith@pillsburylaw.com>; Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>; Ruhland, Amy L. <amy.ruhland@pillsburylaw.com>; Blackford, Elizabeth <elizabeth.blackford@pillsburylaw.com>; Sam Lieberman <slieberman@sadis.com>; Jennifer Rossan <jrossan@sadis.com>; Cameron Posillico <cposillico@sadis.com>; 'Conway, Elizabeth' <econway@spencerfane.com>; 'Laurie Patton' <lpatton@spencerfane.com>; 'Kunal Shah' <kshah@spencerfane.com>; 'Caylin Craig' <caylin.craig@fghwlaw.com>; 'Wilson E. Wray Jr.' <wwray@atwoodmccall.com>; 'Austin Pennington'

<apennington@atwoodmccall.com>; 'Elizabeth Baggott' <ebaggott@cgr-law.com>; 'Nicole Gueron' <ngueron@cgr-law.com>; 'David Kimball-Stanley' <dkimballstanley@cgr-law.com>; 'Katie Jimenez' <katie@fghwlaw.com>; 'Stephanie Osteen' <stephanie.osteen@fghwlaw.com>; Plaza, Carolina <carolina.plaza@pillsburylaw.com>
**Subject:** RE: Apex Group Capital Advisors LLC v Related Fund Management, LLC, et al. - Forensic Inspection Protocol

Scott,

We are agreeable to using Andy Crain of Sync Forensics to conduct the forensic examination. We will provide our remaining revisions to the proposed protocol shortly.

Before addressing the allocation of costs (including your arguments below), we would like to arrange a joint call with Mr. Crain to better understand the scope of the anticipated work and the basis for the estimated cost. The quoted range of $20,000 to $67,500 is both substantial and quite broad. A discussion with Mr. Crain would help the parties understand what work is included in that estimate and whether the examination can be appropriately streamlined to reduce the expense.

Please let us know your and Mr. Crain's availability for a call.

Thanks,
Stephanie

**Stephanie Coughlan** | Senior Associate
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131
t +1.212.858.1149
stephanie.coughlan@pillsburylaw.com | website bio

---

**From:** Scott Ferrier <sferrier@sadis.com>
**Sent:** Tuesday, September 15, 2026 2:37 PM
**To:** Coughlan, Stephanie M. <stephanie.coughlan@pillsburylaw.com>
**Cc:** Griffith, Abby <abby.griffith@pillsburylaw.com>; Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>; Ruhland, Amy L. <amy.ruhland@pillsburylaw.com>; Blackford, Elizabeth <elizabeth.blackford@pillsburylaw.com>; Sam Lieberman <slieberman@sadis.com>; Jennifer Rossan <jrossan@sadis.com>; Cameron Posillico <cposillico@sadis.com>; 'Conway, Elizabeth' <econway@spencerfane.com>; 'Laurie Patton' <lpatton@spencerfane.com>; 'Kunal Shah' <kshah@spencerfane.com>; 'Caylin Craig' <caylin.craig@fghwlaw.com>; 'Wilson E. Wray Jr.' <wwray@atwoodmccall.com>; 'Austin Pennington' <apennington@atwoodmccall.com>; 'Elizabeth Baggott' <ebaggott@cgr-law.com>; 'Nicole Gueron' <ngueron@cgr-law.com>; 'David Kimball-Stanley' <dkimballstanley@cgr-law.com>; 'Katie Jimenez' <katie@fghwlaw.com>; 'Stephanie Osteen' <stephanie.osteen@fghwlaw.com>; Plaza, Carolina <carolina.plaza@pillsburylaw.com>
**Subject:** RE: Apex Group Capital Advisors LLC v Related Fund Management, LLC, et al. - Forensic Inspection Protocol

Counsel,

Attached are Defendants' initial proposed revisions to the forensic-imaging protocol. As we have previously explained, Apex should bear the cost of the forensic examination it has requested. The relevant cost-allocation considerations strongly support that result.

*First*, Messrs. Belinkie, Callen, and Hope have already devoted substantial time and resources to recovering the text messages at issue. Defendants have worked with their discovery vendors, contacted their cellular-service providers, served third-party subpoenas, and produced additional cellular records. Defendants have also incurred significant attorneys' fees investigating the issue and attempting to recover the deleted messages. The proposed forensic examination is therefore not an ordinary collection effort; it is an additional and substantially more expensive discovery effort.

*Second*, the information is available and has been produced from another source. Apex admits that it has received text messages from Defendant Chaney. The proposed examination may therefore duplicate messages already in Apex's possession while offering no assurance that any additional messages remain recoverable.

*Third*, the examination would impose a substantial and disproportionate expense on three individual defendants. The proposals examination will cost between approximately $20,000 and $67,500, depending on the vendor and time required. That expense is significant compared with the resources of the defendants. Moreover, it is a high cost given the substantial likelihood that the examination will yield little or no additional discoverable information.

*Fourth*, Apex requested the examination and is its principal beneficiary. Apex is therefore in the best position to determine whether the examination's uncertain incremental benefit justifies its considerable cost. Requiring Apex to bear that cost will also give Apex an appropriate incentive to limit the examination's scope and control its expense.

*Finally*, Apex bearing the cost is consistent with precedent in this District (and elsewhere), which has ordered forensic examinations of a work phone and a personal phone requested by the plaintiff and directed that "[a]ny such forensic examination shall be conducted at Plaintiff's expense. *Poolos v. Paramount Global*, No. 23-CV-8896 (GHW) (HJR), 2025 WL 1069200, at *2 (S.D.N.Y. Apr. 8, 2025); *accord Simon Prop. Grp. L.P. v. mySimon, Inc*., 194 F.R.D. 639, 641 (S.D. Ind. 2000) ("plaintiff is entitled to attempt (at its own expense) the task of recovering deleted computer files from [Defendants] computers."); *Balboa Threadworks, Inc. v. Stucky*, No. 05-1157-JTM-DWB, 2006 WL 763668, at *5 (D. Kan. Mar. 24, 2006) (ordering forensic imaging requested by Plaintiffs "at Plaintiffs' cost and expense.")

Defendants propose that the forensic imaging be performed by either Andy Crain of Sync Forensics or Jeremy Thomas of FTI Consulting. Both vendors can conduct an in-person collection in Dallas. Defendants are willing to use either vendor, provided that Apex bears the associated fees and costs.

Please identify which vendor Apex selects and confirm that Apex will bear the cost of the examination.

Best regards,

Scott

Scott Ferrier, Associate
Sadis & Goldberg LLP
551 Fifth Avenue, 21st Floor
New York, NY 10176

sferrier@sadis.com
Cell Phone: 815.954.1582
Office Phone: 212.573.8021
Fax: 212.947.3796
sadis.com

---

**From:** Coughlan, Stephanie M. <stephanie.coughlan@pillsburylaw.com>
**Sent:** Tuesday, September 8, 2026 10:40 AM
**To:** Scott Ferrier <sferrier@sadis.com>
**Cc:** Griffith, Abby <abby.griffith@pillsburylaw.com>; Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>; Ruhland, Amy L. <amy.ruhland@pillsburylaw.com>; Blackford, Elizabeth <elizabeth.blackford@pillsburylaw.com>; Sam Lieberman <slieberman@sadis.com>; Jennifer Rossan <jrossan@sadis.com>; Cameron Posillico <cposillico@sadis.com>; 'Conway, Elizabeth' <econway@spencerfane.com>; 'Laurie Patton' <lpatton@spencerfane.com>; 'Kunal Shah' <kshah@spencerfane.com>; 'Caylin Craig' <caylin.craig@fghwlaw.com>; 'Wilson E. Wray Jr.' <wwray@atwoodmccall.com>; 'Austin Pennington' <apennington@atwoodmccall.com>; 'Elizabeth Baggott' <ebaggott@cgr-law.com>; 'Nicole Gueron' <ngueron@cgr-law.com>; 'David Kimball-Stanley' <dkimballstanley@cgr-law.com>; 'Katie Jimenez' <katie@fghwlaw.com>; 'Stephanie Osteen' <stephanie.osteen@fghwlaw.com>; Plaza, Carolina <carolina.plaza@pillsburylaw.com>
**Subject:** RE: Apex Group Capital Advisors LLC v Related Fund Management, LLC, et al. - Forensic Inspection Protocol

Hi Scott – We're writing to follow up on the forensic inspection protocol. Please let us know when we can expect to receive your comments, including your recommendations for a forensic examiner.

**Stephanie Coughlan** | Senior Associate
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131
t +1.212.858.1149
stephanie.coughlan@pillsburylaw.com | website bio

AUSTIN BEIJING BOSTON DOHA HONG KONG HOUSTON LONDON
LOS ANGELES MIAMI NASHVILLE NEW YORK NORTHERN VIRGINIA
PALM BEACH RIYADH SACRAMENTO SAN DIEGO SAN FRANCISCO
SHANGHAI SILICON VALLEY TAIPEI TOKYO WASHINGTON, DC

---

**From:** Coughlan, Stephanie M.

**Sent:** Friday, August 28, 2026 12:05 PM
**To:** 'Scott Ferrier' <sferrier@sadis.com>
**Cc:** Griffith, Abby <abby.griffith@pillsburylaw.com>; Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>; Ruhland, Amy L. <amy.ruhland@pillsburylaw.com>; Blackford, Elizabeth <elizabeth.blackford@pillsburylaw.com>; Sam Lieberman <slieberman@sadis.com>; Jennifer Rossan <jrossan@sadis.com>; Cameron Posillico <cposillico@sadis.com>; 'Conway, Elizabeth' <econway@spencerfane.com>; 'Laurie Patton' <lpatton@spencerfane.com>; 'Kunal Shah' <kshah@spencerfane.com>; 'Caylin Craig' <caylin.craig@fghwlaw.com>; 'Wilson E. Wray Jr.' <wwray@atwoodmccall.com>; 'Austin Pennington' <apennington@atwoodmccall.com>; 'Elizabeth Baggott' <ebaggott@cgr-law.com>; 'Nicole Gueron' <ngueron@cgr-law.com>; 'David Kimball-Stanley' <dkimballstanley@cgr-law.com>; 'Katie Jimenez' <katie@fghwlaw.com>; 'Stephanie Osteen' <stephanie.osteen@fghwlaw.com>
**Subject:** Apex Group Capital Advisors LLC v Related Fund Management, LLC, et al. - Forensic Inspection Protocol

Hi All,

Attached for your review is a draft protocol governing the forensic inspection of Belinkie's, Callen's, and Hope's personal mobile devices.

Please let us know when we can expect to receive your recommendations for a forensic examiner.

Thanks,
Stephanie

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the

intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the

use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.