pillsbury

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

Brian L. Beckerman
tel: +1.212.858.1228
brian.beckerman@pillsburylaw.com

October 14, 2026

**VIA ECF**
Hon. Gary Stein
United States Courthouse
500 Pearl Street, Room 702
New York, New York 10007

**Re:** ***Apex Group Capital Advisors LLC v Related Fund Management, LLC, et al.*, No. 25-cv-08892 (VEC): Plaintiff's Request to File Under Seal**

Dear Judge Stein:

We write on behalf of Plaintiff Apex Group Capital Advisors LLC ("Apex"), pursuant to Rule III(H)(2) of Your Honor's Individual Practices in Civil Cases, to request leave to file under seal portions of Exhibit D to Apex's October 14, 2026 letter response ("Letter Response") to the October 9, 2026 letters submitted by Defendants Lucas Belinkie, Preston Callen, William C. Chaney, and Ryan Hope (together, the "Employee Defendants") and Defendants Related Fund Management, LLC and James Kraus (together, the "Related Defendants") (Dkts. 192 and 193, collectively, the "10/9/26 Letters").

On April 24, 2026, this Court ordered a Stipulated Confidentiality Agreement and Protective Order ("Protective Order") (Dkt. 139) in this action, which, *inter alia*, sets forth procedures by which the parties may maintain the confidentiality of certain information produced in discovery. The Protective Order requires that "all portions of pleadings, motions, or other papers filed with the Court that disclose any Discovery Material[1] designated as 'CONFIDENTIAL' or 'ATTORNEY'S EYES ONLY', shall be filed under seal." (*See id.* ¶ 9.)

In support of its Letter Response, Apex attaches Exhibits A-D. Exhibit D contains the privilege logs of Defendants Preston Callen[2], Lucas Belinkie, and the Related Defendants.

Although Defendant Belinkie designated his privilege log as "CONFIDENTIAL" under the Protective Order, he consented to its filing on the public docket, subject to the redaction of one individual's name. Apex accommodated that request.

The Related Defendants' privilege log was also designated as "CONFIDENTIAL" under the Protective Order. The Related Defendants conditioned their consent to public filing on Apex's agreement to publicly file its own privilege log, which is substantially more extensive and contains

[1] Capitalized terms not defined herein have their meanings as in the Protective Order.
[2] Defendant Callen's privilege log was not designated as "CONFIDENTIAL."

confidential information concerning matters unrelated to this litigation. The Related Defendants have offered no justification for conditioning disclosure of their log on Apex's willingness to disclose unrelated confidential information. Apex declined to accept that condition and is therefore submitting the Related Defendants' privilege log under seal in accordance with its designation under the Protective Order.

A party seeking to file a document under seal must address the presumption in favor of public access to judicial documents. The Second Circuit set forth the relevant standard in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), under which "[t]here is a common law presumption in favor of permitting public access to judicial documents, which are those documents 'relevant to the performance of the judicial function and useful in the judicial process.'" *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch*, 435 F.3d at 119).

Apex recognizes the presumption of public access to judicial documents under *Lugosch*, and takes no position as to whether the Related Defendants' privilege log or the redacted portion of Defendant Belinkie's privilege log warrants sealing under that standard. Rather, Apex is submitting the unredacted materials under seal solely to comply with the Protective Order and respect Defendants' confidentiality designations. Apex does not itself seek to restrict public access to these materials and leaves to the Court's discretion whether continued sealing is warranted.

Respectfully submitted,

*/s/ Brian L. Beckerman*
Brian L. Beckerman

cc: All Counsel of Record (Via ECF)