**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| APEX GROUP CAPITAL ADVISORS LLC F/K/A SANDSPOINT CAPITAL ADVISORS LLC,<br><br>Plaintiff,<br><br>v.<br><br>RELATED FUND MANAGEMENT, LLC; JAMES KRAUS; LUCAS BELINKIE; PRESTON CALLEN; WILLIAM C. CHANEY; and RYAN HOPE,<br><br>Defendants. | Case No. 25-CV-08892 (VEC) |

**JOINT MONTHLY DISCOVERY REPORT**

Pursuant to the Civil Case Management Plan and Scheduling Order (Dkt. 112), Plaintiff Apex Group Capital Advisors LLC ("Apex") and Defendants Related Fund Management, LLC ("RFM"), James Kraus ("Kraus," and together with RFM, the "Related Defendants"), Lucas Belinkie, Preston Callen, William C. Chaney, and Ryan Hope (the "Employee Defendants," and with the Related Defendants the "Defendants," and together with Apex, the "Parties") submit the following Joint Monthly Discovery Report:

**A. Actions Completed in the Last Month by the Parties**

1. On September 17, 2026, Related Defendants sent a letter regarding Apex's Second Set of Interrogatories to Kraus and First Set of Interrogatories to RFM stating that the Interrogatories were improper and premature under the federal and local rules, expressly reserving their right to raise additional responses and objections to the letters, and offering to meet and confer with Apex.

2. On September 21, 2026, RFM served responses and objections to Apex's Second Set of Requests for Production.

3. On September 21, 2026, Apex tentatively agreed to a forensic examiner for the examination of Belinkie's, Callen's, and Hope's personal mobile devices and proposed the Parties jointly meet with the selected examiner to assess the scope of work and determine whether the examination can be appropriately streamlined to reduce expense.

4. On September 25, 2026, Apex sent a letter to the Related Defendants identifying deficiencies in their responses and objections to Apex's Second Set of Requests for Production. The Related Defendants responded on October 14.

5. On September 28, 2026, counsel for third-party FIS informed Apex that it would not respond to Apex's subpoena (which had an original response deadline of July 1, 2026) until the Court lifted its September 22 stay.

6. On September 22, 2026, the Court entered a docket entry "Case Stayed. (anc)," and marked the top right corner of the docket sheet "STAYED." The Court also adjourned the October 2 pre-trial conference "sine die pending resolution of Plaintiff's Motion for Leave to Amend the First Amended Complaint." Dkt. 189.

7. On September 29, 2026, the Employee Defendants and the Related Defendants notified Apex that they interpreted the Court's September 22, 2026 order as a stay of all proceedings, including discovery, and they would not serve responses and objections to Apex's Second Set of Interrogatories, served August 31, 2026 (expressly stating therein that responses were due 30 days later, on September 30, 2026) or otherwise engage in discovery or motion practice until that stay was lifted.

8. On September 29 and October 7 2026, Apex followed up with the Related Defendants regarding their response to Apex's September 15, 2026 letter identifying deficiencies in the Related Defendant's privilege log. The Related Defendants responded on October 7, 2026 that, although they previously understood the case stay to obviate the need to respond to Apex's letter, given the Court's clarification on the case stay, they would provide a response shortly. Apex has not yet received any such response letter.

9. On October 1, 2026, Apex asked the Court to clarify application of the September 22 Stay Order. The Court clarified that the order "only applied as to the motions to dismiss pending resolution of the motion to amend." Defendants Hope, Chaney, and Belinkie served responses and objections to Apex's Second Set of Interrogatories that day. The next day, Defendant Callen served his responses and objections. The Employee Defendants contend that their responses and objections are timely, because they served them immediately after the Court clarified that its stay order only applied to the pending motions to dismiss. Apex contends that the Employee Defendants' responses and objections are untimely, as Chambers clarified that the September 22 Stay Order did not stay all discovery, and Defendants could have sought clarification from the Court in advance of their September 30, 2026 deadline but did not.

10. On October 1, 2026, counsel for Apex informed counsel for third-party Fidelity National Information Services, Inc. ("FIS") that the Court clarified that the September 22 stay did not impact fact discovery. Counsel for Apex then requested an estimated production date from FIS in response to Apex's May 29, 2026 subpoena. On October 13, 2026, counsel for Apex followed up. FIS responded on October 14, unwilling to provide an estimated production date.

11. On October 1, 2026, the Honorable Gary Stein granted the Parties' request for conference concerning Apex's privilege log and the cost of the forensic inspection (Dkt. 190). Judge Stein directed the Parties to file letter submissions previewing the issues and encouraged the parties meet and confer to discuss, *inter alia*, whether a sampling of Apex's privilege log would resolve the dispute or narrow the issues.

12. On October 5, 2026, Apex circulated proposed revisions to the draft protocol governing the forensic examination of Belinkie's, Callen's, and Hope's personal mobile devices and proposed a 50/50 cost-sharing arrangement.

13. On October 7, 2026, the Parties met and conferred regarding the forensic examination and Apex's privilege log. The Parties tentatively agreed to a 50/50 allocation of costs of the examination. Consistent with the Court's October 1 Order (Dkt. 190), Apex proposed the concept of a sampling of its privilege log to address Defendants' concerns, as proposed by Judge Stein in his October 1 Order. Defendants responded that a representative sample of deficient entries would necessarily involve hundreds, and substantially all, of the 800+ entries, which Apex would refuse. Defendants proposed another mechanism for Apex to supplement its log, by providing a categorical log that details the basis for withholding by reasonable categories. Apex refused that alternative, contending that a categorical privilege log would require Apex to re-review and categorize over 800 documents.

14. On October 8, 2026, Apex responded to Related Defendants' September 17 letter responding to Apex's allegations of deficiencies in the Related Defendants' responses and objections to Apex's Second Set of Interrogatories. The Related Defendants intend to respond to the letter in short order.

15. On October 8, 2026, Apex served its Fifth Amended Responses to Employee Defendants' First Set of Interrogatories.

16. On October 8, 2026, Apex sent an email to the Employee Defendants again requesting a meet and confer regarding purported deficiencies in the Employee Defendants' responses and objections to Apex's First Set of Interrogatories. The parties are scheduled to meet and confer on October 20, 2026.

17. On October 9, 2026, the Parties met with the forensic examiner and agreed to provide a forensic protocol so that he could better assess the scope of the examination and provide a more precise cost estimate.

18. On October 13, 2026, the Employee Defendants returned their proposed revisions to the Forensic Inspection Protocol.

19. On October 14, 2026, the forensic examiner provided his proposed revisions to the Forensic Inspection Protocol.

20. On October 15, 2026, Apex informed the Employee Defendants that it would agree to cover 50% of the costs to forensically examine Messrs. Belinkie's, Callen's and Hope's mobile devices, if the Employee Defendants covered the other 50%.

**B. Actions to be Completed in the Next Month by the Parties**

The Parties anticipate continuing to produce responsive documents on a rolling basis. The Parties also anticipate finalizing the forensic inspection protocol for the examination of Messrs.

Belinkie's, Callen's, and Hope's personal mobile devices and continuing to work with the forensic examiner to determine scope and costs.

**C. Disputes Between the Parties**

As more fully described in the Parties' September 15, 2026 Joint Monthly Discovery Report (Dkt. 188), and the Parties' letter briefs on the issues (Dkts. 192–94), the Parties have reached a preliminary agreement regarding cost-sharing but remain at an impasse regarding Apex's privilege log. The Employee Defendants seek to compel Apex to supplement its privilege log to provide narrative descriptions or categorical summaries of the basis for asserting privilege and to challenge the privilege for over 300 documents, including those not sent or received by an attorney. The Parties are scheduled to appear before Judge Stein for a videoconference on October 23, 2026.

Apex served its Second Set of Requests for Production on RFM on August 14, 2026, seeking production within 30 days. RFM served its responses and objections on September 21, 2026, objecting to the 30-day production demand, and stating that it would begin producing documents "as soon as practical," on a rolling basis. As to Request Nos. 15 through 18, RFM also asked Apex to propose additional search terms that Apex believed could lead to non-duplicative discovery. On September 25, Apex responded by letter, disputing certain of RFM's objections and proposing twelve additional search strings directed to Request Nos. 15 through 18. On October 14, the Related Defendants responded by letter enclosing hit reports for each of Apex's proposed search strings and requesting that Apex further narrow its proposed searches before the parties meet and confer.

In their September 17 letter, Related Defendants informed Apex that its Second Set of Interrogatories to Kraus and First Set of Interrogatories to RFM were allegedly improper and premature under the federal and local rules. The Related Defendants' position was not reliant on any understanding that fact discovery, outside of depositions, was stayed. Rather, the Related Defendants object to the Interrogatories on the basis that they purportedly reach beyond the general rules of interrogatories by requesting that the Related Defendants provide "all facts" or describe their knowledge of certain claims and contentions in this action. To the extent that the Interrogatories constitute contention interrogatories, Local Rule 33.3 limits such requests to the end of discovery. The Related Defendants allege that the Interrogatories are also not the most practical way to obtain the information sought, because they purportedly substantially overlap with Apex's previous requests for production, in response to which the Related Defendants have already produced responsive documents, and because depositions would be a more effective way to obtain the detailed information Apex now seeks. The Related Defendants expressly reserved the right to further supplement its responses and objections to the Interrogatories and offered to meet and confer with Apex concerning any remaining issues. Apex contends that the Related Defendants' September 17 letter concerning Apex's Second Set of Interrogatories to Kraus and First Set of Interrogatories to RFM neither answers any interrogatory nor states any interrogatory-specific objection. Accordingly, Apex maintains that the Related Defendants have waived their objections absent a showing of good cause excusing that failure and remain obligated to provide full answers.

Date: October 15, 2026 /s/ *Abigail L. Griffith*

Amy L. Ruhland
Texas Bar No. 24043561
amy.ruhland@pillsburylaw.com
Abigail Griffith
Texas Bar No. 24113585
abby.griffith@pillsburylaw.com
401 W 4th Street, Suite 3200
Austin, TX 78701
(512) 580-9600

Brian L. Beckerman
Stephanie M. Coughlan
31 West 52nd Street
New York, NY 10019
Telephone: 212.858.1000
Fax: 212.858.1500
brian.beckerman@pillsburylaw.com
stephanie.coughlan@pillsburylaw.com

PILLSBURY WINTHROP SHAW PITTMAN LLP

*Attorneys for Apex Group Capital Advisors LLC*

*/s/Nicole Gueron*
Nicole Gueron
David Kimball-Stanley
Elizabeth R. Baggott
CLARICK GUERON REISBAUM LLP
41 Madison Avenue, 23rd Floor
New York, NY 10010
Phone: (212) 633-4310
Fax: (646) 478-9484
ngueron@cgr-law.com
dkimballstanley@cgr-law.com
ebaggott@cgr-law.com
*Attorneys for Defendants Related Fund Management, LLC and James Kraus*

*/s/ Jennifer Rossan*
Samuel J. Lieberman
Jennifer Rossan
Scott C. Ferrier
SADIS & GOLDBERG LLP
551 Fifth Avenue, 21st Floor
New York, NY 10176
(212) 573-6675

*Counsel for Defendant Ryan Hope*

*/s/ Wilson E. Wray*
Wilson E. Wray (pro hac)
Texas State Bar No. 00797700
wwray@atwoodmccall.com
ATWOOD & MCCALL, PLLC
8150 N. Central Expressway, Suite 1100
Dallas, Texas 75206
T: (972) 665-9600
F: (214) 736-2960
Samuel J. Lieberman
Jennifer Rossan
Scott C. Ferrier
SADIS & GOLDBERG LLP
551 Fifth Avenue, 21st Floor
New York, NY 10176
(212) 573-6675
*Attorneys for Defendant Preston Callen*

*/s/ Lauria N. Patton*
SPENCER FANE LLP
Laurie N. Patton (admitted *pro hac vice*)
Elizabeth C. Conway
711 Third Avenue
New York, NY 10017
(212) 907-7300
lpatton@spencerfane.com
econway@spencerfane.com
*Attorneys for Defendant William C. Chaney*

*/s/ Stephanie K. Osteen*
Stephanie K. Osteen (admitted *pro hac vice*)
Caylin Cierra Craig (admitted *pro hac vice*)
FARROW-GILLESPIE HEATH WILMOTH LLP
1900 North St. Paul Street, Suite 2100
Dallas, TX 75201
(214) 361-5600
Samuel J. Lieberman
Jennifer Rossan
Scott C. Ferrier
SADIS & GOLDBERG LLP
551 Fifth Avenue, 21st Floor
New York, NY 10176
(212) 573-6675
*Counsel for Defendant Lucas Belinkie*

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 15, 2026, a copy of the foregoing was served on all counsel of record electronically via ECF.

*/s/ Brian L. Beckerman*
Brian L. Beckerman