CLARICK GUERON REISBAUM

**Nicole Gueron**
ngueron@cgr-law.com
Direct: 212.633.4312

**Via ECF**

October 22, 2026

Hon. Gary Stein
U.S. Magistrate Judge
United States Courthouse
500 Pearl Street, Chambers 702
New York, New York 10007
GSteinNYSDChambers@nysd.uscourts.gov

**Re: *Apex Group Capital Advisors LLC v. Related Fund Management, LLC, et al.*, Case No. 25-cv-08892 — Sealing of Privilege Logs**

Your Honor:

We represent Defendants Related Fund Management, LLC ("RFM") and James Kraus (together, the "Related Defendants"). We write pursuant to the Court's order, dated October 16, 2026, directing the Related Defendants to explain whether their privilege log (filed under seal by Plaintiff Apex Group Capital Advisors LLC ("Apex")) should be maintained under seal. *See* Order, ECF No. 199.

The Related Defendants are (and always have been) willing to concede that their privilege log should not be maintained under seal because there is no "extraordinary circumstance or compelling need to seal the document from public inspection" under the three-part *Lugosch* test. *Howie v. Ernst & Young LLP*, No. 25 Civ. 5973, 2026 WL 836193, at *3 (S.D.N.Y. Mar. 26, 2026) (citation omitted); *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). The Related Defendants agree that their privilege log is a judicial document because it was filed in connection with the current dispute regarding Apex's privilege log. Although the presumption of public access attached to the log "is lower because it pertains to a discovery dispute," *Alix v. McKinsey & Co.*, No. 18 Civ. 4141, 2024 WL 1018450, at *2 (S.D.N.Y. Mar. 8, 2024), here, no countervailing factors outweigh the presumption of public access. Accordingly, the Related Defendants agree that their log need not be maintained under seal and can be filed publicly.

The only reason for this dispute is that when Apex sought leave from the Related Defendants to file their privilege log publicly, the Related Defendants asked Apex to concede the same point, namely, that Apex's log also fails to meet the *Lugosch* standard. In conjunction with the Defendants' filing of their October 9 letters, counsel for the Employee Defendants had filed Apex's log under seal and informed Chambers that "[w]e do not believe that the privilege log meets the applicable standards for sealing" but had provisionally filed it under seal "out of an abundance of caution." Email from S. Ferrier to Stein Chambers (Oct. 9, 2026). The Related Defendants agree that Apex's log does not meet the sealing standard. Thus, in fairness to the parties, when Apex asked the Related Defendants for consent to file their log publicly, the

Related Defendants conditioned their approval on Apex agreeing to the same. Apex refused. On October 20, 2026, the Related Defendants again asked Apex to concede that its log does not satisfy the *Lugosch* sealing standard, or to explain its thinking otherwise. On October 22, Apex responded by refusing to provide any justification for maintaining its log under seal and insisting that it had no obligation to do so.

Apex's log does not satisfy the *Lugosch* standard. Apex's privilege log is a judicial document because it was filed in connection with the parties' dispute concerning its deficiencies and thus there is a presumption of public access. Albeit a lower presumption of public access attaches to documents filed in connection with a discovery dispute, there are no countervailing interests that overcome the presumption here. Specifically, the interests Apex asserts —that its log is "substantially more extensive" than the Related Defendants' log and "contains confidential information concerning matters unrelated to this litigation," Apex Oct. 14 Sealing Ltr. at 2, ECF No. 196—do not overcome the presumption of access.

*First*, Apex's contention that its log is "substantially more extensive" than the Related Defendants' log is incorrect and effectively prejudges the very issue that is pending before the Court: whether the log contains sufficient substantive information for opposing counsel to evaluate its claims of privilege. Apex's argument is internally inconsistent—Apex's log cannot both "not contain narrative descriptions or categorical summaries" of any entry, Apex Oct. 14 Privilege Ltr. at 3, ECF No. 195, and yet simultaneously be "substantially more extensive" than the Related Defendants' log, which *does* contain narrative descriptions of each entry. Apex's argument also fails on the merits. "Information that would normally go into a privilege log and underlying facts, such as that a conversation between a client and their attorney took place, are not privileged." *In re OpenAI, Inc., Copyright Infringement Litig.*, 802 F. Supp. 3d 688, 699 n.16 (S.D.N.Y. 2025); *see also Netrebko v. Metro. Opera Ass'n, Inc.*, No. 23 Civ. 6857, 2026 WL 2112050, at *2 (S.D.N.Y. July 22, 2026) ("[T]he assertion of a 'privilege,' whether it has a basis or not, is not itself privileged. By that logic, the contents of all privilege logs would themselves be privileged.").

*Second*, courts in this District have rejected arguments that a log should be sealed merely because it contains purportedly confidential information without a demonstration of a particular and specific injury from disclosure, which Apex fails to proffer here. *See, e.g.*, *Alix*, 2024 WL 1018450, at *2 ("[T]he fact that the materials are the subject of a confidentiality agreement among the parties is not, without more, a 'valid basis to overcome the presumption.' . . . And while [plaintiff] assert[s] that the materials constitute 'private business information,' [it] fail[s] to make 'a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection.'" (citations omitted)). Even were sealing to apply, it must be narrowly tailored to the interest it protects. *See Lugosch*, 435 F.3d at 120. Apex fails to narrow its purported interest to *any* specific log entries containing confidential or privileged information, in which case discrete redactions could be applied. Instead, Apex offers no basis for why a wholesale sealing of its entire log is necessary.

Accordingly, while the Related Defendants agree that their log can be filed publicly, they respectfully request that the Court order Apex to file its privilege log publicly as well.

Respectfully submitted,

*/s/Nicole Gueron*

Nicole Gueron

cc: All counsel of record (via ECF)