Farrow-Gillespie Heath Wilmoth LLP
1900 N. Pearl Street · Suite 2100 · Dallas, Texas 75201
214.361.5600 · F 214.203.0651 · stephanie.osteen@fghwlaw.com

October 22, 2026

MEMO ENDORSED

**Via ECF**
Hon. Gary Stein
United States Courthouse
500 Pearl Street, Room 702
New York, New York 10007

Re: *Apex Group Capital Advisors LLC v. Related Fund Management et al., No.* 25-cv-08892 (VEC)

Dear Judge Stein:

Pursuant to the Court's order directing Mr. Belinkie to submit a letter explaining why his privilege log should be kept under seal under the standard set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), I write on behalf of Defendant Lucas Belinkie to respond to the Court's order and clarify his position regarding Plaintiff Apex Group Capital Advisors LLC's October 14, 2026 request to file Exhibit D to its letter response under seal (Dkt. 196).

To clarify, Mr. Belinkie does not seek to seal his privilege log. His sole request is for leave to maintain a narrowly tailored redaction of the name of his non-party spouse, which appears twice on the log.

Before filing its October 14 letter, Apex advised counsel that it intended to attach Mr. Belinkie's privilege log as an exhibit and requested his consent to public filing because the log had been designated "CONFIDENTIAL" under the parties' Protective Order. In response, counsel for Mr. Belinkie advised that he had no objection to public filing provided that the name of Mr. Belinkie's spouse was redacted. Apex accommodated that request in the publicly filed version of the log (Dkt. 195-4). Mr. Belinkie respectfully seeks leave to maintain that limited redaction.

Under *Lugosch*, the Court must first determine whether the document at issue is a "judicial document." 435 F.3d at 119. A document is judicial if it "would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). Because Mr. Belinkie's privilege log was submitted to the Court in connection with the parties' discovery dispute, Mr. Belinkie acknowledges that it is a judicial document.

The next question, then, is the weight of the presumption of public access. That weight depends on "the role of the material at issue in the exercise of Article III judicial power and the resultant

value of such information to those monitoring the federal courts." *Lugosch*, 435 F.3d at 119 (quoting *United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1049 (2d Cir. 1995)). Judicial materials fall along "a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Amodeo II*, 71 F.3d at 1049. Where material "play[s] only a negligible role in the performance of Article III duties," the weight of the presumption is correspondingly low. *Id.* at 1050. In the discovery context, the presumption is generally weaker than for materials bearing directly on the adjudication of substantive rights, and thus the countervailing interests supporting sealing or redaction need not be as compelling. *See In re Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Tech. & VerSys Femoral Head Prods. Liab. Litig.*, No. 18-MC-2859 (PAC), 2021 WL 1625390, at *1 (S.D.N.Y. Apr. 27, 2021).

That is the case here. The discovery dispute for which Apex submitted the privilege logs concerns the sufficiency of Apex's privilege log. *See* Apex Letter to Hon. Stein at 3-5 (Dkt. 195). Apex's discussion addresses whether its own log complies with the parties' ESI Protocol, the Federal Rules of Civil Procedure, and the Local Rules, and whether Defendants may require Apex to provide additional narrative descriptions or categorical information. *Id.* Mr. Belinkie's privilege log is mentioned only once, in a footnote observing that his log contained the metadata fields required by the ESI Protocol and an additional "Privilege Justification" column. *Id.* at 3 n.3. Apex does not rely on any particular entry in Mr. Belinkie's log in asking the Court to uphold the sufficiency of its own log, and the identity of Mr. Belinkie's spouse has no connection at all to that issue.

The spouse's identity therefore falls at the lowest end of the *Amodeo II* continuum. It has no tendency to affect the Court's resolution of the pending privilege-log dispute, provides no information useful to evaluating whether Apex's log is sufficient, and adds nothing to the public's ability to understand either the dispute or the Court's resolution of it. *See Brunckhorst v. Bischoff*, No. 21 Civ. 4362 (JPC), 2024 WL 4276201, at *3-4 (S.D.N.Y. Sept. 24, 2024) (recognizing that the presumption is weaker as to material the Court had no need to consider).

At the third and final step, the Court balances the presumption of access against competing considerations, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *Amodeo II*, 71 F.3d at 1050). The Second Circuit has instructed that the privacy interests of non-parties "should weigh heavily in a court's balancing equation." *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987); *see also Amodeo II*, 71 F.3d at 1050-51.

Those privacy considerations outweigh the negligible public interest in disclosure here. Mr. Belinkie's spouse is not a party to this action, and the spouse's identity is unrelated to any claim, defense, discovery issue, or other matter the Court must decide. Disclosure of the name would not assist the public in monitoring the Court's exercise of its judicial function. By contrast, it would disclose personal information concerning a non-party family member who otherwise has no role in this litigation.

Courts in this District have approved precisely this type of limited redaction of non-party identities even where the materials at issue were subject to a substantially stronger presumption of public access than applies here. In *McConkey v. Churchill Sch. & Ctr.*, No. 24 Civ. 6091

(LJL), 2026 WL 1002371, at *2 (S.D.N.Y. Apr. 14, 2026), the Court considered materials submitted in connection with summary judgment and sanctions motions and recognized that the presumption of public access is "at its peak" in the summary-judgment context. Nevertheless, the Court permitted redaction of the names of several categories of nonparties because "[t]he identities of these non-parties are not relevant to the dispute" and third-party privacy interests justified the requested redactions. *Id.* Similarly, in *Perelman v. Visa USA, Inc.*, No. 24-CV-9793 (JHR) (KHP), Dkt. 102, at 6 (S.D.N.Y. June 22, 2026), the Court permitted redaction of personally identifying information concerning nonparties from an operative complaint and materials associated with dispositive motion practice, notwithstanding the strong presumption of public access applicable to those materials. The Court reasoned that the privacy interests of the nonparties were "weighty," that "the public has little legitimate interest in learning the names" of individuals who are not parties to the case, and that "[r]edaction of that limited information is narrowly tailored to protect nonparty privacy while preserving public access to the substance of the parties' dispute." *Id.*; *see also Perelman v. Visa USA, Inc.*, No. 24-CV-9793 (JHR) (KHP), 2026 WL 2520660, at *2 (S.D.N.Y. Aug. 26, 2026) (granting motion to partially seal and reaffirming its prior finding that identifying information concerning nonparties, including names, warranted redaction).

The requested relief here is narrower still. Mr. Belinkie does not seek to withhold the privilege log, any communication identified on it, the basis for any privilege assertion, or any other information bearing on the parties' discovery dispute. He seeks only to redact one non-party name appearing twice. The remainder of the privilege log is publicly available. The requested redaction therefore fully preserves public access to every aspect of the log that could bear on the Court's exercise of its judicial function while protecting the identity of a non-party whose name is irrelevant to the dispute.

Accordingly, Mr. Belinkie respectfully requests that the Court grant leave to maintain the existing redaction of his non-party spouse's name in Dkt. 195-4 and not require public filing of an unredacted version of his privilege log.

Respectfully submitted,

*/s/ Stephanie K. Osteen*

Stephanie K. Osteen

cc: Counsel of record (via ECF)

Application granted. The Court finds that Defendant Belinkie's redactions are warranted for the reasons set forth herein. SO ORDERED.

DATED: October 23, 2026
New York, New York

**Gary Stein**
**United States Magistrate Judge**
**Southern District of New York**