pillsbury

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

Brian L. Beckerman
Tel: +1.212.858.1228
brian.beckerman@pillsburylaw.com

October 30, 2026

**VIA ECF**
Hon. Gary Stein
United States Courthouse
500 Pearl Street, Room 702
New York, New York 10007

**Re:** ***Apex Group Capital Advisors LLC v Related Fund Management, LLC et al.*, No. 25-cv-08892 (VEC)**

Dear Judge Stein:

We write on behalf of Plaintiff Apex Group Capital Advisors LLC ("Apex") in support of its request to redact the name of a single former Apex employee and the circumstances surrounding that individual's departure from Apex from subject lines in its privilege log. Apex has conferred with Defendants regarding the proposed redactions, and Defendants have indicated that they have no objection to the requested relief.

In connection with a discovery dispute, on October 9, 2026, the Employee Defendants filed Apex's privilege log under seal because it was designated "CONFIDENTIAL" under the parties' Protective Order. Dkt. 192-1. Apex does not seek to keep the log sealed in its entirety. Instead, because certain subject lines in the log identify a former Apex employee in connection with the circumstances surrounding that individual's departure from Apex, a matter unrelated to this action, Apex respectfully requests leave to publicly file a version of the log that redacts only that individual's name and departing circumstances, while maintaining the unredacted version under seal. A copy of the proposed redacted privilege log is attached hereto as Exhibit A.

Requests to seal are governed by the *Lugosch* framework. A court must first determine whether a document qualifies as a "judicial document" to which the "presumption of access attaches." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). If the presumption attaches, the court must then determine "the weight of the presumption" and "balance competing considerations against it." *Id.* at 119–20 (quoting *United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1050 (2d Cir. 1995)).

Apex does not dispute that its privilege log is a "judicial document" to which the presumption of access attaches. As explained below, however, the presumption is entitled to only modest weight here, and it is outweighed by the privacy interest of the former employee identified in the log, who is an innocent third party to this action.

The weight given to the presumption depends on "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Amodeo II*, 71 F.3d at 1049. Where, as here, materials are submitted in connection with a discovery dispute, the presumption is entitled to only modest weight. *Ahmed v. City of New York*, No. 22-CV-8007 (JHR) (JW), 2023 WL 8355782, at *2 (S.D.N.Y. Dec. 1, 2023).

Against that modest presumption, the Court must "balance competing considerations." *Amodeo II*, 71 F.3d at 1050. Among those considerations, the privacy interests of innocent third parties "should weigh heavily." *Id.* (quotations omitted). Consistent with that principle, courts in this District have permitted protection of information identifying non-party individuals in privilege logs. *See, e.g.*, *Flynn v. Cable News Network*, No. 21-CV-02587 (GHW) (SLC) (S.D.N.Y. Oct. 11, 2022), ECF No. 87, at 1 (granting request to file privilege log containing "several employees' work email addresses" under seal). Courts have also approved sealing far broader than the single name and departure circumstances at issue here. *See, e.g.*, *Lynx Whole Loan Acquisition LLC v. Caliber Home Loans, Inc.*, No. 25-CV-2948 (NRB) (S.D.N.Y. Mar. 2, 2026), ECF No. 114, at 1 (granting request to seal "detailed information regarding confidential internal communications among [Plaintiff's] personnel and attorneys").

Those privacy considerations favor redacting the non-party employee's name and departure circumstances here. Several entries contain subject lines concerning the circumstances surrounding a former employee's departure from Apex and identify that individual by name. The former Apex employee is an individual who is not a party to this action, is not alleged to have any involvement in the events at issue, and whose identity has no bearing on the discovery dispute before the Court. *See, e.g.*, Sort Nos. 432–35, 437–41. The privacy concern arises from publicly identifying the individual in connection with the circumstances of their departure from Apex. Disclosure would link a private person to employment-related matters that are unrelated to this litigation, without shedding light on the Court's resolution of the discovery dispute. Redacting the individual's name and departing circumstances would protect that privacy interest while leaving remainder of the log available for public review.[1]

[1] Redacting the former employee's name alone would not adequately protect the individual's privacy. The dates and participants identified in the log, together with information concerning the circumstances of the departure, could provide sufficient contextual clues to infer the individual's identity. Redacting the information concerning those circumstances is therefore necessary to prevent indirect identification and protect the same privacy interest.

Finally, Apex's proposed redactions are narrowly tailored. They are limited to the name of a single former employee and information regarding the circumstances of that individual's departure from Apex; the remainder of the log, including all information bearing on the discovery dispute, would be publicly available. Courts in this District have granted similarly targeted relief. *See Ahmed*, 2023 WL 8355782, at *2 (granting targeted sealing to protect the privacy interest of non-party).

For these reasons, Apex respectfully requests that the Court grant Apex leave to publicly file its privilege log with the limited redactions to the former employee's name and the circumstances surrounding that individual's departure as reflected in in Exhibit A, while maintaining the unredacted version at Dkt. 192-1 under seal.

Respectfully submitted,

*/s/ Brian L. Beckerman*
Brian L. Beckerman