**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| APEX GROUP CAPITAL ADVISORS LLC F/K/A SANDSPOINT CAPITAL ADVISORS LLC,<br><br>Plaintiff,<br><br>v.<br><br>RELATED FUND MANAGEMENT, LLC; JAMES KRAUS; LUCAS BELINKIE; PRESTON CALLEN; WILLIAM C. CHANEY; and RYAN HOPE,<br><br>Defendants. | Case No. 25-CV-08892 (VEC) |

**JOINT MONTHLY DISCOVERY REPORT**

Pursuant to the Civil Case Management Plan and Scheduling Order (Dkt. 112), Plaintiff Apex Group Capital Advisors LLC ("Apex") and Defendants Related Fund Management, LLC ("RFM"), James Kraus ("Kraus," and together with RFM, the "Related Defendants"), Lucas Belinkie, Preston Callen, William C. Chaney, and Ryan Hope (the "Employee Defendants," and with the Related Defendants the "Defendants," and together with Apex, the "Parties") submit the following Joint Monthly Discovery Report:

**A. Actions Completed in the Last Month by the Parties**

1. On October 16, 2026, the Court directed the Related Defendants and Mr. Belinkie to submit letters explaining why their privilege logs, filed under seal by Apex, should be kept under seal (Dkt. 199). On October 22, 2026, Mr. Belinkie filed a letter-motion for leave to maintain narrow redactions in his privilege log (Dkt. 203), which the Court granted on October 26, 2026 (Dkt. 204). The Related Defendants also submitted a letter on October 22, 2026, agreeing that their privilege log did not need to be filed under seal and urging the Court to direct Apex to unseal its log (Dkt. 202). On November 4, 2026, the Court directed Apex to file the Related Defendants' unredacted privilege log (Dkt. 208), which Apex did on November 5, 2026 (Dkt. 209).

2. On October 20, 2026, the Parties met and conferred regarding the Employee Defendants' responses to Apex's First Set of Interrogatories, specifically Interrogatory No. 6.

3. On October 20, 2026, Apex followed up with the Employee Defendants regarding Apex's offer to cover 50% of the cost of forensically examining the mobile devices of Messrs. Belinkie, Callen, and Hope. Messrs. Belinkie, Callen, and Hope agreed to

cover the remaining 50%. That same day, the Parties informed the Court that they had reached agreement regarding cost splitting.

4. On October 20, 2026, Apex followed up with the Related Defendants regarding Apex's September 15, 2026 letter identifying deficiencies in the Related Defendants' privilege log. The Related Defendants responded on October 23, 2026, and, consistent with that response, produced an overlay for a prior production and an amended privilege log on October 28, 2026.

5. On October 21, 2026, Apex produced additional documents, an overlay for prior productions, and a corresponding amended privilege log.

6. On October 21, 2026, Apex responded to RFM's October 14, 2026 letter concerning RFM's responses to Apex's First and Second Sets of Requests for Production.

7. On October 23, 2026, the Parties appeared by videoconference before Judge Stein regarding Defendants' motion to compel Apex to revise and supplement its privilege log. The Court granted the motion, directed Apex to revise and supplement its privilege log, and directed the Parties to meet and confer to identify the entries Apex will supplement and to file a joint status report by November 6, 2026. The Court also directed Apex to submit a letter-motion in support of its revised sealing request, which Apex filed on October 30, 2026 (Dkt. 206), and the Court granted on November 4, 2026 (Dkt. 208). These directives and the other issues addressed at the conference are reflected in Judge Stein's October 29, 2026 Order (Dkt. 205).

8. On October 30, 2026, Messrs. Callen and Hope sent Apex a letter identifying purported deficiencies in Apex's document production and interrogatory responses, including (i) version histories and user data for allegedly misappropriated documents, (ii) document transfer, exfiltration and Egnyte information, (iii) forensic images of Employee Defendants' Apex-issued computers, (iv) missing information regarding employee resignations, and (v) complaints from a key Apex client. Apex has not yet responded.

9. On November 2, 2026, the Parties met and conferred regarding the scope of Apex's supplementation of its privilege log. On November 5, 2026, the Parties agreed on the entries for which Apex will provide supplemental descriptions. On November 6, 2026, the Parties filed a joint status letter with the Court regarding this supplementation (Dkt. 210). On November 10, 2026, Judge Stein directed Apex to serve its amended privilege log by no later than November 30, 2026 (Dkt. 211).

10. On November 3, 2026, the Related Defendants responded to Apex's October 8, 2026, letter and served RFM's and Kraus's Responses and Objections to Apex's Interrogatories.

11. On November 5, 2026, Apex and Messrs. Belinkie, Callen, and Hope executed the Forensic Inspection Protocol for imaging Messrs. Belinkie's, Callen's and Hope's mobile devices, and provided the executed protocol to the forensic examiner

12. On November 6, 2026, RFM provided hit reports for Apex's requested search terms and indicated that it expects to provide a further interim update on the burden and proportionality of the search terms the following week as it continues to assess the issues raised in Apex's October 21 letter.

**B. Actions to be Completed in the Next Month by the Parties**

The Parties anticipate continuing to produce responsive documents on a rolling basis. The Parties also anticipate continuing to work with the forensic examiner to finalize an engagement letter for the examination of the personal mobile devices of Messrs. Belinkie, Callen, and Hope and to schedule the imaging of those devices. Pursuant to the Court's November 10, 2026, Order (Dkt. 211), Apex will also serve an amended privilege log by November 30, 2026.

**C. Disputes Between the Parties**

On October 20, 2026, the Parties met and conferred regarding Interrogatory No. 6 of Apex's First Set of Interrogatories to the Employee Defendants. The Employee Defendants maintain that the interrogatories exceed the Rule 33 limit, constitute premature contention interrogatories under Local Civil Rule 33.3(a), and seek information better obtained through depositions and document discovery. Apex contends that Interrogatory No. 6 seeks identifying details concerning documents obtained from or created for Apex or Sandspoint, not contentions, and that Local Civil Rule 33.3(b) governs because discovery is underway. Apex also noted that the Employee Defendants previously served similar interrogatories seeking identification of Apex's confidential information and trade secrets, which Apex answered following the Court's order. To narrow the dispute, Apex offered to clarify that Interrogatory No. 6 extends only to documents that (i) were downloaded from Apex's platform or (ii) on their face indicate they were created by Apex, such as documents bearing Apex's logo or letterhead. On October 27, 2026, the Employee Defendants agreed to consider clarifying language and requested supporting case law. On November 2, 2026, Apex provided both. The Employee Defendants responded on November 10 to that proposed compromise, asking that Apex re-serve the Interrogatory to reflect the proposed clarifying language. Apex responded that it refused to revise or re-serve Interrogatory No. 6, and it asked to confirm whether the Employee Defendants will agree to respond to Interrogatory No. 6 without any revision.

Date: November 16, 2026

/s/ *Brian Beckerman*

Amy L. Ruhland
Texas Bar No. 24043561
amy.ruhland@pillsburylaw.com
Abigail Griffith
Texas Bar No. 24113585
abby.griffith@pillsburylaw.com
401 W 4th Street, Suite 3200
Austin, TX 78701
(512) 580-9600

Brian L. Beckerman
Stephanie M. Coughlan
31 West 52nd Street
New York, NY 10019
Telephone: 212.858.1000
Fax: 212.858.1500
brian.beckerman@pillsburylaw.com
stephanie.coughlan@pillsburylaw.com

PILLSBURY WINTHROP SHAW PITTMAN LLP

*Attorneys for Apex Group Capital Advisors LLC*

*/s/Nicole Gueron*
Nicole Gueron
David Kimball-Stanley
Elizabeth R. Baggott
CLARICK GUERON REISBAUM LLP
41 Madison Avenue, 23rd Floor
New York, NY 10010
Phone: (212) 633-4310
Fax: (646) 478-9484
ngueron@cgr-law.com
dkimballstanley@cgr-law.com
ebaggott@cgr-law.com
*Attorneys for Defendants Related Fund Management, LLC and James Kraus*

*/s/ Smauel J. Lieberman*
Samuel J. Lieberman
Jennifer Rossan
Scott C. Ferrier
SADIS & GOLDBERG LLP
551 Fifth Avenue, 21st Floor
New York, NY 10176
(212) 573-6675
*Counsel for Defendant Ryan Hope*

*/s/ Wilson E. Wray*
Wilson E. Wray (pro hac)
Texas State Bar No. 00797700
wwray@atwoodmccall.com
ATWOOD & MCCALL, PLLC
8150 N. Central Expressway, Suite 1100
Dallas, Texas 75206

T: (972) 665-9600
F: (214) 736-2960
Samuel J. Lieberman
Jennifer Rossan
Scott C. Ferrier
SADIS & GOLDBERG LLP
551 Fifth Avenue, 21st Floor
New York, NY 10176
(212) 573-6675
*Attorneys for Defendant Preston Callen*

*/s/ Laurie N. Patton*
SPENCER FANE LLP
Laurie N. Patton (admitted *pro hac vice*)
Elizabeth C. Conway
711 Third Avenue
New York, NY 10017
(212) 907-7300
lpatton@spencerfane.com
econway@spencerfane.com
*Attorneys for Defendant William C. Chaney*

*/s/ Stephanie K. Osteen*
Stephanie K. Osteen (admitted *pro hac vice*)
Caylin Cierra Craig (admitted *pro hac vice*)
FARROW-GILLESPIE HEATH WILMOTH LLP
1900 North St. Paul Street, Suite 2100
Dallas, TX 75201
(214) 361-5600
Samuel J. Lieberman
Jennifer Rossan
Scott C. Ferrier
SADIS & GOLDBERG LLP
551 Fifth Avenue, 21st Floor
New York, NY 10176
(212) 573-6675
*Counsel for Defendant Lucas Belinkie*

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 16, 2026, a copy of the foregoing was served on all counsel of record electronically via ECF.

*/s/ Brian L. Beckerman*
Brian L. Beckerman